**<u>Exhibit A</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **J & M SALES INC., et al.,** | ) Case No. 18-11801 (___) |
| | ) |
| Debtors.[1] | ) Joint Administration Requested |
| | ) |

## INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION CREDIT FROM CRITICAL VENDORS; (B) APPROVING CRITICAL VENDOR PROGRAM AND GRANTING OF JUNIOR AND SUBORDINATED LIENS TO CRITICAL VENDORS; (C) AUTHORIZING BANKS TO HONOR AND PROCESS RELATED CHECKS AND ELECTRONIC TRANSFERS; (D) SCHEDULING FINAL HEARING; AND (E) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an interim and final orders:  (a) authorizing the Debtors to provide for payment terms of prepetition claims of certain Critical Vendors, including the granting of the Junior Liens pursuant to Bankruptcy Code section 364(c); (b) authorizing financial institutions to honor and process related checks and transfers; and (c) granting any additional relief as is necessary to effectuate the foregoing; and upon the *Declaration of Curt Kroll in Support of Chapter 11 Petitions and First Day Motions* and *Declaration of Marc Bilbao in Support of Debtors' Motions With Respect to DIP Financing, Critical Vendors and Store Closings*; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and it appearing that

---

[1]  The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).  The Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

[2]  Capitalized terms not defined herein shall have the meaning given to them in the Motion.

this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court finding that, pursuant to Bankruptcy Code section, the Debtors, with respect to Critical Vendor Liens: (a) are unable to obtain sufficient financing on more favorable terms; (b) the granting of Critical Vendor Liens is necessary to maximize the value of the Debtors' estates; (c) the terms of the Critical Vendor Liens are fair, reasonable, and appropriate; and (d) entry into the Critical Vendor Agreements and granting of the Critical Vendor Liens reflects the Debtors' sound business judgment; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Motion is GRANTED on an interim basis, as set forth herein.

2.  The Debtors are authorized, but not directed, in their sole discretion and business judgment, to provide for payment of each Critical Vendor Claim on the terms described

in the Motion, provided that the aggregate of postpetition credit extended by the Critical Vendors

shall not exceed $15 million on an interim basis, absent further order of the Court.

       3.      The form of Critical Vendor Agreement attached as **<u>Exhibit C</u>** to the

Motion is approved in its entirety, without the necessity of the execution or recordation of

mortgages, security agreements, pledge agreements, financing statements, notices of lien or

similar instruments in any jurisdiction or the taking of any other action (other than actions

required to qualify under the terms of the Critical Vendor Agreements) to validate and perfect

the security interests and liens granted pursuant to this order for as long as the Critical Vendor

remains in compliance with the terms of the Critical Vendor Agreement.  The Junior Liens

granted to the Critical Vendors shall be junior and subordinated to the Senior Secured Claims

and otherwise shall have the priorities and limitations set forth in the Critical Vendor Agreement.

Until repayment in full of the Senior Secured Claims, the Critical Vendors shall not take any

action with respect to the Critical Vendor Claims or Critical Vendor Liens or take or permit any

other action that is prejudicial to the holders of the Senior Secured Claims and their priority

position and are deemed to consent to any amendment or modification of loan documents

relating to the Senior Secured Claims.  If any holder of a Senior Secured Claim releases a lien on

all or any portion of the Collateral in connection with (i) a sale pursuant to section 363 of the

Bankruptcy Code; (ii) confirmation of a plan of reorganization; or (iii) any sale lease, license,

assignment, exchange, transfer or other disposition of any Collateral under the Uniform

Commercial Code or other applicable state law (each, a "**Sale or Asset Disposition**"), the

Critical Vendors will be deemed to consent to such Sale or Asset Disposition and the Critical

Vendor Liens will be deemed automatically and simultaneously released without further action by any party and shall attach to the proceeds of any Sale or Asset Disposition with the same validity, and priority and to the extent existing immediately prior to such Sale or Asset Disposition. The Debtors are authorized to negotiate, and subject to the approval of the DIP Lenders, modify, or amend the form of Critical Vendor Agreement in their reasonable business judgment. The Debtors are authorized, but not directed, in their sole discretion and business judgment, to grant the Critical Vendor Liens in connection with the relief authorized by this Order.

4.      The Debtors shall condition payment of the Critical Vendor Claims on the execution of a Critical Vendor Agreement, and the Debtors are authorized to enter into such Critical Vendor Agreements when and if the Debtors determine, in the exercise of their business judgment, that doing so is appropriate.

5.      The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for the Critical Vendor Claims that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order; provided that sufficient funds are on deposit in the applicable bank accounts to cover such payments.

6.     The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

7.     Nothing in the Motion or this Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

8.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

9.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.    A final hearing to consider the relief requested in the Motion shall be held on _____, _____ at _____ (Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, and served so as to be actually received on or before _____, _____ at 4:00 p.m. (Eastern Time), and served on the following

5

parties: (i) counsel to the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Peter J. Keane, Esq. and Richard M. Pachulski, Esq.), pkeane@pszjlaw.com and rpachulski@pszjlaw.com; and (b) Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022 (Attn: William Freeman, Esq. and Karen Dine, Esq.), bill.freeman@kattenlaw.com and karen.dine@kattenlaw.com; (ii) counsel to Encina Business Credit, LLC: Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Kevin J. Simard, Esq.); ksimard@choate.com; (iii) counsel to Gordon Brothers Finance Company, as Administrative Agent, one of the Debtors' prepetition secured lenders, Holland & Knight, 10 St. James Avenue, 11th Floor, Boston, MA 02116 (Attn: Jason DelMonico, Esq.); Jason.DelMonico@hklaw.com; (iv) counsel for Israel Discount Bank of New York, as co-administrative agent and one of the Debtors' prepetition secured lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq.); dfiorillo@otterbourg.com; (v) counsel to Michael Fallas, SulmeyerKupetz, 333 South Hope Street, 35th Floor, Los Angeles, CA 90071 (Attn: Victor Sahn, Esq.); vsahn@sulmeyerlaw.com; (vi) the Office of the United States Trustee, J. Caleb Boggs Federal Building, Room 2207, 844 North King Street, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Esq.; richard.schepacarter@usdoj.gov; and (vii) counsel to any official committee appointed in these Chapter 11 Cases.

        12.     If no objections are filed to the Motion, the Court may enter the final order without further notice or hearing.

13.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.


Dated: _____, 2018
        Wilmington, Delaware

        _____
        UNITED STATES BANKRUPTCY JUDGE