**Exhibit B**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| J & M SALES INC., et al., | ) Case No. 18-11801 (___) |
| | ) |
| Debtors.[1] | ) Joint Administration Requested |
| | ) |

### FINAL ORDER (A) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION CREDIT FROM CRITICAL VENDORS; (B) APPROVING CRITICAL VENDOR PROGRAM AND GRANTING OF JUNIOR AND SUBORDINATED LIENS TO CRITICAL VENDORS; (C) AUTHORIZING BANKS TO HONOR AND PROCESS RELATED CHECKS AND ELECTRONIC TRANSFERS; (D) SCHEDULING FINAL HEARING; AND (E) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of

interim and final orders:  (a) authorizing the Debtors to provide for payment terms of prepetition

claims of certain Critical Vendors, including the granting of Junior Liens pursuant to Bankruptcy

Code section 364(c) (b) authorizing financial institutions to honor and process related checks and

transfers; and (c) granting any additional relief as is necessary to effectuate the foregoing; and

upon the *Declaration of Curt Kroll in Support of Chapter 11 Petitions and First Day Motions*;

and *Declaration of Marc Bilbao in Support of Debtors' Motions With Respect to DIP Financing,*

*Critical Vendors and Store Closings* and upon the statements of counsel in support of the relief

requested in the Motion at the hearing before the Court; and it appearing that this Court has

---

[1]  The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

[2]  Capitalized terms not defined herein shall have the meaning given to them in the Motion.

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court finding that, pursuant to Bankruptcy Code section, the Debtors, with respect to Critical Vendor Liens: (a) are unable to obtain sufficient financing on more favorable terms; (b) the granting of Critical Vendor Liens is necessary to maximize the value of the Debtors' estates, (c) the terms of the Critical Vendor Liens are fair, reasonable, and appropriate; and (d) entry into the Critical Vendor Agreements and granting of the Critical Vendor Liens reflects the Debtors' sound business judgment; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis,  as set forth herein.

2.      The Debtors are authorized, but not directed, in their sole discretion and business judgment, to provide for payment of each Critical Vendor Claim on the terms described

2

in the Motion, provided that the aggregate of postpetition credit extended by the Critical Vendors

shall not exceed $40 million on a final basis, absent further order of the Court.

   3.  The form of Critical Vendor Agreement attached as **<u>Exhibit C</u>** to the

Motion is approved in its entirety without the necessity of the execution or recordation of

mortgages, security agreements, pledge agreements, financing statements, notices of lien, or

similar instruments in any jurisdiction or the taking of any other action (other than actions

required to qualify under the terms of the Critical Vendor Agreements) to validate and perfect

the security interests and liens granted pursuant to this order for as long as the Critical Vendor

remains in compliance with the terms of the Critical Vendor Agreement.  The Junior Liens

granted to the Critical Vendors shall be junior and subordinated to the Senior Secured Claims

and otherwise shall have the priorities and limitations set forth in the Critical Vendor Agreement.

Until repayment in full of the Senior Secured Claims, the Critical Vendors shall not take any

action with respect to the Critical Vendor Claims or Critical Vendor Liens or take or permit any

other action that is prejudicial to the holders of the Senior Secured Claims and their priority

position and are deemed to consent to any amendment or modification of loan documents

relating to the Senior Secured Claims.  If any holder of a Senior Secured Claim releases a lien on

all or any portion of the Collateral in connection with (i) a sale pursuant to section 363 of the

Bankruptcy Code; (ii) confirmation of a plan of reorganization; or (iii)  any sale lease, license,

assignment, exchange, transfer or other disposition of any Collateral under the Uniform

Commercial Code or other applicable state law (each, a "**Sale or Asset Disposition**"), the

Critical Vendors will be deemed to consent to such Sale or Asset Disposition and the Critical

Vendor Liens will be deemed automatically and simultaneously released without further action by any party and shall attach to the proceeds of any Sale or Asset Disposition with the same validity, and priority and to the extent existing immediately prior to such Sale or Asset Disposition. The Debtors are authorized to negotiate, and subject to the approval of the DIP Lenders, modify, or amend the form of Critical Vendor Agreement in their reasonable business judgment. The Debtors are authorized, but not directed, in their sole discretion and business judgment, to grant the Critical Vendor Liens in connection with the relief authorized by this Order.

4.      The Debtors shall condition payment of the Critical Vendor Claims on the execution of a Critical Vendor Agreement, and the Debtors are authorized to enter into such Critical Vendor Agreements when and if the Debtors determine, in the exercise of their business judgment, that doing so is appropriate. The Debtors are authorized to negotiate, modify, or amend the form of Critical Vendor Agreement attached to the Motion in their discretion.

5.      Unless otherwise agreed by the Debtors, if a Critical Vendor accepts payment terms, and does not continue its business relationship with the Debtors in accordance with trade terms consistent with those practices most favorable to the Debtors in place during the twelve months before the Petition Date (or as otherwise set forth in, or modified by, a Critical Vendor Agreement), then, so long as the Critical Vendor receives notice and opportunity for a hearing, the Debtors may take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor.

4

6.    The Debtors' banks and financial institutions are authorized to receive, process, honor, and pay all checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for the Critical Vendor Claims that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers, or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers, or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Order; provided that sufficient funds are on deposit in the applicable bank accounts to cover such payments.

7.    The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

8.    Nothing in the Motion or this Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent, or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection, or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

9.      Bankruptcy Rule 6003(b) has been satisfied because the relief requested in

the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

10.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms

and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

12.     This Court shall retain jurisdiction with respect to all matters arising from

or relating to the interpretation or implementation of this Order.

Dated: _____, 2018
       Wilmington, Delaware

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE