**<u>Exhibit C</u>**

**Form of Critical Vendor Agreement**

To: [Critical Vendor]
[Name]
[Address]

_____, 2018

Re: <em>In re J & M Sales Inc., et al.</em>

Dear [Critical Vendor]:

As you are aware, J & M Sales Inc. and certain of its affiliates (collectively, the "<u>Company</u>" or the "<u>Debtors</u>") each filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Chapter 11 Cases</u>" and the "<u>Bankruptcy Court</u>", respectively) on August ___, 2018 (the "<u>Petition Date</u>"). On the Petition Date, the Company requested the Bankruptcy Court's authority to pay the prepetition claims of certain critical vendors in recognition of the importance of the Company's relationship with such critical vendors and its desire that the Chapter 11 Cases have as little effect on the Company's ongoing business operations as possible. On _____, 2018, the Bankruptcy Court entered an order (the "<u>Order</u>") authorizing the Company, under certain conditions, to provide for payment terms on all or portions of the prepetition claims of certain critical vendors that agree to the terms set forth below and to be bound by the terms of the Order. A copy of the Order is enclosed.

For purposes of administration of this critical vendor payment program (the "<u>Critical Vendor Payment Program</u>") as authorized by the Bankruptcy Court, you and the Company both agree as follows:

1. Based on the Company review of its books and records, the amount of your prepetition claim (net of any setoffs, credits or discounts) is $[_____] (the "<u>Prepetition Critical Vendor Claim</u>"), subject to final reconciliation by the Company. You also agree to provide the Company with goods delivered on credit with at least 120-day terms with respect to postpetition goods delivered to the Company.

2. As consideration for your Critical Vendor Claim (defined below) and subject to your agreement to provide credit to the Company with at least 120-day terms (documented through customary invoice procedures) and the satisfaction of and compliance with the terms and conditions set forth in this Agreement, the undersigned hereby grants you (a) a secured, junior and subordinated second lien (a "<u>Second Lien</u>") in all of its rights, title and interest in and to its assets listed in the attached <u>Schedule 1</u> (the "<u>Collateral</u>") as security for the claim in the amount of the agreed-upon cost of goods advanced postpetition by such Critical Vendor to the Debtors (each, a "<u>Second Lien Claim</u>"), which lien is junior and subordinated in priority of payment on the goods provided by the Critical Vendor to the senior secured claims of (i) the senior secured claims of the prepetition lenders, as provided under (A) the <em>Credit Agreement</em> dated as of December 28, 2016, as amended, supplemented, or modified from time to time,

by and among certain of the Debtors, as borrowers, Encina Business Credit, LLC, as administrative agent, collateral agent and lender and Israel Discount Bank of New York, as co-administrative agent and lender, and the other lenders party thereto; (B) the Loan and Security Agreement dated as of June 15, 2016, as amended, supplemented or modified from time to time, by and among certain of the Debtors, as borrowers, Gordon Brothers Finance Company, as administrative agent and lender, and the other lenders party thereto; and (C) the claims of the Debtors' postpetition lenders, including adequate protection claims, provided under the *Interim Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364 And 507 (I) Granting Expedited Relief, (II) Approving Postpetition Financing, (III) Granting Liens And Providing Superpriority Administrative Expense Status, (IV) Authorizing Use Of Cash Collateral, (V) Granting Adequate Protection, (VI) Modifying Automatic Stay, And (VII) Granting Related Relief,* as may be modified pursuant to any final order (the "DIP Order"); (ii) the Prepetition Permitted Liens (as defined in the DIP Order); (iii) the Carve Out (as defined in the DIP Order); and (iv) without duplication, any amounts to Imperial Capital, LLC in accordance with and pursuant to the terms of any order approving its employment entered by the Court in these Chapter 11 Cases (collectively, the claims listed in (i) and (iv) of this paragraph, the "**Senior Secured Claims**");; <u>and</u> (b) a secured, junior and subordinated third lien (a "Third Lien") in the Collateral securing the claim in the amount of a portion of the Critical Vendor's prepetition claim on account to the goods already provided to the Debtors (each, a "Third Lien Claim"), which claim would be third in payment priority after payment of (i) the allowed Senior Secured Claims; and (ii) the allowed Second Lien Claims.

The amount of Third Lien Claim shall equal to the <u>lower</u> of: (i) the full amount of new credit advanced postpetition by such Critical Vendor to the Debtors; or (ii) 60% of the amount of such Critical Vendor's prepetition claim. The Second Lien Claims and Third Lien Claims are collectively referred to herein as the "Critical Vendor Claims"). The Second Lien and the Third Lien are collectively referred to herein as the "Critical Vendor Liens". Postpetition Critical Vendor Claims would be paid in accordance with the 120-day arrangements agreed with the applicable Critical Vendor. The prepetition Third Lien Claims with respect to the Critical Vendor Claims would be payable over forty-eight (48) months with the first payment to all Critical Vendors commencing on or about August 31, 2018, with each monthly payment budgeted in the aggregate amount of $1.25 million.

3.      The Critical Vendor Liens are subject to, junior and subordinated in in all respects to the Senior Secured Claims. You agree that until the repayment in full of the Senior Secured Claims, you shall not take any action with respect to the Critical Vendor Liens, or take or permit any other action that is prejudicial to the holders of the Senior Secured Claims or their priority position over the Critical Vendor Liens. You further agree that if any holder of a Senior Secured Claim releases a lien on all or any portion of the Collateral in connection with any sale or disposition of Collateral, including a sale pursuant to section 363 of

2

the Bankruptcy Code or in connection with confirmation of a plan of reorganization (a "**Sale or Asset Disposition**"), you will be deemed to consent to such Sale or Asset Disposition, and the Critical Vendor Liens will be deemed automatically and simultaneously released and shall attach to the proceeds of any Sale or Asset Disposition with the same validity, and priority and to the extent existing immediately prior to such Sale or Asset Disposition.

4.    You affirm that the amount of your Prepetition Critical Vendor Claim as set forth in paragraph 1 is true and correct as of the Petition Date.

5.    You have not received payment from any other source on account of the Prepetition Critical Vendor Claim.

6.    You agree to waive any prepetition claim against the Company to the extent of the amount of any payment received under the Order.

7.    The undersigned, a duly authorized representative of [Critical Vendor], has reviewed the terms and provisions of the Order and agrees that [Critical Vendor] is bound by such terms.

8.    In consideration for payment of your Critical Vendor Claim on the terms set forth herein, you agree not to file or otherwise assert against the Company, the estates or any other person or entity or any of their respective assets or property (real or personal) any additional liens (regardless of the statute or other legal authority upon which such lien is asserted) related in any way to any remaining pre-bankruptcy amounts allegedly owed to you by the Company arising from agreements entered into prior to the Petition Date.  Furthermore, if you have taken steps to file or assert such additional lien (except with respect to the Critical Vendor Claim, for which the Company reserves its rights to challenge such lien) prior to entering this letter agreement, you agree to take  all necessary steps to remove any such lien as soon as possible.

9.    Any dispute with respect to this letter agreement, the Order and/or your participation in the Critical Vendor Payment Program shall be determined by the Bankruptcy Court.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call.

Sincerely,

[Applicable Debtor]


By:_____
        [Name],

[Title]

Accepted and Agreed
[Critical Vendor]

By its_____

Dated_____

4

## EXHIBIT 1

All of the following property now owned or at any time hereafter acquired or in which is now has or at any time in the future may acquire any right, title or interests is collectively referred to as the "**Collateral**":

(a)  all accounts, chattel paper, deposit accounts, documents (as defined in the UCC), equipment, general intangibles, instruments, inventory, investment property, letter of credit rights and any supporting obligations related to any of the foregoing;

(b)  the commercial tort claims described and on any supplement thereto

(c)  all books and records pertaining to the other property;

(d)  all property of, including all property of every description, in the custody of or in transit for any purpose, including safekeeping, collection or pledge, for the account of or as to which he may have any right or power, including but not limited to cash;

(e)  all other goods (including but not limited to fixtures) and personal property, whether tangible or intangible and wherever located; and

(f)  to the extent not otherwise included, all proceeds of the foregoing.