IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| J & M SALES INC., *et al.*, | ) Case No. 18-11801 (LSS) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) Re: Docket No. 15 |

## INTERIM ORDER (A) ESTABLISHING PROCEDURES FOR RESOLVING RECLAMATION DEMANDS AND (B) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "**Motion**")[2] of J & M Sales Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for the entry of interim and final orders (a) establishing procedures for resolving reclamation demands and (b) granting certain related relief, as more fully set forth in the Motion; and upon consideration of the Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held an interim hearing on the

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. Debtors are authorized to pay their undisputed obligations arising from the post-petition shipment or delivery of Goods by the Sellers pursuant to their customary practices in the ordinary course prior to the commencement of these Chapter 11 Cases.

3. Nothing in this Order, the Motion, or the Reclamation Procedures modifies the automatic stay provisions of section 362 of the Bankruptcy Code with respect to any Goods. No Seller is entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or other appropriate relief.

4. Debtors hereby are authorized to resolve all reclamation demands in accordance with the exclusive Reclamation Procedures set forth below, which are hereby approved and authorized:

>   (a) For purposes of these Reclamation Procedures, the following addresses shall be used for notices required to be sent to such party hereunder:
>
>   (i) Debtors' counsel: (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Courier 19801) (Attn: Peter J. Keane, Esq. and Richard M. Pachulski, Esq.), and (b) Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022 (Attn: William Freeman, Esq. and Karen Dine, Esq.);
>
>   (ii) Counsel for Encina Business Credit, LLC ("**Encina**"): Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Kevin J. Simard, Esq.);

      (iii)    Counsel for Gordon Brothers Finance Company ("**Gordon Brothers**"): Holland & Knight LLP, 10 St. James Avenue, 11th Floor, Boston, MA 02116 (Attn: Jason DelMonico, Esq.);

      (iv)    Counsel for Michael Fallas ("**Fallas**"): SulmeyerKupetz, 333 South Hope Street, 35th Floor, Los Angeles, CA 90071 (Attn: Victor Sahn, Esq.);

      (v)    Office of the United States Trustee (the "**United States Trustee**") for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter, Esq.); and

      (vi)    counsel to any official committee appointed in these Chapter 11 Cases.

(b)    Any Seller asserting a reclamation demand must include the information required by and be filed within the time limits set forth under applicable state law and Bankruptcy Code section 546(c). Further, to promote the efficiency of these Reclamation Procedures, any Seller asserting a reclamation demand is encouraged to include in the demand: (i) a statement by Seller as to whether it has or will assert an administrative claim pursuant to Section 503(b)(9) of the Bankruptcy Code for the value of goods Seller provided to Debtors in the 20 days immediately preceding the Petition Date, and (ii) to the extent known, the amount of the Section 503(b)(9) claim.

(c)    On or before the 60th day after the Petition Date, or such later date established by the Bankruptcy Court, Debtors will file a report (as supplemented, the "**Report**") setting forth Debtors' proposed treatment of any reclamation demands. The Report shall be served on: (i) the United States Trustee; (ii) counsel to any Official Committee of Unsecured Creditors appointed in these cases (the "**Committee**"); (iii) each Seller that is subject to the Report at the address indicated in their reclamation demand; (iv) counsel to Encina; (v) counsel to Gordon Brothers; and (vi) counsel to Fallas (each, a "**Notice Party**" and collectively, the "**Notice Parties**").

(d)    Each Notice Party shall have 14 days from the date of the filing of the Report to file with the Court an objection thereto setting forth in detail the reasons why it objects to the Report (an "**Objection**"). Objections must be served **so as to be received** by: (i) counsel to Debtors; (ii) the United States Trustee; (iii) counsel to the Committee; (iv) counsel to Encina; (v) counsel to Gordon Brothers; (vi) counsel to Fallas; and (vii) any Seller that is affected by the Objection, at the addresses listed above, within such 14 day objection period.

(e) If Debtors become aware of any written reclamation demand that they received that was not included in the Report, Debtors shall file a supplemental Report with the Court within 30 days from the date that Debtors discover such reclamation demand. The supplemental Report must be served so as to be received by the Notice Parties. Each Notice Party shall have 14 days from the date of the filing of the supplemental Report to file with the Court an Objection thereto setting forth in detail the reasons why it objects to the supplemental Report. Objections must be served **so as to be received** by: (i) counsel to Debtors; (ii) the United States Trustee; (iii) counsel to the Committee; (iv) counsel to Encina; (v) counsel to Gordon Brothers; (vi) counsel to Fallas; and (vii) any Seller that is affected by the Objection, at the addresses listed above, within such 14-day objection period.

(f) If no Objection to a Report is filed and served within the time periods set forth above with respect to a particular reclamation demand, then the Report shall be deemed final as to the validity and treatment of such reclamation demand.

(g) If an Objection to a Report is filed and served within the time periods set forth above with respect to a particular reclamation demand, Debtors shall attempt to reach a consensual resolution of such Objection. If no consensual resolution is reached within 14 days after the date of such Objection, unless such period is extended by mutual agreement of Debtors and the party filing the Objection, Debtors shall thereafter file a motion for the Court to resolve such Objection.

(h) Debtors are authorized to negotiate with all Sellers and to reach an agreement with any Seller. In the event that Debtors and a Seller are able to settle on the treatment of the Seller's asserted reclamation demands, Debtors shall file a notice of settlement (the "**Settlement Notice**") with the Court and serve such Settlement Notice on: (i) the United States Trustee; (ii) counsel to the Committee; (iii) counsel to Encina; (iv) counsel to Gordon Brothers; (v) counsel to Fallas; and (vi) any Seller subject to the settlement. The Notice Parties shall have 14 days from the date of the Settlement Notice to file with the Court an objection thereto. Objections must be served so as to be received by: (i) counsel to Debtors; (ii) the United States Trustee; (iii) counsel to the Committee; (iv) counsel to Encina; (v) counsel to Gordon Brothers; (vi) counsel to Fallas; and (vii) any Seller, at the addresses listed above within such 14-day objection period.

(i) If no objection to a Settlement Notice is timely filed and served, the reclamation demand shall be treated in accordance with the Settlement Notice upon filing a certification of no objection with the Court. If an objection is timely filed and served and no consensual resolution of such

4

        objection is reached, Debtors will schedule the matter for an omnibus hearing scheduled in these cases to have the Court resolve such objection.

    (j)    Nothing in the Reclamation Procedures shall affect the automatic stay with respect to any Goods pursuant to Bankruptcy Code section 362(a), nor the procedures, standards, and burden of proof applicable and/or required pursuant to Bankruptcy Code section 362(a) in connection with any attempt by a Seller to obtain possession of any of the Goods. Without limiting the foregoing, no Seller shall, without the express written consent of Debtors, be entitled to reclaim any Goods without first filing a motion with the Court for relief from the automatic stay and except to the extent such motion is granted, and Debtors and all other parties in interest reserve all rights to object to such motion. Sellers shall be prohibited from seeking relief from the stay with respect to any reclamation demand until the time a Report is filed by Debtors with respect to such reclamation demand.

The foregoing Reclamation Procedures shall be the sole and exclusive method for the resolution and payment of reclamation demands asserted against Debtors. All Sellers are hereby prohibited from seeking any other means for the resolution or treatment of their reclamation demands, including, without limitation, (a) commencing adversary proceedings against Debtors or (b) interfering with the delivery of any Goods to Debtors.

5.    Reclamation claims that are determined, in accordance with the procedures described in the Motion, to be valid reclamation claims shall be accorded administrative expense priority under Bankruptcy Code section 503(b)(1); provided, however, that any Seller whose reclamation demand has been determined under the procedures above has not already been accorded administrative expense priority for the same claim or Goods.

6.    Except as may be provided in paragraph 2 herein, notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Seller or any other third party.

7.    A final hearing to consider the relief requested in the Motion shall be held on August 28, 2018 at 10:00 a.m. (Prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or before August 22, 2018 at

5

4:00 p.m. (Prevailing Eastern Time) on the following parties: served on the following parties: (i) counsel to the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Peter J. Keane, Esq. and Richard M. Pachulski, Esq.); pkeane@pszjlaw.com and rpachulski@pszjlaw.com, and (b) Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022 (Attn: William Freeman, Esq. and Karen Dine, Esq.); bill.freeman@kattenlaw.com and karen.dine@kattenlaw.com; (ii) counsel to Encina Business Credit, LLC: Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Kevin J. Simard); (iii) counsel to Gordon Brothers Finance Company, as Administrative Agent, one of Debtors' prepetition secured lenders, Holland & Knight, 10 St. James Avenue, 11th Floor, Boston, MA 02116 (Attn: Jason DelMonico); (iv) counsel for Israel Discount Bank of New York, as co-administrative agent and one of Debtors' prepetition secured lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo); (v) counsel to Michael Fallas, SulmeyerKupetz, 333 South Hope Street, 35th Floor, Los Angeles, CA 90071 (Attn: Victor Sahn, Esq.); (vi) the Office of the United States Trustee, J. Caleb Boggs Federal Building, Room 2207, 844 North King Street, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter, Esq.; and (vii) counsel to any official committee appointed in these Chapter 11 Cases.

8. Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

9. Notwithstanding Bankruptcy Rule 6004(g), if applicable, this Order shall be effective and enforceable immediately upon entry hereof.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: August 8, 2018

*[signature]*
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE