# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>J & M SALES INC., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 18-11801 (LSS)<br>)<br>) Jointly Administered<br>) Re: Doc. No. 228 |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN IMPERIAL CAPITAL, LLC AS INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE AND MODIFYING TIMEKEEPING REQUIREMENTS OF LOCAL RULE 2016-2

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, "**Debtors**") for entry of an order (this "**Order**") authorizing Debtors to employ and retain Imperial Capital, LLC ("**Imperial**") as investment banker for Debtors, *nunc pro tunc* to the Petition Date in connection with their Chapter 11 Cases; and upon consideration of the Kroll Declaration in support of the first day pleadings; and it appearing that this Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being satisfied based on the representations made in the Application and in the Bilbao Declaration that the terms and conditions of Imperial's employment as set forth in the Imperial Engagement Letter and summarized in the Application

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

[2] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Application.

and Bilbao Declaration, are reasonable as required by section 328(a) of the Bankruptcy Code; and Imperial not holding or representing interests adverse to Debtors' estates; Imperial being a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing and all of the proceedings had before the Court; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED to the extent provided herein.

2. Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Imperial as their investment banker in connection with these Chapter 11 Cases in accordance with the terms and conditions set forth in the Application and the Imperial Engagement Letter.

3. The Fee and Expense Structure, as set forth in the Imperial Engagement Letter is approved pursuant to section 328(a) of the Bankruptcy Code and Imperial shall be compensated and reimbursed for its fees and expenses in these Chapter 11 Cases pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Imperial Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines and any applicable orders of this Court.

4. Imperial shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court; provided, however, that Imperial shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Imperial's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code. Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Imperial's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Imperial's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Imperial's fees.

5. The indemnification provisions included in the Imperial Engagement Letter are approved, subject to the following:

    a. No Indemnified Person (as that term is defined in the Imperial Engagement Letter) shall be entitled to indemnification, contribution or reimbursement pursuant to the Imperial Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

    b. The Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Person's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the

3

    Debtors allege breach of an Indemnified Person's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Imperial Engagement Letter, as modified by this Order.

 c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Imperial Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Person for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution and/or reimbursement.

6. The U.S. Trustee retains all rights to object to any request for indemnification.

7. Imperial may be paid their various fees and expenses but only upon the filing of fee applications consistent with the interim compensation order (D.I. 278) in accordance with sections 330, 331 and Federal Rule of Bankruptcy Procedure 2016.

8. Imperial is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and future fee applications as approved by the

court, provided, however, that Imperial shall not seek reimbursement of any fees incurred defending any of Imperial's fee applications in these Chapter 11 Cases.

9. No agreement or understanding exists between Imperial and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Imperial share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

10. Notwithstanding anything in the Application to the contrary, Imperial shall (i) to the extent that Imperial uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that Imperial pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Imperial; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

11. Any limitation of liability pursuant to the terms and conditions set forth in the Imperial Engagement Letter, or otherwise, are hereby eliminated.

12. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Imperial and the structure of Imperial's compensation pursuant to the Imperial Engagement Letter, Imperial and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered

pursuant to the Imperial Engagement Letter, and shall instead be required only to maintain time records of its services rendered for the Committee in one-half hour (0.5) increments.

13. None of the fees payable to Imperial shall constitute a "bonus" or fee enhancement under applicable law.

14. Notwithstanding anything to the contrary in the Application, the Imperial Engagement Letter, or the Bilbao Declaration, during the course of this bankruptcy case, Imperial shall have the fiduciary duties imposed upon it by applicable law.

15. Notwithstanding anything to the contrary in the Engagement Letter, Imperial shall not bill the Debtors for any expense in excess of Imperial's actual incurred costs.

16. At the closing on a transaction pursuant to which Imperial would be entitled to a Restructuring, Sale Transaction or Financing Fee ("**Transaction Fee**") in accordance with the terms of the Imperial Engagement Letter, upon allowance by this Court from the first gross proceeds of such transaction, an amount equal to such Transaction Fee shall be escrowed and held in the trust account of Debtors' counsel (the "**Transaction Fee Escrow**"). Upon Court approval of Imperial's fee application for any such Transaction Fee, such Transaction Fee shall be paid to from the Transaction Fee Escrow free and clear of liens and claims.

17. Notwithstanding any provision in the Imperial Engagement Letter to the contrary, the contribution obligations of the Indemnified Parties (as such term is defined in the Application) shall not be limited to the aggregate amount in excess of the amount of fees actually received by Imperial from Debtors pursuant to the Imperial Engagement Letter, this Order or subsequent orders of this Court.

18. To the extent the Application or the Imperial Engagement Letter is inconsistent with the terms of this Order, the terms of this Order shall govern.

19. Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order.

20. The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

21. Notwithstanding any provision to the contrary in the Application or the Imperial Engagement Letter, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this order.

Dated: September 17th, 2018
Wilmington, Delaware

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:220852.3 59942/002