**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | ) |
| **J & M SALES INC.**, *et al.*, | ) **Chapter 11** |
| | ) **Case No. 18-11801 (LSS)** |
| Debtors.[1] | ) **Jointly Administered** |
| | ) |
| | ) |
| | ) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

J&M Sales, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, (the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

Curt Kroll has signed each set of the Schedules and Statements. Mr. Kroll serves as the Chief Restructuring Officer of each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Kroll has necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Given the scale of the Debtors' business and the number of stores covered by the Schedules and Statements, Mr. Kroll has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors or their officers, employees, agents, or professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their officers, employees, agents, attorneys, or their professionals are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1. **Description of Cases**. On August 6, 2018, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2018, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 73]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the Petition Date.

2. **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2

a.  **No Admission**.  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b.  **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.  **Classifications**.  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

d.  **Claims Description**.   Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e.  **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the Petition Date, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

f.  **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not

3

be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

g.    **Insiders**.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

In the circumstance where the Schedules and Statements require information regarding "insiders", the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Specifically, the Debtors have listed payment information of their Chief Executive Officer, Chief Financial Officer, Directors, and former executives who received payments from the Debtors within one year of the Petition Date.  The Debtors employ other individuals that have officer titles, but the Debtors do not believe that such officers qualify as insiders within the meaning of the Bankruptcy Code.

4.    **Methodology**.

a.    **Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis except as noted on the applicable Schedules/Statements or herein.

b.    **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once.

4

c.    **Net Book Value**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect estimates of net book values as of the Petition Date.  Market values may vary, at some times materially, from net book values.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain the current market values of all their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement or adjust the asset values set forth herein.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.

d.    **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are valued at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.   Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.  The Debtors' inventory is tracked by department and by store, but not by both.  Thus, the inventory amounts set forth in the Schedules and Statements are gross inventory amounts on a Debtor by Debtor basis based upon store inventory allocations as well as a consolidated detail listing of inventory by department that is attached to the Schedules of all operating Debtors.  Inventory is counted on a staggered basis and done annually, by a third party, RGIS.  The Debtors have closing inventory amounts by Debtor as of July 2018.  The Debtors do not have amounts for prior year inventories as they calculate inventory loss as opposed to inventory count and estimate the amount based on the prior year.

e.    **Consolidated Accounts Payable and Disbursements System**.  The Debtors use a centralized cash management system to streamline collection, transfer and disbursement of funds generated by the Debtors' business operations.  The cash management system is operated and maintained by the Debtors' employees.

f.    **Allocation of Liabilities**.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

g.    **Undetermined Amounts**.  The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

5

h.     **Unliquidated Amounts**.  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

i.     **Totals**.   All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

j.     **Paid Claims**.  The Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements with the exception that liabilities with respect to the Debtors' prepetition vendors may be listed at the amount outstanding as of the Petition Date, regardless of whether such claims have been settled and paid postpetition in accordance with any of the "first day" orders entered by the Bankruptcy Court authorizing the payment of prepetition claims.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

k.     **Intercompany Claims**.  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

l.     **Guarantees and Other Secondary Liability Claims**.  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedule G with respect to leases and Schedule D with respect to credit agreements for the affected Debtor or Debtors.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights to amend the Schedules and Statements if additional guarantees are identified.

m.     **Excluded Assets and Liabilities**.   The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred revenue accounts; and certain accrued

6

liabilities including, but not limited to, accrued salaries and employee benefits. Other immaterial assets and liabilities may also have been excluded.

n.  **Liens**.  The inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

o.  **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

p.  **Setoffs**.  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are common to the retail industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.  **Specific Schedules Disclosures**.

a.  **Schedule A/B, Parts 1 and 2 - Cash and Cash Equivalents; Deposits and Prepayments**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of Debtors for Interim and Final Orders (I) Authorizing (A) Continuation of Existing Cash Management System, (B) Maintenance of Existing Business Forms and Bank Accounts, (C) Continuation of Intercompany Transactions, and (D) Payment of Related Prepetition Obligations Pursuant to Sections 105(a), 363(b), and 363(c) of Bankruptcy Code and Bankruptcy Rules 6003 and 6004 and (II) Waiving Requirements of Section 345(b) of Bankruptcy Code* [Docket Nos 7] (the "Cash Management Motion") and any orders of the Bankruptcy Court granting the Cash Management Motion.  As described therein, the Debtors utilize a centralized cash management system.

Additionally, the Bankruptcy Court, pursuant to the *Interim Order (I) Approving Debtors' Proposed Form of Adequate Assurance Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service* [Docket No. 86] (the "Interim Utility Order"), has authorized the Debtors to provide adequate assurance of payment for future utility services.  Such deposits pursuant to the Utility Order are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.  Certain utilities may hold deposits separate and apart from the Interim Utility Order.

b.    **Schedule A/B, Part 4 - Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Ownership interests in subsidiaries have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

c.    **Schedule A/B, Part 7 - Office Furniture, Fixtures, and Equipment; and Collectibles**.  Dollar amounts are presented net of accumulated depreciation and other adjustments.

d.    **Schedule A/B, Part 11 - All Other Assets**.  Dollar amounts are presented net of impairments and other adjustments.

Additionally, the Debtors may receive refunds, income tax refunds or other sales tax refunds at various times throughout their fiscal year.  As of the Petition Date, however, certain of these amounts are unknown to the Debtors, and accordingly, may not be listed in Schedule A/B.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.***  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, or refunds with their customers and suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

e.    **Schedule D - Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 (I) Granting Expedited Relief, (II) Approving Postpetition Financing, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Authorizing Use of Cash Collateral, (V) Granting Adequate Protection, (VI) Modifying Automatic Stay, and (VII) Granting Related Relief* [Docket No. 93], or other stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and

8

priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

f.      **Schedule E/F - Creditors Who Have Unsecured Claims.**

*Part 1 - Creditors with Priority Unsecured Claims*.  Pursuant to the *Interim and Final Orders (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Assessments and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers Pursuant to Sections 105(a), 363(b), 507(a), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004* [Docket Nos. 85 and 283] (the "Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Order may still be listed in Schedule E. The Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

Furthermore, pursuant to the *Interim and Final Orders (I) Authorizing, But Not Directing, Debtors to (A) Pay Certain Accrued Prepetition Wages, (B) Permit Employees to Use Accrued Prepetition Vacation Time, (C) Pay Employees' Prepetition Reimbursable Business Expenses, (D) Make Accrued Prepetition Contributions to Employee Benefit Plan, and (E) Continue Employee Benefit Plan Post-Petition; (II) Authorizing, But not Directing, The Release of Withheld Taxes and Employee Contributions, and (III) Authorizing Related Relief* [Docket Nos 80 and 274] (the "Wage Order"), the Debtors received interim authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed. The amounts listed on Schedule E/F Part 1 are for accrued vacation and PTO that have not been paid pursuant to the Wage Order.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

*Part 2 - Creditors with Nonpriority Unsecured Claims*.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The

9

Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2 reflects liabilities based on the Debtors' books and records.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "unknown" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to amend Schedules D and E/F if and as they receive such invoices.

There are 96 legal actions to which one or more Debtors are parties. Multiple Debtors are often listed as defendants to these legal actions. The Debtors have included the entire list of legal actions on Schedule E/F Part 2 for each Debtor.

g.    **Schedule G - Executory Contracts and Unexpired Leases**. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of

10

their business, such as supplemental agreements, amendments, and letter agreement, which documents may not be set forth in Schedule G.

Certain of the agreements listed on Schedule G may have expired or terminated pursuant to their terms, but are listed on Schedule G in an abundance of caution.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility.  The guaranty obligations arising under these agreements are reflected on Schedule H only.

h.   **Schedule H - Co-Debtors**.  For purposes of Schedule H, only the agent under the prepetition credit facility or counterparties that are subject to a guaranty are listed as Co-Debtors on Schedule H.

6.   **Specific Statements Disclosures.**

a.   **Statements, Part 2, Questions 3 and 4 - Payments to Certain Creditors**.  Prior to the Petition Date, the Debtors maintained a centralized cash management system.  Consequently, all payments to insiders listed in response to Question 4 on each of the Debtors' Statements reflect payments made on a consolidated basis pursuant to the Debtors' cash management system described in the Cash Management Motion.  In addition, for the sake of completeness and out of an abundance of caution, the Debtors have listed all transfers made during the 90-day and 1 year period in their responses to Question3 and 4.

b.   **Statements, Part 2, Question 6 - Setoffs**.  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(p) of these Global Notes.

c.   **Statements, Part 6, Question 11 - Payments Related to Bankruptcy**.  Question 11 on all Statements reflects payments to professionals made on a consolidated basis.

d.      **Statements, Part 13, Question 26 - Books, Records, and Financial Statements**. The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided full lists of these parties in their responses to Statement Question 26.

e.      **Statements, Part 13, Question 27 - Inventories**.  As noted earlier, the Debtors' inventory is tracked by department and by store, but not by both.  Thus, the inventory amounts set forth in the Schedules and Statements are gross inventory amounts on a Debtor by Debtor basis based upon store inventory allocations as well as a consolidated detail listing of inventory by department that is attached to the Schedules of all operating Debtors.  Inventory is counted on a staggered basis and done annually, by a third party, RGIS.  The Debtors have closing inventory amounts by Debtor as of July 2018.  The Debtors do not have amounts for prior year inventories as they calculate inventory loss as opposed to inventory count and estimate the amount based on the prior year.

f.      **Statements, Part 13, Questions 4 and 30 - Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  Distributions by the Debtors to their directors and officers are listed on the attachment to Questions 4 and 30. Certain directors and executive officers of the Debtors are also directors and executive officers of certain Debtor and non-Debtor affiliates.  Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed under Questions 4 and 30 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

g.      **Statements, Part 3, Question 7 - Legal Actions.**  Multiple Debtors are often listed as defendants to the 96 legal actions.  The Debtors have attached the entire list of legal actions to each Debtor.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name    **Southern Island Stores LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **18-11805 (LSS)**

☐ Check if this is an amended filing

# Official Form 207
# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:**    **Income**

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **2/01/2018** to **Filing Date** | ☐ Operating a business<br>■ Other   **Gross Sales** | **$55,179,260.00** |
| **For prior year:**<br>From **2/01/2017** to **1/31/2018** | ☐ Operating a business<br>■ Other   **Gross Sales** | **$121,086,030.00** |
| **For year before that:**<br>From **2/01/2016** to **1/31/2017** | ☐ Operating a business<br>■ Other   **Gross Sales** | **$133,351,688.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|

Debtor    **Southern Island Stores LLC**

Case number *(if known)* **18-11805 (LSS)**

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1.    **See SoFA Attachment 3** | | $4,411,521.98 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.    **See J & M Sales, Inc. for D&O payments** | | $0.00 | |
| 4.2.    **Michael Fallas<br>15001 S. Figueroa Street<br>Gardena, CA 90248<br>Insider** | **05/08/18 -<br>$28,750<br>07/05/18 -<br>$28,570** | $57,500.00 | **Interest payments** |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.    **See SoFA Attachment 7** | | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a

Debtor    **Southern Island Stores LLC**                              Case number *(if known)*  **18-11805 (LSS)**

receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| Part 4: | Certain Gifts and Charitable Contributions |
| --- | --- |

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |

| Part 5: | Certain Losses |
| --- | --- |

10.  **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
| --- | --- | --- | --- |

| Part 6: | Certain Payments or Transfers |
| --- | --- |

11.  **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- | --- |
| 11.1. | **See J & M Sales, Inc.** | | | **$0.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

12.  **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- |

13.  **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor    **Southern Island Stores LLC**                                          Case number *(if known)*  **18-11805 (LSS)**

■ None.

| Who received transfer?<br>Address | Description of property transferred or<br>payments received or debts paid in exchange | Date transfer<br>was made | Total amount or<br>value |
| --- | --- | --- | --- |

---

**Part 7:**    **Previous Locations**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
| --- | --- |

---

**Part 8:**    **Health Care Bankruptcies**

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ■ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services<br>the debtor provides | If  debtor provides meals<br>and housing, number of<br>patients in debtor's care |
| --- | --- | --- |

---

**Part 9:**    **Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ■ No.
    ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or**
    **profit-sharing plan made available by the debtor as an employee benefit?**

    ☐ No. Go to Part 10.
    ■ Yes. Does the debtor serve as plan administrator?

        ■ No Go to Part 10.
        ☐ Yes. Fill in below:

---

**Part 10:**    **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold,
    moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses,
    cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and<br>Address | Last 4 digits of<br>account number | Type of account or<br>instrument | Date account was<br>closed, sold,<br>moved, or<br>transferred | Last balance<br>before closing or<br>transfer |
| --- | --- | --- | --- | --- |

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this
    case.

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Debtor    **Southern Island Stores LLC** _____    Case number *(if known)* __18-11805 (LSS)__

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:**    **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:**    **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**    **Details About the Debtor's Business or Connections to Any Business**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | Southern Island Stores LLC | Case number *(if known)* 18-11805 (LSS) |
| --- | --- | --- |

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number |
| --- | --- | --- |
| | | Do not include Social Security number or ITIN. |
| | | **Dates business existed** |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | | Date of service From-To |
| --- | --- | --- |
| 26a.1. | CohnReznick LLP<br>1900 Avenue of the Stars<br>28th Floor<br>Los Angeles, CA 90067 | **2012 - present** |
| 26a.2. | Spain, Price, Reader<br>& Thompson, P.C.<br>5300 Memorial Drive<br>Suite 940<br>Houston, TX 77007 | **2015 - present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | | Date of service From-To |
| --- | --- | --- |
| 26b.1. | John Luttrell<br>15644 Arnold Drive<br>Sonoma, CA 95476 | **06/06/16 - 11/06/17** |

| Name and address | | Date of service From-To |
| --- | --- | --- |
| 26b.2. | Randy Swanson<br>4369 Vanalden Ave.<br>Tarzana, CA 91356 | **05/21/07 - present** |

| Name and address | | Date of service From-To |
| --- | --- | --- |
| 26b.3. | Maureen Lockwood<br>227 Linden Ave<br>Long Beach, CA 90802 | **07/02/12 - present** |

| Name and address | | Date of service From-To |
| --- | --- | --- |
| 26b.4. | Jacob Kruse<br>2929 W 190th St.<br>Apt. 152<br>Redondo Beach, CA 90278 | **09/12/17 - 08/03/18** |

| Name and address | | Date of service From-To |
| --- | --- | --- |
| 26b.5. | Leonel Godoy<br>3649 River Ave.<br>Long Beach, CA 90810 | **01/03/17 - present** |

Debtor    **Southern Island Stores LLC**
Case number *(if known)* **18-11805 (LSS)**

| Name and address | Date of service From-To |
|---|---|
| 26b.6. **Curt Kroll**<br>**SierraConstellation Partners, LLC**<br>**400 S. Hope Street, #1050**<br>**Los Angeles, CA 90071** | **June 2017 - present** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **SierraConstellation Partners, LLC**<br>**400 S. Hope Street, #1050**<br>**Los Angeles, CA 90071** | |
| 26c.2. **Leonel Godoy**<br>**3649 River Ave.**<br>**Long Beach, CA 90810** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
■ Yes. Give the details about the two most recent inventories.

| | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| 27.1. | **RGIS** | **July 2018** | **$19,815,848 - cost basis** |
| | Name and address of the person who has possession of inventory records | | |
| | **RGIS**<br>**2000 E. Taylor Road**<br>**Auburn Hills, MI 48326** | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Michael Fallas** | **15001 S. Figueroa Street**<br>**Gardena, CA 90248** | **Chief Executive Officer** | **98%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Illiant Fallas** | **15001 S. Figueroa Street**<br>**Gardena, CA 90248** | **Shareholder** | **2%** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | Southern Island Stores LLC | Case number *(if known)* | 18-11805 (LSS) |

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| John Luttrell | 15644 Arnold Drive Sonoma, CA 95476 | Chief Financial Officer | 06/06/16 - 11/06/17 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | See J & M Sales, Inc. | | | |
| | **Relationship to debtor** | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Fallas Stores Holdings, Inc. | EIN:    82-2676052 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Fill in this information to identify the case:**

Debtor name      **Southern Island Stores LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **18-11805 (LSS)**

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in
connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true
and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      September 18, 2018

Signature of individual signing on behalf of the debtor

**Curt Kroll**
Printed name

Position or relationship to debtor    **Chief Restructuring Officer**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☐ No

■ Yes

In re Southern Island Stores, LLC
Case No. 18-11805
SoFA Attachment 3

| Check Number | Name | Check Date | Check Amount |
|---|---|---|---|
| 600119 | 101-115 W 116TH ST REALTY CORP | 5/16/2018 | $33,207.71 |
| 600125 | 101-115 W 116TH ST REALTY CORP | 6/14/2018 | $32,615.21 |
| 117627 | 1204 CORPORATION | 5/8/2018 | $14,583.33 |
| 117580 | 1204 CORPORATION | 5/17/2018 | $14,583.33 |
| 117672 | 1204 CORPORATION | 6/7/2018 | $14,583.33 |
| 117729 | 1204 CORPORATION | 7/5/2018 | $14,583.33 |
| 117628 | 50 BROAD ST CORP | 5/8/2018 | $30,973.00 |
| 117581 | 50 BROAD ST CORP | 5/17/2018 | $30,973.00 |
| 117673 | 50 BROAD ST CORP | 6/7/2018 | $24,166.66 |
| 117730 | 50 BROAD ST CORP | 7/5/2018 | $24,166.66 |
| 117585 | AMHERST STATION LLC | 5/8/2018 | $39,738.74 |
| 117538 | AMHERST STATION LLC | 5/17/2018 | $39,738.74 |
| 117632 | AMHERST STATION LLC | 6/7/2018 | $19,738.74 |
| 117674 | AMHERST STATION LLC | 6/7/2018 | $20,000.00 |
| 117683 | AMHERST STATION LLC | 6/8/2018 | $22,738.74 |
| 117688 | AMHERST STATION LLC | 7/5/2018 | $22,738.74 |
| 117586 | ARIEL BELVEDERE OWNER HOLDINGS LLC | 5/8/2018 | $14,166.67 |
| 117539 | ARIEL BELVEDERE OWNER HOLDINGS LLC | 5/17/2018 | $14,166.67 |
| 117633 | ARIEL BELVEDERE OWNER HOLDINGS LLC | 6/7/2018 | $14,166.67 |
| 117689 | ARIEL BELVEDERE OWNER HOLDINGS LLC | 7/5/2018 | $14,166.67 |
| 600120 | BLDG MANAGEMENT CO INC. | 5/16/2018 | $41,250.00 |
| 600126 | BLDG MANAGEMENT CO INC. | 6/14/2018 | $41,250.00 |
| 117587 | BLDG-ICS OLNEY LLC | 5/8/2018 | $39,813.10 |
| 117540 | BLDG-ICS OLNEY LLC | 5/17/2018 | $39,813.10 |
| 117634 | BLDG-ICS OLNEY LLC | 6/7/2018 | $34,987.91 |
| 117690 | BLDG-ICS OLNEY LLC | 7/5/2018 | $31,250.00 |
| 117631 | BRICKTOWN SQUARE LLC | 5/21/2018 | $11,756.45 |
| 117588 | BRIXMOR SPE 3 LLC | 5/8/2018 | $16,666.67 |
| 117541 | BRIXMOR SPE 3 LLC | 5/17/2018 | $16,666.67 |
| 117589 | CB CHICAGO PARTNERS  LTD | 5/8/2018 | $16,666.66 |
| 117542 | CB CHICAGO PARTNERS  LTD | 5/17/2018 | $16,666.66 |
| 117635 | CB CHICAGO PARTNERS  LTD | 6/7/2018 | $16,666.66 |
| 117691 | CB CHICAGO PARTNERS  LTD | 7/5/2018 | $16,666.66 |
| 117582 | CEDAR - JORDAN LANE LLC | 5/7/2018 | $21,818.81 |
| 117590 | CEDAR - JORDAN LANE LLC | 5/8/2018 | $19,503.74 |
| 117543 | CEDAR - JORDAN LANE LLC | 5/17/2018 | $19,503.74 |
| 117636 | CEDAR - JORDAN LANE LLC | 6/7/2018 | $19,503.74 |
| 117675 | CEDAR - JORDAN LANE LLC | 6/7/2018 | $5,873.44 |
| 117692 | CEDAR - JORDAN LANE LLC | 7/5/2018 | $23,738.56 |

| Check Number | Name | Check Date | Check Amount |
|---|---|---|---|
| 117591 | CEDAR KINGS LLC | 5/8/2018 | $13,990.80 |
| 117544 | CEDAR KINGS LLC | 5/17/2018 | $13,990.80 |
| 117637 | CEDAR KINGS LLC | 6/7/2018 | $13,709.28 |
| 117676 | CEDAR KINGS LLC | 6/7/2018 | $10,919.58 |
| 117693 | CEDAR KINGS LLC | 7/5/2018 | $17,069.61 |
| 117592 | CHARLOTTE (ARCHDALE) LLC | 5/8/2018 | $12,729.13 |
| 117545 | CHARLOTTE (ARCHDALE) LLC | 5/17/2018 | $12,729.13 |
| 117638 | CHARLOTTE (ARCHDALE) LLC | 6/7/2018 | $12,755.11 |
| 117694 | CHARLOTTE (ARCHDALE) LLC | 7/5/2018 | $12,700.57 |
| 117583 | CONCORD BUYING GROUP INC | 5/7/2018 | $18,047.04 |
| 117593 | CONCORD BUYING GROUP INC | 5/8/2018 | $12,331.00 |
| 117546 | CONCORD BUYING GROUP INC | 5/17/2018 | $12,331.00 |
| 117639 | CONCORD BUYING GROUP INC | 6/7/2018 | $12,331.00 |
| 117677 | CONCORD BUYING GROUP INC | 6/7/2018 | $18,047.04 |
| 117695 | CONCORD BUYING GROUP INC | 7/5/2018 | $12,331.00 |
| 117594 | DEL LLC | 5/8/2018 | $18,867.08 |
| 117547 | DEL LLC | 5/17/2018 | $18,867.08 |
| 117640 | DEL LLC | 6/7/2018 | $14,035.17 |
| 117696 | DEL LLC | 7/5/2018 | $14,035.17 |
| 117595 | EAST FOREST PLAZA II LLC | 5/8/2018 | $21,636.10 |
| 117548 | EAST FOREST PLAZA II LLC | 5/17/2018 | $21,636.10 |
| 117641 | EAST FOREST PLAZA II LLC | 6/7/2018 | $21,636.10 |
| 117697 | EAST FOREST PLAZA II LLC | 7/5/2018 | $21,636.10 |
| 117596 | EDGEWOOD STATION LLC | 5/8/2018 | $12,500.00 |
| 117549 | EDGEWOOD STATION LLC | 5/17/2018 | $12,500.00 |
| 117642 | EDGEWOOD STATION LLC | 6/7/2018 | $12,500.00 |
| 117678 | EDGEWOOD STATION LLC | 6/7/2018 | $5,500.01 |
| 117698 | EDGEWOOD STATION LLC | 7/5/2018 | $12,500.00 |
| 600117 | FORDHAM VALENTINE ASSOCIATES | 5/16/2018 | $75,000.00 |
| 600123 | FORDHAM VALENTINE ASSOCIATES | 6/14/2018 | $75,000.00 |
| 117597 | FRAYER ENTERPRISE  LLC | 5/8/2018 | $10,536.71 |
| 117550 | FRAYER ENTERPRISE  LLC | 5/17/2018 | $10,536.71 |
| 117643 | FRAYER ENTERPRISE  LLC | 6/7/2018 | $10,407.06 |
| 117679 | FRAYER ENTERPRISE  LLC | 6/7/2018 | $19,511.13 |
| 117699 | FRAYER ENTERPRISE  LLC | 7/5/2018 | $10,407.06 |
| 117731 | FRAYER ENTERPRISE  LLC | 7/5/2018 | $20,000.00 |
| 117537 | G&I IX EMPIRE DELAWARE CONSUMER | 5/3/2018 | $8,000.00 |
| 117598 | G&I IX EMPIRE DELAWARE CONSUMER | 5/8/2018 | $23,945.16 |
| 117551 | G&I IX EMPIRE DELAWARE CONSUMER | 5/17/2018 | $23,945.16 |
| 117644 | G&I IX EMPIRE DELAWARE CONSUMER | 6/7/2018 | $23,945.16 |
| 117700 | G&I IX EMPIRE DELAWARE CONSUMER | 7/5/2018 | $23,945.16 |
| 117599 | G&I IX EMPIRE THRUWAY PLAZA LLC | 5/8/2018 | $16,149.08 |
| 117552 | G&I IX EMPIRE THRUWAY PLAZA LLC | 5/17/2018 | $16,149.08 |

| Check Number | Name | Check Date | Check Amount |
|---|---|---|---|
| 117645 | G&I IX EMPIRE THRUWAY PLAZA LLC | 6/7/2018 | $16,202.03 |
| 117680 | G&I IX EMPIRE THRUWAY PLAZA LLC | 6/7/2018 | $10,274.07 |
| 117701 | G&I IX EMPIRE THRUWAY PLAZA LLC | 7/5/2018 | $16,330.42 |
| 117732 | G&I IX EMPIRE THRUWAY PLAZA LLC | 7/5/2018 | $10,000.00 |
| 600118 | GERTZ PLAZA ACQUISITION 2 LLC | 5/16/2018 | $66,244.64 |
| 600124 | GERTZ PLAZA ACQUISITION 2 LLC | 6/14/2018 | $58,639.71 |
| 117600 | HAIRSTON INVESTORES  LLC | 5/8/2018 | $21,833.15 |
| 117553 | HAIRSTON INVESTORES  LLC | 5/17/2018 | $21,833.15 |
| 117702 | HAIRSTON INVESTORES  LLC | 7/5/2018 | $4,810.47 |
| 117601 | HIGHLAND PLAZA IMPROVEMENTS | 5/8/2018 | $11,404.71 |
| 117554 | HIGHLAND PLAZA IMPROVEMENTS | 5/17/2018 | $11,404.71 |
| 117646 | HIGHLAND PLAZA IMPROVEMENTS | 6/7/2018 | $11,404.71 |
| 117703 | HIGHLAND PLAZA IMPROVEMENTS | 7/5/2018 | $20,154.53 |
| 117602 | IRC RETAIL CENTERS | 5/8/2018 | $3,713.58 |
| 117555 | IRC RETAIL CENTERS | 5/17/2018 | $3,713.58 |
| 117647 | IRC RETAIL CENTERS | 6/7/2018 | $3,713.58 |
| 117685 | IRC RETAIL CENTERS | 6/19/2018 | $18,047.04 |
| 117687 | IRC RETAIL CENTERS | 6/19/2018 | $18,047.04 |
| 117704 | IRC RETAIL CENTERS | 7/5/2018 | $3,713.58 |
| 117603 | IRONDEQUOIT TK OWNER LLC | 5/8/2018 | $22,083.33 |
| 117556 | IRONDEQUOIT TK OWNER LLC | 5/17/2018 | $22,083.33 |
| 117648 | IRONDEQUOIT TK OWNER LLC | 6/7/2018 | $22,083.33 |
| 117705 | IRONDEQUOIT TK OWNER LLC | 7/5/2018 | $22,083.33 |
| 117604 | KDI ATLANTA MALL  LLC | 5/8/2018 | $14,883.33 |
| 117557 | KDI ATLANTA MALL  LLC | 5/17/2018 | $14,883.33 |
| 117649 | KDI ATLANTA MALL  LLC | 6/7/2018 | $14,883.33 |
| 117706 | KDI ATLANTA MALL  LLC | 7/5/2018 | $14,883.33 |
| 117605 | KOP PERKINS FARM MARKETPLACE LLC | 5/8/2018 | $22,565.50 |
| 117558 | KOP PERKINS FARM MARKETPLACE LLC | 5/17/2018 | $22,565.50 |
| 117650 | KOP PERKINS FARM MARKETPLACE LLC | 6/7/2018 | $21,527.06 |
| 117707 | KOP PERKINS FARM MARKETPLACE LLC | 7/5/2018 | $21,527.06 |
| 117733 | KOP PERKINS FARM MARKETPLACE LLC | 7/5/2018 | $12,497.39 |
| 117651 | MADISON CENTER OWNER  LLC | 6/7/2018 | $27,500.00 |
| 117708 | MADISON CENTER OWNER  LLC | 7/5/2018 | $13,750.00 |
| 117606 | MALWAY REALTY ASSOCIATES LP | 5/8/2018 | $40,109.91 |
| 117559 | MALWAY REALTY ASSOCIATES LP | 5/17/2018 | $40,109.91 |
| 117652 | MALWAY REALTY ASSOCIATES LP | 6/7/2018 | $17,467.83 |
| 117681 | MALWAY REALTY ASSOCIATES LP | 6/7/2018 | $11,113.06 |
| 117709 | MALWAY REALTY ASSOCIATES LP | 7/5/2018 | $17,467.83 |
| 117584 | MERRIMAC INCOME PARTNERS LP | 5/7/2018 | $11,716.13 |
| 117607 | MERRIMAC INCOME PARTNERS LP | 5/8/2018 | $29,301.93 |
| 117560 | MERRIMAC INCOME PARTNERS LP | 5/17/2018 | $29,301.93 |
| 117653 | MERRIMAC INCOME PARTNERS LP | 6/7/2018 | $29,301.93 |

| Check Number | Name | Check Date | Check Amount |
|---|---|---|---|
| 117710 | MERRIMAC INCOME PARTNERS LP | 7/5/2018 | $29,301.93 |
| 117608 | MICHAEL FALLAS | 5/8/2018 | $28,750.00 |
| 117561 | MICHAEL FALLAS | 5/17/2018 | $28,750.00 |
| 117654 | MICHAEL FALLAS | 6/7/2018 | $28,750.00 |
| 117711 | MICHAEL FALLAS | 7/5/2018 | $28,750.00 |
| 117734 | MID-AMERICA ASSET MANAGEMENT  INC | 7/16/2018 | $20,154.53 |
| 117609 | NEW WESTGATE MALL LLC | 5/8/2018 | $37,204.28 |
| 117562 | NEW WESTGATE MALL LLC | 5/17/2018 | $37,204.28 |
| 117655 | NEW WESTGATE MALL LLC | 6/7/2018 | $31,174.85 |
| 117712 | NEW WESTGATE MALL LLC | 7/5/2018 | $31,614.85 |
| 117610 | NORTH & CICERO DEVELOPMENT LLC | 5/8/2018 | $48,379.50 |
| 117563 | NORTH & CICERO DEVELOPMENT LLC | 5/17/2018 | $48,379.50 |
| 117656 | NORTH & CICERO DEVELOPMENT LLC | 6/7/2018 | $49,144.68 |
| 117713 | NORTH & CICERO DEVELOPMENT LLC | 7/5/2018 | $49,144.68 |
| 600121 | NORTH RIVERSIDE PARK ASSOCIATES LLC | 5/16/2018 | $36,456.30 |
| 117611 | PJR PROPERTIES  LLC | 5/8/2018 | $17,905.54 |
| 117564 | PJR PROPERTIES  LLC | 5/17/2018 | $17,905.54 |
| 117657 | PJR PROPERTIES  LLC | 6/7/2018 | $16,435.83 |
| 117714 | PJR PROPERTIES  LLC | 7/5/2018 | $16,435.83 |
| 117612 | PROFESSIONAL PROPERTIES OF | 5/8/2018 | $21,500.00 |
| 117565 | PROFESSIONAL PROPERTIES OF | 5/17/2018 | $21,500.00 |
| 117658 | PROFESSIONAL PROPERTIES OF | 6/7/2018 | $21,500.00 |
| 117715 | PROFESSIONAL PROPERTIES OF | 7/5/2018 | $21,500.00 |
| 117613 | PUTNAM PLACE IMPROVEMENTS  LLC | 5/8/2018 | $3,126.27 |
| 117566 | PUTNAM PLACE IMPROVEMENTS  LLC | 5/17/2018 | $3,126.27 |
| 117659 | PUTNAM PLACE IMPROVEMENTS  LLC | 6/7/2018 | $2,479.38 |
| 117716 | PUTNAM PLACE IMPROVEMENTS  LLC | 7/5/2018 | $2,442.69 |
| 117614 | REMO TARTAGLIA ASSOCIATES | 5/8/2018 | $22,857.50 |
| 117567 | REMO TARTAGLIA ASSOCIATES | 5/17/2018 | $22,857.50 |
| 117660 | REMO TARTAGLIA ASSOCIATES | 6/7/2018 | $22,857.50 |
| 117717 | REMO TARTAGLIA ASSOCIATES | 7/5/2018 | $22,857.50 |
| 600122 | ROCKAWAY REALTY ASSOCIATES  L.P. | 5/16/2018 | $35,741.00 |
| 600128 | ROCKAWAY REALTY ASSOCIATES  L.P. | 6/14/2018 | $35,635.00 |
| 117615 | S&S SHOPPING CENTERS LTD | 5/8/2018 | $18,750.00 |
| 117568 | S&S SHOPPING CENTERS LTD | 5/17/2018 | $18,750.00 |
| 117661 | S&S SHOPPING CENTERS LTD | 6/7/2018 | $18,750.00 |
| 117718 | S&S SHOPPING CENTERS LTD | 7/5/2018 | $18,750.00 |
| 117616 | SHOP CITY PW/LB LLC | 5/8/2018 | $14,583.34 |
| 117569 | SHOP CITY PW/LB LLC | 5/17/2018 | $14,583.34 |
| 117662 | SHOP CITY PW/LB LLC | 6/7/2018 | $16,666.67 |
| 117719 | SHOP CITY PW/LB LLC | 7/5/2018 | $18,750.00 |
| 117617 | STOCKBRIDGE MADISON LLC | 5/8/2018 | $13,750.00 |
| 117570 | STOCKBRIDGE MADISON LLC | 5/17/2018 | $13,750.00 |

| Check Number | Name | Check Date | Check Amount |
|---|---|---|---|
| 117618 | THE STOP & SHOP SUPERMARKET CO LLC | 5/8/2018 | $52,836.63 |
| 117571 | THE STOP & SHOP SUPERMARKET CO LLC | 5/17/2018 | $52,836.63 |
| 117663 | THE STOP & SHOP SUPERMARKET CO LLC | 6/7/2018 | $58,985.36 |
| 117686 | THE STOP & SHOP SUPERMARKET CO LLC | 6/19/2018 | $270.00 |
| 117720 | THE STOP & SHOP SUPERMARKET CO LLC | 7/5/2018 | $58,985.36 |
| 117619 | THOR SOUTH DEKALB RETAIL LLC | 5/8/2018 | $20,000.00 |
| 117572 | THOR SOUTH DEKALB RETAIL LLC | 5/17/2018 | $20,000.00 |
| 117664 | THOR SOUTH DEKALB RETAIL LLC | 6/7/2018 | $20,000.00 |
| 117684 | THOR SOUTH DEKALB RETAIL LLC | 6/14/2018 | $20,000.00 |
| 117721 | THOR SOUTH DEKALB RETAIL LLC | 7/5/2018 | $20,000.00 |
| 117620 | TOWER IMPROVEMENTS LLC | 5/8/2018 | $34,427.64 |
| 117629 | TOWER IMPROVEMENTS LLC | 5/8/2018 | $13,221.83 |
| 117573 | TOWER IMPROVEMENTS LLC | 5/17/2018 | $34,427.64 |
| 117665 | TOWER IMPROVEMENTS LLC | 6/7/2018 | $13,221.83 |
| 117722 | TOWER IMPROVEMENTS LLC | 7/5/2018 | $13,221.83 |
| 117621 | UTICA MZL LLC | 5/8/2018 | $17,056.67 |
| 117574 | UTICA MZL LLC | 5/17/2018 | $17,056.67 |
| 117666 | UTICA MZL LLC | 6/7/2018 | $16,666.67 |
| 117723 | UTICA MZL LLC | 7/5/2018 | $16,666.67 |
| 117622 | WASA PROPERTIES SOUTHLAKE PAVILLION | 5/8/2018 | $10,967.63 |
| 117630 | WASA PROPERTIES SOUTHLAKE PAVILLION | 5/8/2018 | $10,692.15 |
| 117575 | WASA PROPERTIES SOUTHLAKE PAVILLION | 5/17/2018 | $10,967.63 |
| 117667 | WASA PROPERTIES SOUTHLAKE PAVILLION | 6/7/2018 | $10,467.41 |
| 117724 | WASA PROPERTIES SOUTHLAKE PAVILLION | 7/5/2018 | $10,486.49 |
| 117623 | WESGOLD LLC | 5/8/2018 | $20,833.01 |
| 117576 | WESGOLD LLC | 5/17/2018 | $20,833.01 |
| 117668 | WESGOLD LLC | 6/7/2018 | $20,833.01 |
| 117725 | WESGOLD LLC | 7/5/2018 | $20,833.01 |
| 117624 | WESTERN LIGHTS PROPERTIES  LLC | 5/8/2018 | $8,333.33 |
| 117577 | WESTERN LIGHTS PROPERTIES  LLC | 5/17/2018 | $8,333.33 |
| 117669 | WESTERN LIGHTS PROPERTIES  LLC | 6/7/2018 | $12,500.00 |
| 117726 | WESTERN LIGHTS PROPERTIES  LLC | 7/5/2018 | $12,500.00 |
| 117625 | WHLP JANAF  LLC | 5/8/2018 | $23,270.03 |
| 117578 | WHLP JANAF  LLC | 5/17/2018 | $23,270.03 |
| 117670 | WHLP JANAF  LLC | 6/7/2018 | $23,270.03 |
| 117682 | WHLP JANAF  LLC | 6/7/2018 | $23,369.73 |
| 117727 | WHLP JANAF  LLC | 7/5/2018 | $23,270.03 |
| 117626 | WOOD STONE IV HOLDINGS ROTTERDAM LL | 5/8/2018 | $13,333.33 |
| 117579 | WOOD STONE IV HOLDINGS ROTTERDAM LL | 5/17/2018 | $13,333.33 |
| 117671 | WOOD STONE IV HOLDINGS ROTTERDAM LL | 6/7/2018 | $13,333.33 |
| 117728 | WOOD STONE IV HOLDINGS ROTTERDAM LL | 7/5/2018 | $13,333.33 |
| | **Total** | | **$4,411,521.98** |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLAINTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| • Cooke v. Fallas National Stores, Inc. <br>• RPNA File No.: 10005.99.148 | • Virginia EEOC Case No: 437-2018-00422; <br>• Employment discrimination; | • Fallas National Stores, Inc. | U.S. Equal Employment Opportunity Commission <br>Marietta Blueford <br>Norfolk Local Office <br>200 Granby St., Suite 739 <br>Norfolk, VA 23510 | • Donna Cooke | • Equal Employment Opportunity Commission | Settled |
| 3 Weiii Trading Company LTD v. National Stores, Inc. | Demand for Reclamation of Goods: $324,298.32; <br>$163,843.72 within 45 days of Bankruptcy | (1) National Stores, Inc. <br>(2) J&M Sales, Inc. <br>(3) J&M Sales of Texas, LLC <br>(4) FP Stores <br>(5) Southern Island Stores <br>(6) Southern Island Retail Stores <br>(7) Caribbean Island Stores <br>(8) Pazzo FNB Corp. <br>(9) Pazzo Management <br>(10) Fallas Stores Holdings | Daren Brinkman, Esq. <br>Brinkman Portillo Ronk, APC <br>4333 Park Terrace Drive, Suite 205 <br>Westlake Village, CA 91361 Tel: (818) 597-2992 | 3 Weiii Trading Company LTD | Demand for Reclamation of Goods | Pending |
| Anthony v. Factory 2-U (Fallas Discount Stores) <br>RPNA File No.: 10005.99.132 | CA/ No case filed. <br>Employment discrimination | Factory 2 - U (Fallas Discount Stores) | Andrew Athanassious <br>The Athanassious Law Office <br>P.O. Box 1145, <br>Folsom, CA 95763 <br>Tel: (916) 587-1457 | Marvin Anthony | Threatened | Resolved |
| Arkwright, LLC v. National Stores, Inc. <br>Case No. 2:18-cv-02341-PD | Lawsuit for Cost of Goods Sold; U.S. District Court for the Eastern District on Pennsylvania | National Stores, Inc. dba Factory 2-U and Fallas | Michael B. Dublin, Esq. <br>Semanoff Ormsby, Esq. <br>Greenberg & Torchia, LLC <br>2617 Huntingdon Pike, <br>Huntingdon Valley PA 19006 <br>Tel: (215) 887-2658 | Arkwright, LLC | Civil Action | Settled |
| Armstrong v. Fallas Discount Stores <br>RPNA File No.: 10005.99.142 | CA/ No case filed. <br>Employment discrimination | Fallas Discount Stores | Lawyers for Employee & Consumer Rights <br>Saima Aslam <br>4100 West Alameda Ave., 3rd Fl. <br>Burbank, CA 91505 <br>Tel: (323) 375-5101 <br>Fax: (323) 306-5571 | Monika Armstrong | Threatened | N/A |
| Banks, Renee v. National Stores, Inc. <br>Charge No. 2017CN0054 | Illinois Department of Human Rights Letter Re: Commence a civil action within 90 days       100 West Randolph Street,       James R. Thompson Center,       Suite 10-100 Chicago, IL 60601  (312) 814-6200 | National Stores, Inc. | Jonathan DeLozano, Esq. <br>LAF Chicago <br>120 S. LaSalle Street, <br>Suite 900 <br>Chicago, IL 60603 | Renee Banks | Right to Sue Letter Dated: 06/06/18 | Pending |
| Basicline International Ltd. v. National Stores, Inc. | Demand for Reclamation of Goods: $1,207,366.82; $492,882.40 within 45-Days of bankruptcy filing | National Stores, Inc. | Edward E, Neiger, Esq. <br>ask LLP <br>151 West Madison Avenue, <br>Fourth Floor, <br>New York, NY 10036 <br>Tel: (212) 267-7342 | Basicline International, Inc. | Demand for Reclamation of Goods | Pending |
| BBC International, Inc. v. National Stores, Inc. dba Fallas Stores       Case No. 502018-CA-07756 | Lawsuit file 06/20/2018 <br>Florida 15th Judicial Circuit in and for Palm Beach County (West Palm Beach, FL) <br>(1) Breach of Contract; <br>(2) Open Account; <br>(3) Account Stated; <br>(4) Goods Sold | National Stores, Inc. dba Fallas Stores | Steven L. Beiley, Esq. <br>Aaronson, Schantz, Beiley, PA <br>One Biscane Tower, <br>34th Floor <br>2 South Biscayne Boulevard <br>Miami, Florida 33131 <br>Tel: (305) 200-5322 | BBC International, Inc. | Lawsuit - non-payment for production | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLANTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Beaulieu v. National Stores, Inc. RPNA File No.: 10005.G | Illinois Case, AAA Case No. 01-18-0000-7733; Employment discrimination; | National Stores, Inc. | Penelope M. Lechtenberg, Esq. Lechtenberg & Associates LLC 1235 N. Mulford Rd. Suite 208 Rockford, IL 61107 Tel: (779) 210-2940 Fax: (779) 210-2941 | Brian Beaulieu | Arbitration | Pending |
| Bobens Trading Co., Inc. v. National Stores, Inc. | Collection Action for: $423,581.00 | National Stores, Inc. | Todd A. Gabor, Esq. 132 Spruce Street Cedarhurst, New York 11516 Tel: (516) 295-2070 | Bobens Trading Co., Inc. | Collection Action | Pending |
| Brooklyn Cloth, LLC v. National Stores, Inc. | Demand for Reclamation of Goods $270,430.80 | National Stores, Inc. | Ken Rugg, CFO Brooklyn Cloth, LLC 1385 Broadway New York, NY 11018 | Brooklyn Cloth, LLC | Demand for Reclamation of Goods | Pending |
| Brown v. Fallas Paredes Discount Stores RPNA File No.: 10005.99.152 | CA/ No case filed. Employment discrimination | National Stores, Inc. | Lawyers for Employee & Consumer Rights Elida M. Espinoza 4100 West Alameda Ave., 3rd Fl. Burbank, CA 91505 Tel: (323) 375-5101 Fax: (323) 306-5571 | Sandra Brown | Threatened | Pending |
| Cal/OSHA v. National Stores, Inc. Citation No. 1280714 | OSHA civil penalties $70,765.00 | National Stores, Inc. | DIR Accounting Office Accounts Receivables - OSHA PO Box 420603 San Francisco, CA 94142 Tel: (415) 703-4291 | Cal/OSHA | Notice of civil penalties owed | Pending |
| California Capital Insurance Co. v. Fallas Store Holdings, Inc., et al.    Case No. 18STLC05978 | Subrogation lawsuit;    LASC Limited Jurisdiction | (1) Fallas Store Holdings, Inc.; (2) IRover, LLC; (3) IRover US | Reuben Yeroushalmi, Esq. Yeroushalmi & Yeroushalmi Consumer Advocacy Group, Inc. 9100 Wilshire Blvd., Ste 240W Beverly Hills, CA 90212 Tel: (310) 623-1926 | California Capital Insurance Company | Civil Action | Pending |
| Carroll, Nadine v. Fallas Stores, et al. Case No. 0756    Court of Common Pleas, Philadelphia County | Defendant's, Cheltenham Square Mall and Sun Equity Partners' Motion for Sanctions Against Co-Defendants for Failure to Comply with Court Order Compelling Discovery | (1) Fallas Stores C/O Michael Fallas; (2) Cheltenham Square Mall; (3) Thor Cheltenham Mall, LP aka Thor Equities aka Thor Equities, LLC; (4) Thor GP Cheltenham Mall Corp; (5) Sun Equity Partners | Marks, O'Neil, O'Brien, Doherty & Kelly, P.C Benjamin Tursi, Esq. One Penn Center, Suite 1010 1617 John F. Kennedy Blvd. PA 19103 Tel: (215) 564-6688 | Nadine Carroll | Civil Action | Pending |
| Castillo v. National Stores    Case No. KC070422 | ADA lawsuit Re: inaccessible website Filed in County of Los Angeles (Pomona) | National Stores, Inc. (only 1 Defendant) | Manning Law, APC Joseph R. Manning Jr., Esq. 4667 MacArthur Blvd., Suite 150 Newport Beach, CA 92660 Tel: (949) 200-8755 | Rebecca Castillo | Civil Action (active) | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLAINTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Coleman, Kimberly v. National Stores, Inc., et al. Case No. 01-18-0002-5894 | Arbitration | (1) National Stores, Inc.; (2) Southern Island Stores, LLC | Gregg I. Shavitz, Esq. Shavitz Law Group, PA 951 Yamato Road, Suite 285 Boca Raton, Fl 33431 gshavitz@shavitzlaw.com<br><br>Kevin M. McGinty, Esq. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC 1 Financial Center Boston, MA 02111 kmcginty@mintz.com | Kimberly Coleman | Arbitration | Pending |
| Compton Commercial Redevelopment Co. v. J&M Sales, Inc.          Case No. TC029176 | LASC Compton Courthouse   Action for eviction by landlord | J&M Sales, Inc. | Gregory Koonce, Esq. Frank Law Group 1517 Lincoln Way Auburn, CA 95603 | Compton Commercial Redevelopment Co. v. J&M Sales, Inc. | Civil Action | Pending |
| Consumer Advocacy Group (CAG) v. National Stores, et al.          Case No. BC709185 | Prop 65 Lawsuit Re: Newer Plastic Shopping Bags | (1) National Stores, Inc.; (2) FP Stores, Inc.; (3) J&M Sales, Inc.; (4) J and M Sales, Inc.; (5) J&M Sales Corporation; (7) Fallas Capital Holdings, LLC; (8) J&M Properties, LLC; (9) J&M Properties One, LLC; (10) J&M Sales of Texas, LLC | Yeroushalmi & Yeroushalmi 9100 Wilshire Blvd., Ste 240W Beverly Hills, CA 90212 Tel: (310) 623-1926 | Consumer Advocacy Group | Civil Action | Pending |
| ContractRecruiter.com, LLC dba The Recruiting Division v. National Stores, Inc. Case No. ESZ-L-2951-18 Superior Court of New Jersey | Order for Judgment against Defendant, National Stores, Inc. ($84,025.80) | National Stores, Inc. | Law Offices of Underwood & Micklin, LLC John A. Underwood, Esq. 1236-J Brace Road, Cherry Hill, NJ 08034 Tel: (856) 616-8401 | ContractRecruiter.com, LLC | Civil Action | Default Judgment in favor of Plaintiff |
| CREA/PPC Long Beach Towne Center PO, LLP v. FP Stores, Inc.          Case No. NC061759 | LASC Long Beach Courthouse Action for Damages: By former landlord for unpaid rent - pending | FP Stores, Inc. dba Fallas | Ernie Park, Esq. Bewley, Lasselben & Miller, LLP 13215 E. Penn St., Ste. 510 Whittier, CA 90602 | CREA/PPC Long Beach Towne Center PO, LLP | Civil Action | Pending |
| CSCO LLC v. National Stores, Inc. dba Fallas Paredes | Demand for return of goods totaling $296,640.00 | National Stores, Inc. dba Fallas Paredes | Harlan L. Lazarus, Esq. Lazarus & Lazarusl, P.C. 240 Madison Avenue, 8th Floor New York, NY 10016 Tel: (212) 889-7400 | CSCO LLC | Threatened/non-litigated | Pending |
| David & Young Group Corp v. National Stores | Collection action that is going to litigation in the amount of $49,959.60 | National Stores, Inc. | Kelly Chambers, Senior Collections specialist C2C Resources 56 Perimeter Center E. Suite 100 Atlanta, GA 30346 Tel: (678) 495-0050 Email: kchambers@crcresources.com | David & Young Group Corp. | Collections matter that is going to litigation | Pending |
| Day to Day Imports, Inc. v. National Stores, Inc. Case No. 18STLC06538 | LASC Central (Limited Civil)   Action for Damages - Non-payment for product | National Stores, Inc. | Aryeh Kaufman, Esq. 5482 Wilshire Blvd. #1907 Los Angeles, CA 90036 | Day to Day Imports, Inc. | Civil Action | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLAINTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| DePedro, Veronica v. National Stores, Inc. (Fallas) | (1) Threatened claim over vacation time; (2) Disability Discrimination; (3) Wrongful Termination; (4) waiting time penalties | (1) National Stores, Inc.; (2) Fallas Paredes; (3) Fallas Discount Stores; (4) Factory 2-U; (5) Fallas and Anna's Linen's by Fallas | Currently Unrepresented | Veronica DePedro 6623 N. 19th Street, Phoenix, AZ 85022    Tel: (702) 448-1350 Email: mrsdepedro1@aol.com Tel: (805) 743-9700 214 West Maple Ave Lompoc, CA 93436 | Threatened Claim | Pending |
| Dominion Service Co of Richmond v. Southern Island Shores, LLC t/a Fallas | Attempt to Collect a Debt ($935.25 - Judgment) obtained 08/15/2017 (plus Costs, Interest and Attorneys Fees - Current balance: $1,529.62) | Southern Island Shores, LLC t/a Fallas | Edward S. Whitlock, III, Esq. Lafayette, Ayers, Whitlock Crossridge Professional Park 10160 Staples Mill Road, Suite 105 Glen Allen, VA 23060 Tel: (804) 545-6529 | Dominion Service Co of Richmond | Attempt to Collect a Judgment | N/A |
| Editex Home Curtain Corp v. Southern Island Stores, LLC and National Stores, Inc. | Settlement Agreement | (1) Southern Island Stores, LLC; (2) National Stores, Inc. | Frank Roberts C2C Resources 56 Perimeter Center E, Suite 100 Atlanta, GA 30346 Tel: (678) 495-0050 ext. 349 | Editex Home Curtain Corp. | Settlement Enforcement | Settled |
| English v. FP Stores, Inc. RPNA File No.: 10005.99.140 | State of Southern Carolina Human Affairs Commission Case No.: 4-14-106A; EEOC Case No.: 14C-2018-00005; Employment discrimination | Fallas Stores | State of Southern Carolina Human Affairs Commission 1026 Sumter Street, Suite 101 Post Office Box 4490 Columbia, South Carolina 29240 | Roslyn W. English | Administrative Complaint | Terminated |
| Estrada v. National Stores, Inc.    RPNA File No. 10005.98 | LASC Case No. BC646596; Court of Appeal (Second Appellate District) Case No. B286085; Employment discrimination | National Stores, Inc. | Kevin A. Lipeles, Esq. Julian Bellenghi, Esq. Lipeles Law Group, APC 880 Apollo St., Suite 336 El Segundo, CA 90245 Tel: (310) 322-2211; Fax: (310) 322-2252 | Maribel Estrada | Civil | Pending |
| Fields v. Fallas Stores RPNA File No.: 10005.99.156 | WI Employee, no case filed; | Fallas Stores | Randall B. Gold Fox & Fox, S.C. 124 West Broadway Monona (Madison), WI 53716 Tel: (608) 258-9588 Fax: (608) 258- 9105 | Wonder Fields | Threatened | N/A |
| Four Seasons Apparel v. National Stores, Inc. | Demand for Reclamation of Goods: $605,766.00 | National Stores, Inc. | Ali W. Safawi, President Four Seasons Apparel 16180 Ornelas St., Irwindale, CA 91706 Tel: (626) 334-4446 | Four Seasons Apparel | Demand for Reclamation of Goods | Pending |
| Freight Logistics v. National Stores, Inc. aka Fallas Case No. BC678280 | Lawsuit for shipping detention, chassis and demurrage charges; LASC Unlimited Jurisdiction | National Stores, Inc. aka Fallas | Jeffrey S. Goodfied, Esq. Goodfried Law Group, APC 6345 Balboa Blvd., Bldg 1, Suite 300 Encino, CA 91316 Tel: (818) 810-7500 | Freight Logistics International, LLC | Civil Action | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLAINTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Galaxy Custom House Brokers, Inc. v. National Stores, Inc. | Demand for Reclamation of Goods: $24,360.00 | National Stores, Inc. | Marcy H. Sklar Galaxy Custom House Brokers, Inc. 153-02 Baisley Blvd. Jamaica, NY 11434 Tel: (718) 527-0205 | Galaxy Custom House Brokers, Inc. | Demand for Reclamation of Goods | Pending |
| Galvez v. National Stores, Inc. RPNA File No. 10005.99.146 | United States District Court for the District of Massachusetts, Case No.: 18-10278; Collective Action for violations of the Fair Labor and Standards Act; | National Stores, Inc. Southern Island Stores, LLC | Hillary Schwab, Brant Casavant Fair Work, P.C. 192 South Street, Suite 450 Boston, MA 02111  Gregg I. Shavitz Shavitz Law Group, P.A. 1515 S. Federal Highway, Suite 404 Boca Raton, FL 33432 Tel: (561) 447-8888  Michael J. Palitz Shavitz Law Group, P.A. 830 3rd Ave., 5th Fl. New York, NY 10022 Tel: (800) 616-4000 | Manuel Galvez | Civil | Pending |
| Galvez v. National Stores, Inc., et al. Case No. 01-18-0002-5925 | American Arbitration Association | (1) National Stores, Inc.; (2) Southern Island Stores, LLC | Gregg I. Shavitz, Esq. Shavitz Law Group, PA 951 Yamato Road, Suite 285 Boca Raton, Fl 33431 gshavitz@shavitzlaw.com  Kevin M. McGinty, Esq. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC 1 Financial Center Boston, MA 02111 kmcginty@mintz.com | Manuel Galvez | Arbitration | Pending |
| Garcia v. National Stores, Inc. dba Fallas RPNA File No.: 10005.99.182 | CA/ No case filed. Employment hostile work environment | National Stores, Inc. dba Fallas | Rothschild & Alwill, APC 27 W. Anapamu, #289 Santa Barbara, CA 93101 Tel: (805) 845-1190 | Michael Garcia | Threatened | Pending |
| Global Associates Company Limited v. National Stores, Inc. | Demand for Reclamation of Goods: $140,786.40 | (1) National Stores, Inc.; (2) J&M Sales, Inc.; (3) J&M Sales of Texas, LLC; (4) FP Stores; (5) Southern Island Stores; (6) Southern Island Retail Stores; (7) Caribbean Island Stores; | Daren Brinkman, Esq. Brinkman Portillo Ronk, APC 4333 Park Terrace Drive, Suite 205 Westlake Village, CA 91361 Tel: (818) 597-2992 | Global Accessories Company Limited, f/dba Global Accessories Manufacturing Limited | Demand for Reclamation of Goods | Pending |
| Gonzalez v. FP Stores, Inc. RPNA File No.: 10005.99.157 | LASC Case No.: BC697294; Employment discrimination | FP Stores, Inc. | Ramin R. Younessi, Esq. Law Offices of Ramin R. Younessi, APC 3435 Wilshire Blvd., Suite 2200 Los Angeles, CA 90010 Tel: (213) 480-6200 Fax: (213) 480-6201 | Jesus Guadalupe Gonzalez | Civil/Arbitration | Pending |

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLANTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Hana Financial v. National Stores, Inc. | Demand for Reclamation of Goods: $552,855.67 | National Stores, Inc. | Kevin Thomas, First Sr. VP, Customer Credit Manager Hana Financial 1000 Wilshire Blvd., 20th Floor Los Angeles, CA 90017 Tel: (213) 240-1234 | Hana Financial | Demand for Reclamation of Goods | Pending |
| HDS Trading Corp v. National Stores, Inc. | Demand for Reclamation of Goods: $24,360.00 | (1) National Stores, Inc.; (2) dba Fallas Paredes; (3) Factory 2-U | Fred Guindi, VP HDS Trading 1305 Jersey Avenue, North Brunswick, NJ 08902 Tel: (732) 418-0418 | HDS Trading Corp | Demand for Reclamation of Goods | Pending |
| Hines, Stephanie v. National Stores, et al. Case No. 01-18-0002-5942 | American Arbitration Association 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043 Tel: (856) 435-6401 | (1) National Stores, Inc.; (2) Southern Island Stores, LLC | Gregg I. Shavitz, Esq. Shavitz Law Group, PA 951 Yamato Road, Suite 285 Boca Raton, Fl 33431 gshavitz@shavitzlaw.com<br><br>Kevin M. McGinty, Esq. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC 1 Financial Center Boston, MA 02111 kmcginty@mintz.com | Stephanie Hines | Arbitration | Pending |
| Hunt, Nichole v. FP Stores, Inc. Case #BC673955 | Employment Action with Complaint alleging: (1) failure to provide rest and meal periods; (2) failure to timely pay wages at termination (by the class); (3) failure to provide accurate wage statements (by the class); (4) failure to pay hourly overtime wages (by the class); (5) unfair competition (by the class); (6) harassment (by the class); (7) discrimination (by Hunt); (8) retaliation (by Hunt); (9) failure to prevent discrimination (by Hunt); (10) wrongful termination (by Hunt); (11) intentional infliction of emotional distress (by Hunt); (12) negligent infliction of emotional distress (by Hunt); (13) negligence | FP Stores, Inc. aka Fallas-Paredes National Discount Stores | William S. Caldwell, APLC 9891 Irvine Center Drive, Suite 130 Irvine, CA 92618 Tel: (949) 244-2547 | Nichole Hunt | Civil Action | Pending |
| Ibarra v. National Stores, Inc. RPNA File No.: 10005.99.161 | DFEH Case No.: 973299-322813; EEOC Case No.: 37A-2018-01030-C; Employment discrimination; | National Stores, Inc. dba Factory 2-U | Department of Fair Employment and Housing 39141 Civic Center Dr., Suite 250 Fremont, CA 94538 Tel: (510) 789-1042 Fax: (888) 519-5917 | Jamie Ibarra | DFEH Complaint | Pending |
| Icer Basketball LLC v. National Stores, Inc. | Demand for Reclamation of Goods: $55,120.25 | National Stores, Inc. | Ken Rugg, CFO Brooklyn Cloth, LLC 1385 Broadway New York, NY 11018 | Icer Basketball LLC | Demand for Reclamation of Goods | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLANTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Johnny Signature International Inc. v. National Stores, Inc. | Demand for Reclamation of Goods: $392,142.53 | (1) National Stores, Inc. dba Fallas Parades; (2) Fallas (Dayton, NJ) | Harlan L. Lazarus, Esq. Lazarus & Lazarusl, P.C. 240 Madison Avenue, 8th Floor New York, NY 10016 Tel: (212) 889-7400 | Johnny Signature International Inc. | Demand for Reclamation of goods | Pending |
| Johnson, John A. v. Fallas #443 and #386 | Court Ordered Default Hearing | Fallas #443  and #386 6351 S. Desert Blvd. El Paso, TX 79932 | Colbert N. Coldwell, Esq. Guevara, Baumann, Coldwell & Reedman, Suite B201 El Paso, TX 79902 Tel: (915) 544-6646 | John A. Johnson | Civil Action | Pending |
| Johnson, Scott v. 6300 Mack Road LLC, et al. Case No. 2:17-CV-02475-TLN-CKD | Federal Court - Eastern District of California | (1) 6300 Mack Road, LLC; (2) National Stores, Inc. | Center for Disability Access Phyl Grace, Esq., Dennis Price, Esq., Mary Melton, Esq., PO Box 262490 San Diego, CA 92196-2490 | Scott Johnsom | Federal Civil Action | Pending |
| Jordan v. National Stores, Inc. RPNA File No.: 10005.99.137 | LASC Case No.: BC682498; AAA Case No.: 01-18-0001-3451; Employment discrimination; | National Stores, Inc. | Anna Salusky, Esq. Shawn Pardo, Esq. Mahoney Law Group, APC 249 East Ocean Blvd., Suite 814 Long Beach, CA 90802 Tel: (562) 590-5550 Fax: (562) 590-8400 | Jocelyn Jordan | Civil/Arbitration | Pending |
| Just Retail Services, Inc. v. National Stores, Inc. Case No. 8-cv-827-T-26TGW | Action for damages for money owed. U.S. Disrtict Court for Middle District of Florida (Tampa, FL) | National Stores, Inc. | Charles Carlson, Esq. Barnett, Bolt, Kirkwood, Long & Koche 601 Bayshore Blvd., Ste. 700, Tampa, FL 33606 | Just Retail Services, Inc. | Civil Action | Pending |
| Khjosaryan v. FP Stores, Inc. RPNA File No.: 10005.99.185 | Labor Commissioner, State Case No.: WC-CM-260624 Wage and hour. | FP Stores, Inc. | California Department of Industrial Relations 6150 Van Nuys Blvd., Room 206 Van Nuys, CA 91401 Tel: (818) 901-5315 Fax: (818) 901-5307 | Alisa Khojasaryan | Administrative Complaint | Pending |
| Kids Cant Miss LLV v. National Stores, Inc. | Demand for Reclamation of Goods: $166,675.80 | (1) National Stores, Inc. (2) National Stores DC | Harlan L. Lazarus, Esq. Lazarus & Lazarusl, P.C. 240 Madison Avenue, 8th Floor New York, NY 10016 Tel: (212) 889-7400 | Kids Cant Miss LLC | Demand for Reclamation of Goods | Pending |
| Kidz Concepts LLC v. National Stores, Inc. | Demand for Reclamation of Goods: $25,202.40 | (1) National Stores, Inc.; (2) National Stores DC | Harlan L. Lazarus, Esq. Lazarus & Lazarusl, P.C. 240 Madison Avenue, 8th Floor New York, NY 10016 Tel: (212) 889-7400 | Kidz Concepts LLC | Demand for Reclamation of Goods | Pending |
| Kish, Denise v. Mohr Affinity, et al. Case No. 5:18-CV-00256-DSF-MRWx | ADA Action Federal Court - Central District of California | J&M Sales, Inc. (only 1 Defendant) | Center for Disability Access Phyl Grace, Esq., Dennis Price, Esq., Mary Melton, Esq., PO Box 262490 San Diego, CA 92196-2490 | Denise Kish | Federal Civil Action (active) | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLANTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Lakes Mall Investment, LLC v. FP Stores, Inc. | Complaint Filed: 08/03/2018      In The County Court for      Broward County, Florida      Case No. COCE-18-017847 Division: 50 | FP Stores, Inc. | Glenn L. Widom, P.A 696 NE 125 Street No. Miami, Florida 33161 Tel: (305) 663-8770 | FP Stores, Inc. | Civil Action | Pending |
| Louise Paris, Ltd. & Milberg Factors, Inc. v. National Stores, Inc. | Demand for immediate return of goods totaling $648,397.92; $196,520.16 within 45 days of Bankruptcy filing | National Stores, Inc. | Barry Machowsky, Sr. VP Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 Tel: (212) 697-4200 | Louise Paris, Ltd. & Milberg Factors, Inc. | 2 Letters Dated: 07/25/2018 and an updated Letter Dated: 08/06/2018 | Pending |
| Louise Paris, Ltd. & Milberg Factors, Inc. v. National Stores, Inc. | • LASC Case No.: BC684418; • Coordinated with Judicial Counsel Coordination Proceeding No. 4760; • Employment discrimination/ wage and hour violations; | National Stores, Inc. dba Fallas Stores | R. Duane Westrup, Esq. Alexander Farkas, Esq. Westrup & Associates 444 West Ocean Blvd., Suite 1614 Long Beach, CA 90802 Tel: (562) 432-2551; Fax: (562)435-4856 | 3 Plaintiffs • Pamela Morales, • Madeline Clevenger, • Latoya Jones | Civil | Pending |
| Medina, Maria v. FP Stores, Inc. Case No. 30-20 17-00938313-CU-WT-CJC | Employment Action with Complaint alleging: (1) discrimination - gender/pregnancy; (2) failure to accommodate; (3) failure to engage in good faith interactive process; (4) retaliation; (5) failure to prevent harassment and discrimination; (6) unpaid compensation/failure to maintain business records; 7) meal and rest break violations penalties; (8) Labor Code section 232.5 (retaliation for disclosing information about working conditions); (9) Labor Code section 1102.5 (retaliation for disclosing illegal and unethical conduct); and (10) wrongful termination. | FP Stores, Inc. (only 1 defendant) | Law Offices on Janeen Carlberg 611 Civic Center Drive West, Suite 250 Santa Ana, CA 92701 Tel: (714) 665-1900 | Civil Action - State Court | Trial Date: 12/3/2018 | Pending |
| Mega Club v. Caribbean Island Stores, LLC dba Fallas | Demand for Reclamation of Goods: $11,361.60 | Caribbean Island Stores, LLC dba Fallas | Mark Jajati, President Mega Club 43 West 33 Street, Suite #501 New York, NY 10001 Tel: (212) 278-8210 | Mega Club | Demand for Reclamation of Goods | Pending |
| Melvin v. National Stores, Inc. RPNA File No.: 10005.99.141 | CA/ No case filed. Employment discrimination | National Stores, Inc. dba Fallas Paredes | Lawyers for Employee & Consumer Rights Vanessa Himeles 4100 West Alameda Ave., 3rd Fl. Burbank, CA 91505 Tel: (323) 375-5101 Fax: (323) 306-5571 | Shadine Melvin | Threatened | Pending |
| Milberg Factors, Inc. (Activeapparel, Inc.) v. National Stores, Inc. | Demand for Reclamation of Goods: $7,005.25 | National Stores, Inc. | Barry Machowsky, Sr. VP Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 Tel: (212) 697-4200 | Milberg Factors, Inc. (Activeapparel, Inc.) | Demand for Reclamation of Goods | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLANTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Milberg Factors, Inc. (Beautiful Giant Inc.) v. National Stores, Inc. | Demand for Reclamation of Goods: $16,380.00 | National Stores, Inc. | Barry Machowsky, Sr. VP Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 Tel: (212) 697-4200 | Milberg Factors, Inc. (Beautiful Giant Inc.) | Demand for Reclamation of Goods | Pending |
| Milberg Factors, Inc. (Core Classic) v. National Stores, Inc. | Demand for Reclamation of Goods: $33,480.00 | National Stores, Inc. | Barry Machowsky, Sr. VP Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 Tel: (212) 697-4200 | Milberg Factors, Inc. (Core Classic) | Demand for Reclamation of Goods | Pending |
| Milberg Factors, Inc. (Just One) v. National Stores, Inc. | Demand for Reclamation of Goods: $22,715.86 | National Stores, Inc. | Barry Machowsky, Sr. VP Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 Tel: (212) 697-4200 | Milberg Factors, Inc. (Just One) | Demand for Reclamation of Goods | Pending |
| Milberg Factors, Inc. (M.I.S.S. Sportswear Inc.)v. National Stores, Inc. | Demand for Reclamation of Goods: $75,510.75 | National Stores, Inc. | Barry Machowsky, Sr. VP Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 Tel: (212) 697-4200 | Milberg Factors, Inc. (M.I.S.S. Sportswear Inc.) | Demand for Reclamation of Goods | Pending |
| Milberg Factors, Inc. (Starlight Accessories) v. National Stores, Inc. | Demand for Reclamation of Goods: $14,850.00 | National Stores, Inc. | Barry Machowsky, Sr. VP Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 Tel: (212) 697-4200 | Milberg Factors, Inc. (Starlight Accessories) | Demand for Reclamation of Goods | Pending |
| Milberg Factors, Inc. v. National Stores, Inc. | Demand for Reclamation of Goods: $56,889.00 | National Stores, Inc. | Barry Machowsky, Sr. VP Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 Tel: (212) 697-4200 | Milberg Factors, Inc. | Demand for Reclamation of Goods | Pending |
| Mitchell v. National Stores, Inc. RPNA File No.: 10005.99.170 | LASC Case No.: BC711539 Employment discrimination | National Stores, Inc., Fallas Stores Holding Inc., J&M Sales Inc. | Steven M. Rubin, Esq. Paymon Mondegari, Esq. The Rubin Law Corporation 1875 Century Park East, Suite 1230 Los Angeles, CA 90067 Tel: (310) 385-0777 Fax: (310) 288-0207 | Larry Mitchell | Civil | Pending |
| Mohadjer, Camil v. National Stores Arbitration AAA #:01-18-0000-7702 LASC Compton Case No. TC028523 | Employment Action with Claims alleging: (1) age discrimination; (2) harassment; (3) retaliation; 4) failure to prevent discrimination and harassment; (5) wrongful termination; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress | Arbitration Demand made only as to National Stores                                   Prior Complaint named:                National Stores, Inc.;                       J&M Sales of Texas;                                  FP Stores, Inc. dba Factory 2-U, dba Fallas Paredes; Mark Gunn (individual) | Joseph Farzam Law Firm 11766 Wilshire Blvd., Suite 280 Los Angeles, CA 90025 Tel: (310) 226-6890 | Camil Mohadjer | Active Arbitration/Civil Action | Pending |
| One Step Up, Ltd. v. National Stores, Inc. | Demand for Reclamation of Goods: $128,622.00 | (1) National Stores, Inc.; (2) National Stores DC | Harlan L. Lazarus, Esq. Lazarus & Lazarusl, P.C. 240 Madison Avenue, 8th Floor New York, NY 10016 Tel: (212) 889-7400 | One Step Up, Ltd. | Demand for Reclamation of Goods | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLANTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Paralee Holmes v. National Stores, Inc.,et al Case No. 01-18-0002-5933 | American Arbitration Association | (1) National Stores, Inc.; (2) Southern Island Stores, LLC | Gregg I. Shavitz, Esq. Shavitz Law Group, PA 951 Yamato Road, Suite 285 Boca Raton, Fl 33431 gshavitz@shavitzlaw.com<br><br>Kevin M. McGinty, Esq. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC 1 Financial Center Boston, MA 02111 kmcginty@mintz.com | Paralee Holmes | Arbitration | Pending |
| Peele, Delia v. National Stores, et al. Case No. BC706673 | Employment Action with Complaint alleging: (1) sexual harassment; (2) wrongful termination (constructive); (3) IIED; (4) failure to prevent discrimination; (5) sex discrimination; (6) ethnic discrimination | (1) National Stores, Inc.; (2) Michael Fallas; (3) Fallas Capital Holdings, LLC; (4) Fallas Management, Inc.; (5) J&M Sales, Inc.; (6) Steven Drexler (not currently represented by us) | Law Office of Michael L. Justice Michael L. Justice, Esq. 5707 Corsa Avenue, Second Floor Westlake Village, CA 91362 Tel: (818) 991-4100 | Delia Peele | Civil Action | Pending |
| Perez de Cabrera, Maria v. National Stores, Inc. Case No. BC686207 | LASC Central Civil Action for Damages (1) employment; (2) failure to pay overtime; (3) wages owed; (4) disability discrimination - pending | (1) National Stores, Inc.; (2) AMR Staffing, Inc.; (3) Coordinated Staff, Inc. | Eli M. Kantor, Esq. 9595 Wilshire Blvd., Ste. 405 Beverly Hills, CA 90212 | Maria Perez de Cabrera | Civil Action | Pending |
| Prop 65 60 Day Notice served by Brodsky | Prop 65 Notice only, including: 10/4/2017 Notice Re: Black Panda Sandals | N/A | Brodsky & Smith, LLC 9595 Wilshire Boulevard, Suite 900 Beverly Hills, CA 90212 Tel: (877) 534-2590 | Noticed by: Precilla Balabbo | 60 Day Notice only | N/A |
| Prop 65 60 Day Notice served by Brodsky | Prop 65 Notice only, including: 3/28/2018 Notice Re: Beverly Hills Polo Club Sandals | N/A | Brodsky & Smith, LLC 9595 Wilshire Boulevard, Suite 900 Beverly Hills, CA 90212 Tel: (877) 534-2590 | Noticed by: Gabriel Espinosa | 60 Day Notice only | N/A |
| Prop 65 (multiple) 60 Day Notice served by: CAG with nothing more | Prop 65 Notices only as to multiple products (dozens of Notices and products all by CAG and Yeroushalmi) | N/A | Yeroushalmi & Yeroushalmi 9100 Wilshire Blvd., Ste 240W Beverly Hills, CA 90212 Tel: (310) 623-1926 | Noticed by Consumer Advocacy Group | 60 Day Notice only | N/A |
| Prop 65 (multiple) 60 Day Notice served by: Daniel Greenbaum | Prop 65 Notice only, including: 12/21/17 Sheer Silk Curtain  5/26/17 Sasha Wallets | N/A | Daniel N. Greenbaum Law Offices of Daniel N. Greenbaum The Hathaway Building 7120 Hayvenhurst Ave., Suite 320 Van Nuys, CA 91496 Tel: (818) 809-2199 | Noticed by:        Shefa LMV, Inc. | 60 Day Notice only | N/A |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLAINTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Prop 65: 60 Day Notice  served by CAG | Prop 65 Notice concerning Bathroom Accessories (2 Piece Bath Baskets) containing Bis (2-ethylhexyl) phthalate ("DEHP") | (1) J and M Sales Inc. dba Fallas; (2) Factory 2U; (3) La Moda for Kids Inc.; (4) National Stores, Inc. dba Fallas Paredes; (5) Factory 2-U Stores, Inc.; (6) Factory 2 U; (7) Anna's Linen's by Fallas; (8) M M & J Ventures; (9) Michael/Moses/Joseph Fallas; (10) J&M Sales Corporation; and (11) Fallas Discount Stores #461 | Reuben Yeroushalmi, Esq. Yeroushalmi & Yeroushalmi Consumer Advocacy Group, Inc. | Consumer Advocacy Group | 60 Day Notice only | Pending |
| Prop 65: 60 Day Notice  served by CAG | Prop 65 Notice concerning Footwear (Black Plastic flip flops with flower decoration) Containing Di-n-Butyl Phthalate ("DBP") | (1) J and M Sales Inc. dba Fallas; (2) Factory 2U; (3) La Moda for Kids Inc.; (4) National Stores, Inc. dba Fallas Paredes; (5) Factory 2-U Stores, Inc.; (6) Factory 2 U; (7) Anna's Linen's by Fallas; (8) M M & J Ventures; (9) Michael/Moses/Joseph Fallas; (10) J&M Sales Corporation; and (11) Fallas Discount Stores #461 | Reuben Yeroushalmi, Esq. Yeroushalmi & Yeroushalmi Consumer Advocacy Group, Inc. | Consumer Advocacy Group | 60 Day Notice only | Pending |
| Prop 65: 60 Day Notice  served by CAG | Prop 65 Notice concerning Footwear (Pink Plastic Sandals with wide strap) Containing Di Isononyl Phthalate ("DINP") | (1) J and M Sales Inc. dba Fallas; (2) Factory 2U; (3) La Moda for Kids Inc.; (4) National Stores, Inc. dba Fallas Paredes; (5) Factory 2-U Stores, Inc.; (6) Factory 2 U; (7) Anna's Linen's by Fallas; (8) M M & J Ventures; (9) Michael/Moses/Joseph Fallas; (10) J&M Sales Corporation; and (11) Fallas Discount Stores #461 | Reuben Yeroushalmi, Esq. Yeroushalmi & Yeroushalmi Consumer Advocacy Group, Inc. | Consumer Advocacy Group | 60 Day Notice only | Pending |
| Prop 65: 60 Day Notice  served by CAG | Prop 65 Notice concerning Footwear (flip flops) Containing Di-n-Butyl Phthalate ("DBP") | (1) J and M Sales Inc. dba Fallas; (2) Factory 2U; (3) La Moda for Kids Inc.; (4) National Stores, Inc. dba Fallas Paredes; (5) Factory 2-U Stores, Inc.; (6) Factory 2 U; (7) Anna's Linen's by Fallas; (8) M M & J Ventures; (9) Michael/Moses/Joseph Fallas; (10) J&M Sales Corporation; and (11) Fallas Discount Stores #461 | Reuben Yeroushalmi, Esq. Yeroushalmi & Yeroushalmi Consumer Advocacy Group, Inc. 9100 Wilshire Blvd., Ste 240W Beverly Hills, CA 90212 Tel: (310) 623-1926 | Consumer Advocacy Group | 60 Day Notice only | Pending |
| Riquiac v. National Stores, Inc., et al. 17CV000566 | Class Action/PAGA; Los Angeles Superior Court (for coordinated proceeding); originally filed in Monterey County | National Stores, Inc.; FP Stores, Inc. | Larry W. Lee Nick Rosenthal Diversity Law Group, PC 515 S. Figueroa St., Ste. 1250 Los Angeles, CA 90071 | Josefa Riquiac | Civil Action | Pending |
| Safeway lease/tenant dispute - not active litigation | tenant/lease dispute with lessor and owner | N/A | Aimee Wong, Esq. Udell Wang, LLP 445 S. Figueroa Street, Suite 2250 Los Angeles, CA 90071 Tel: (213) 988-7496 | Dispute with Landlord Safeway, Inc. | Multiple failure to pay rent notices including to the following entities:  (1) J&M Sales, Inc.;                           (2) National Stores, Inc.;             (3) J&M Sales of Texas, LLC;          (4) Tag/the Apparel Group of New York, Inc. dba Factory 2U | N/A |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLAINTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| Seven Apparel Group v. National Stores, Inc. | Demand for Reclamation of Goods: $2,541,886.40 | (1) National Stores, Inc.; (2) National Stores DC | Harlan L. Lazarus, Esq. Lazarus & Lazarusl, P.C. 240 Madison Avenue, 8th Floor New York, NY 10016 Tel: (212) 889-7400 | Seven Apparel Group | Demand for Reclamation of Goods | Pending |
| Shason, Inc. v. National Stores, Inc. | Copyright Infringement Claim; No lawsuit filed yet | Fallas Discount Stores by National Stores, Inc. | Resch, Polster & Berger, LLP 1840 Century Park East, 17th Floor Los Angeles, CA 90067 Tel: (310) 277-8300 | Shason, Inc. | Threatened | Pending |
| Shefa LMV, Inc. v. Iwoeld Global Trading, LLC, National Stores, Fallas Management Case No. BC702616 | Prop 65 Lawsuit Re: Earbuds and Sandals/Shoes | (1) National Stores, Inc. (2) Fallas Management, Inc. | Daniel N. Greenbaum Law Offices of Daniel N. Greenbaum The Hathaway Building 7120 Hayvenhurst Ave., Suite 320 Van Nuys, CA 91496 Tel: (818) 809-2199 | Shefa LMV, Inc. | Civil Action | Pending |
| Smith, Tony v. Fallas Stores/J&M Stores | Demand for reimbursement of reasonable expenses for moving & storage fees for inventory while preparing to open | (1) Fallas Stores; (2) J&M Stores | Parker Stanbury, LP 444 South Flower Street,  19th Floor Los Angeles, CA 90071 | Tony Smith | Non-litigated/Demand | Pending |
| Sneede v. National Stores, Inc. dba Fallas Discount Store RPNA File No.: 10005.99.181 | Labor Commissioner, State Case No.: WC-CM-365998 Wage and hour. | National Stores, Inc. | Brodsky & Smith, LLC 9595 Wilshire Boulevard, Suite 900  Beverly Hills, CA 90212 Tel: (877) 534-2590 | Demisha Sneede | Administrative Complaint | Pending |
| Star Fabrics, Inc. v. National Stores, Inc. Case No. 2:18-cv-06174-CAS-SK | Copyright Infringement lawsuit; U.S.D.C for the Central District of California | (1) National Stores, Inc.; (2) Hot Ginger, Inc.; (3) Fallas Stores Holdings, Inc. | Stephen M. Doniger, Esq. Scott A. Burroughs, Esq. Howard S. Han, Esq. Doniger Burroughs 603 Rose Avenue Venice, CA 90291 Tel: (310) 590-1820 | Star Fabrics, Inc. | Civil Action | Pending |
| Starboard Lemon Grove MT, LLC v. FP Stores, Inc. dba Factory 2U | Complaint Filed: 04/26/18          San Diego County Superior Court Case No. 37-2018-00036557-CU-UD-CTL | FP Stores, Inc., dba Factory 2U | Robert C. Thorn, Esq. Kimball, Tirey & St. John LLP 7676 Hazard Center Drive, Ste. 900B, San Diego, CA 92108 Tel: (619) 231-1422 | Starboard Lemon Grove MT, LLC | Civil Action | Pending |
| Sunbelt Rentals, Inc., et al. v. National Stores, Inc. Case No. TC029142 LASC Compton Courthouse | Complaint alleges: (1) Breach of Contract; (2) Promissory Estoppel; (3) Quasi-Contract; (4) Open Book Account | National Stores, Inc. | Cannon Law Group Cole S. Cannon, Esq. 53 S. 600 E. Salt Lake City, UT 84102 Tel: (801) 363-2999 | Sunbelt Rentals, Inc. successor in interest to Topp Construction Services, Inc. | Civil Action | Pending |
| Sylvester, Daniel v. Fallas Parades  Case No. A-18-776955-C           District Court                    Clark County, Nevada | Premises Liability: $15k + | Fallas Parades #2 & 3; J&M Sales, Inc. | Eric R. Blank, Esq., David J. Martin, Esq. Law Offices of Eric R. Blank, P.C. 7860 W. Sahara Ave., Ste: 110, Las Vegas, NV 89117 Tel: (702) 222-2115 | Daniel Sylvester | Civil Action | Pending |

SoFA Attachment 7

| CASE NAME/CASE NO. | CASE TYPE/JURISDICTION | NAMED DEFENDANT(S) RELEVANT TO NSI | PLAINTIFFS ATTORNEY | PLANTIFFS NAME | CIVIL/ARBITRATION/THREATENED | STATUS |
|---|---|---|---|---|---|---|
| The TJX Companies, Inc. v. National Stores, Inc. | Demand for Rent: $22,857.49 | (1) National Stores, Inc.; (2) J&M Sales, Inc.; (3) FP Stores, Inc.; (4) J&M Sales of Texas, LLC | David A. Hill, Jr., Esq. Ford & Paulekas, LLP 280 Trunbull Street Hartford, CT 06103 Tel: (860) 527-0400 | The TJX Companies, Inc. Lisa A. Schwartz, VP Legal Real Estate    770 Cochituate Rd Framingham, MA 01701 Tel: (508) 390-2695 | Demand for Rent | Pending |
| White Oak Commercial Finance, LLC v. National Stores, Inc. | Demand for Reclamation of Goods: $834,602.15 | National Stores, Inc. | William Coyle, VP White Oak Commercial Finance, LLC 1155 Avenue of America, 15th Floor New York, NY 10036 Tel: (212) 887-7900 | White Oak Commercial Finance, LLC | Demand for Reclamation of Goods | Pending |
| White v. National Stores, Inc. RPNA File No.: 10005.99.149 | LASC Case No.: BC693966; Employment discrimination; | National Stores, Inc. dba Fallas Paredes | Kaveh S. Elihu, Esq. Sylvia V. Panosian, Esq. Employee Justice Legal Group, LLP 3055 Wilshire Blvd, Suite 1120 Los Angeles, CA 90010 Tel: (213) 382-2222 Fax: (213) 382-2230 | Phillip White | Civil | Pending |
| Wright v. Fallas Paredes RPNA File No.: 10005.99.153 | DFEH Case No.: 201712-00461618; Employment Discrimination | Fallas Paredes dba Fallas Discount Stores | Department of Fair Employment and Housing Monica Facio 2218 Kausen Drive., Suite 100 Elk Grove, CA 95758 Tel: (916) 585-7008 Fax: (800) 700-2320 | Maria Ruiz Wright | DFEH Complaint | Pending |