## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>J & M Sales, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-11801 (LSS)<br>(Jointly Administered)<br><br>**Hearing Date:  Only if Objections are Filed**<br>**Objection Deadline:  October 30, 2018 at 4:00 p.m.** |

**COVER SHEET TO THE FIRST MONTHLY APPLICATION OF COOLEY LLP, LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF J & M SALES, INC., *ET AL*. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD AUGUST 16, 2018 <u>THROUGH AUGUST 31, 2018</u>**

| | |
|---|---|
| Name of Applicant: | Cooley LLP |
| Authorized to Provide<br>Professional Services to: | The Official Committee of Unsecured<br>Creditors of J & M Sales, Inc., *et al*. |
| Date of Retention: | October 3, 2018, *nunc pro tunc* to<br>August 16, 2018 |
| Period for which compensation<br>and reimbursement is sought: | August 16, 2018 through August 31, 2018 |
| Total Compensation sought<br>as actual, reasonable and necessary: | $220,548.50 |
| 80% of Compensation sought<br>as actual, reasonable and necessary: | $176,438.80 |
| Amount of Expense Reimbursement sought<br>as actual, reasonable and necessary: | $731.06[2] |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

[2] This amount includes $572.50 in requests for reimbursement of expenses for individual Committee members.

Total Compensation approved by interim
order to date:                                    $0.00

Total Expenses approved by interim
order to date:                                    $0.00

Total Allowed compensation paid to date:          $0.00

Total Allowed expenses paid to date:              $0.00

Blended Rate in this application for
all timekeepers:                                  $804.63

Blended Rate in this application for
all attorneys:                                    $816.30

This is Cooley LLP's first monthly fee application in these cases.

## **PRIOR MONTHLY FEE APPLICATIONS**

None.

## COMPENSATION BY TIMEKEEPER DURING THE COMPENSATION PERIOD

| Name of Professional Person | Position of the Applicant, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jay R. Indyke | Partner; Member of New York Bar since 1982; Area of Expertise: Bankruptcy | $900 | 51.6 | $46,440.00 |
| Jonathan Bach | Partner; Member of New York Bar since 1992; Area of Expertise: Business Litigation | $900 | 2.6 | $2,340.00 |
| Seth Van Aalten | Partner; Member of New York Bar since 2004; Area of Expertise: Bankruptcy | $900 | 3.3 | $2,970.00 |
| Michael Aaron Klein | Special Counsel; Member of New York Bar since 2005; Area of Expertise: Bankruptcy | $900 | 61.5 | $55,350.00 |
| Max Schlan | Associate; Member of New York Bar since 2013; Area of Expertise: Bankruptcy | $865 | 71.7 | $62,020.50 |
| Sarah A. Carnes | Associate; Member of New York Bar since 2015; Area of Expertise: Bankruptcy | $710 | 44.2 | $31,382.00 |
| Joseph Brown | Associate; Member of New York Bar since 2017; Area of Expertise: Bankruptcy | $555 | 33.5 | $18,592.50 |
| Mollie Canby | Paralegal | $255 | 5.2 | $1,326.00 |
| Philip J. Anton | Lit/E-Discovery Svcs. | $255 | 0.5 | $127.50 |
| **TOTAL** | | | **274.1** | **$220,548.50** |
| **Blended Hourly Rate for All Timekeepers** | | | | **$804.63** |
| **Blended Rate for Attorneys** | | | | **$816.30** |

---

[1] With respect to any Cooley professional with a customary hourly rate in excess of $900 per hour, Cooley agreed to reduce such rate to $900 per hour. Services by attorneys, paraprofessionals, and other staff whose customary hourly rate is below $900 per hour will be charged according to Cooley's customary hourly rates in effect when services are performed.

## TIME BILLED BY PROJECT CATEGORY

| | Subject Matter Categories | Hours Spent | Fees |
|---|---|---|---|
| B01 | Asset Analysis and Recovery | 3.3 | $2,931.50 |
| B02 | Asset Disposition | 8.7 | $7,809.00 |
| B03 | Business Operations | 7.0 | $6,192.50 |
| B04 | Case Administration | 41.5 | $33,886.50 |
| B05 | Claims | 46.5 | $39,481.50 |
| B06 | Employee Benefits and Pensions | 0.1 | $90.00 |
| B07 | Fee/Employment Applications | 21.6 | $15,256.00 |
| B09 | Financing and Cash Collateral | 46.0 | $37,030.00 |
| B10 | Litigation | 31.5 | $21,788.50 |
| B11 | Meetings | 56.4 | $46,210.00 |
| B12 | Plan and Disclosure Statement | 3.7 | $3,330.00 |
| B14 | Travel | 2.3 | $2,031.50 |
| B18 | Leases and Executory Contracts | 3.3 | $2,531.50 |
| B19 | Preparation for and Attendance at Court Hearings | 2.2 | $1,980.00 |
| | **TOTAL** | **274.1** | **$220,548.50** |

**EXPENSE SUMMARY**

| Expense Category | Amount |
|---|---|
| CourtCall | $128.00 |
| Reproduction of Documents | $3.80 |
| Taxi | $26.76 |
| **TOTAL** | **$158.56** |
|  |  |
| Committee Expense Reimbursement | $572.50 |
| **GRAND TOTAL** | **$731.06** |

**TRAVEL EXPENSE DETAIL**

| Dept. Date | Total | Description | Traveler |
|---|---|---|---|
| 8/21/18 | $26.76 | Taxi from office to home working late | J. Brown |
| **TOTAL** | **$26.76** |  |  |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>J & M Sales, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-11801 (LSS)<br>(Jointly Administered)<br><br>**Hearing Date:  Only if Objections are Filed**<br>**Objection Deadline:  October 30, 2018 at 4:00 p.m.** |

**FIRST MONTHLY APPLICATION OF COOLEY LLP, LEAD COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF J & M SALES, INC., *ET
AL.*, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
<u>PERIOD AUGUST 16, 2018 THROUGH AUGUST 31, 2018</u>**

TO THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE:

Cooley LLP ("<u>Cooley</u>" or "<u>Applicant</u>"), lead counsel to the Official Committee of

Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors (the "<u>Debtors</u>"),

respectfully represents:

## <u>INTRODUCTION</u>

1.      This is Applicant's first monthly application (the "<u>Application</u>") for allowance of

compensation and reimbursement of expenses pursuant to § 331 of chapter 11 of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Guidelines for Reviewing

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") [D.I. 278].

2.      This Application seeks interim allowance of compensation for legal services rendered by Applicant for the period August 16, 2018 through August 31, 2018 (the "Compensation Period") in the total amount of $220,548.50, reimbursement of certain expenses incurred by (or first billed by outside vendors to) Applicant in the amount of $158.56, and reimbursement of expenses incurred by individual Committee members in the amount of $572.50.

3.      Pursuant to the Interim Compensation Order, if no objections are timely filed to this Application, the Debtors are authorized to pay Applicant 80% of the requested fees and 100% of requested expenses in the aggregate amount of $177,169.86.  This Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and the Interim Compensation Order.

## GENERAL CASE BACKGROUND

4.      On August 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in these cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

5.      On August 16, 2018, the U.S. Trustee appointed the Committee, consisting of the following seven members: (i) Regency Centers, LP; (ii) Armouth Intl., Inc.; (iii) One Step Up, Ltd.; (iv) Mulitex, Ltd.; (v) Idea Nuova; (vi) Royal Deluxe Accessories; and (vii) Jasmine McGerr.

6.      That same day, the Committee selected (i) Cooley as its lead counsel, (ii) Fox Rothschild LLP as its Delaware counsel and (iii) Province, Inc. ("Province") as its financial advisor.

7.      On October 3, 2018, the Court entered an order authorizing the Committee to retain Cooley as its lead counsel [D.I. 537].

## JURISDICTION AND STATUTORY PREDICATES

8.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule 9013-1(f), Cooley consents to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.  The statutory predicates for the relief requested herein are §§ 105(a), 330 and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## SERVICES RENDERED DURING THE COMPENSATION PERIOD

9.      During the Compensation Period, Applicant's services to the Committee included professional advice and representation in connection with discrete categories in the chapter 11 proceedings.  The aggregate hours and amount billed for each category are set forth on the cover page to this Application.

10.     To apprise this Court of the legal services provided during the Compensation Period, Applicant sets forth the following summary of legal services rendered.  The summary is

3

intended only to highlight the general categories of services performed by Applicant on behalf of the Committee; it is not intended to set forth each and every item of professional services which Applicant performed.

**Asset Analysis and Recovery**

11.    This category includes time expended by Applicant conducting diligence on the Debtors' assets.  During the Compensation Period, Applicant spent time, among other things, reviewing and commenting on a preliminary and revised liquidation analysis prepared by Province, and communicating with Province and other interested parties regarding the foregoing.

12.    Applicant expended 3.3 hours of time for a charge of $2,931.50 for services rendered with respect to matters relating to asset analysis and recovery.

**Asset Disposition**

13.    This category includes time expended by Applicant with respect to the disposition of the Debtors' assets.  During the Compensation Period, Applicant (i) analyzed the store closing sales motion and related agency agreement, (ii) reviewed various objections to the store closing motion, and (iii) communicated with the Committee, the Debtors, other professionals and interested parties regarding the foregoing.

14.    Applicant expended 8.7 hours of time for a charge of $7,809.00 for services rendered with respect to matters relating to asset disposition.

**Business Operations**

15.    This category includes time spent by Applicant with respect to the Debtors' business operations.  During the Compensation Period, Applicant (i) analyzed the corporate and financial materials prepared by Province, (ii) reviewed the Debtors' monthly operating report, (iii) attended to the Debtors' sale and going out of business process and developed a strategy regarding

4

same, and (iv) conferred with the Committee, Province, and other estate professionals regarding the Debtors' finances, business practices, capital structure.

16.     Applicant expended 7.0 hours of time for a charge of $6,192.50 for services rendered with respect to matters relating to business operations.

**Case Administration**

17.     This category includes time expended by Applicant on a variety of activities relating to the day-to-day management of these chapter 11 cases.  Services rendered in this project category include (i) regularly conferring with the Committee, the Debtors, and other parties in interest regarding the status of the cases, (ii) drafting bylaws and other organizational documents for the Committee and conferring with members regarding same, (iii) reviewing and managing the critical dates calendar, (v) reviewing routine first day pleadings and the orders granting same, (vi) responding to creditor inquiries, (vii) scheduling meetings with certain vendors, and (viii) attending to miscellaneous tasks that do not properly fall into any other project category.

18.     Applicant expended 41.5 hours of time for a charge of $33,886.50 for services rendered in connection with case administration.

**Claims**

19.     This category includes time expended by Applicant with respect to potential claims against the Debtors' estates.  During the Compensation Period, Applicant spent time (i) reviewing and analyzing the critical vendor motion, (ii) researching issues regarding the proposed critical vendor program and drafting an objection to same, (iv) reviewing various reclamation claims filed by certain creditors and the Court-approved reclamation procedures, and (v) communicating with the Committee, Province, the Debtors, other interested parties regarding the foregoing.

20.    Applicant expended 46.5 hours of time for a charge of $39,481.50 for services rendered in connection with claims.

**Fee/Employment Applications**

21.    This category includes time expended by Applicant regarding the retention of various professionals in the Debtors' bankruptcy proceedings.  Applicant spent time during the Compensation Period, among other things, (i) reviewing and analyzing the terms of retention of the Debtors' professionals, (ii) drafting its retention application and (iii) communicating with the Committee and other parties in interest regarding the foregoing.

22.    Applicant expended 21.6 hours of time for a charge of $15,256.00 for services rendered with respect to matters relating to retention applications.

**Financing and Cash Collateral**

23.    This category includes time expended by Applicant with respect to the debtor-in-possession financing facility (the "DIP").  During the Compensation Period, Applicant (i) reviewed and analyzed the Debtors' DIP financing motion, the proposed DIP order, the DIP Credit Agreement, and the DIP budget, (ii) drafted an objection to the DIP financing motion, (iii) reviewed objections to the DIP financing motion filed by various parties in interest, (iv) conferred with the Debtors, the Committee, other estate professionals and the Debtors' lenders concerning issues with the proposed DIP financing and the budget.

24.    Applicant expended 46 hours of time for a charge of $37,030.00 for services rendered with respect to financing and cash collateral.

**Litigation**

25.    This category includes time expended by Applicant related to litigation matters. During the Compensation Period, Applicant spent time initiating its investigation of potential

claims and causes of action against the Debtors' insiders and lenders.  In connection with the investigation, Applicant spent time (i) drafting initial discovery requests to the Debtors and their lenders, (ii) conferring with the Debtors, their lenders, and other interested parties concerning the scope of the investigation and the discovery process, (iii) communicating with the Committee regarding the foregoing.

26.    Applicant expended 31.5 hours of time for a charge of $21,788.50 with respect to litigation.

**Meetings**

27.    This category includes time expended by Applicant preparing for and attending meetings with the Debtors, the Committee, their respective professionals, and other parties in connection with, *inter alia*, general case strategy, the DIP financing and budget, the Debtors' business plan, the Debtors' going out of business sales, the Committee's investigation of potential estate claims, and the proposed critical vendors program.

28.    Applicant expended 56.4 hours of time for a charge of $46,210.00 with respect to preparation for and attendance at meetings.

**Plan and Disclosure Statement**

29.    This category includes time expended by Applicant in connection with the Debtors' proposed plan and disclosure statement.  During the Compensation Period, Applicant spent time conferring with the Debtors and other parties in interest regarding a potential plan of reorganization and other strategic alternatives to a liquidation.

30.    Applicant expended 3.7 hours of time for a charge of $3,330.00 with respect to the Debtors' plan and disclosure statement.

**Travel**

31.      This category is for outbound travel time expended by Applicant in connection with the formation meeting held on August 16, 2018 in Wilmington, Delaware.  Non-working travel is billed at one-half time.

32.      Applicant billed 2.3 hours of non-working travel time, for a charge of $2,031.50.

**Leases and Executory Contracts**

33.      This category includes time expended by Applicant with respect to the Debtors' executory contracts and unexpired leases.  During the Compensation period, Applicant spent time (i) reviewing lease rejection procedures motion, (ii) responding to landlord inquiries and attending to issues regarding the payment of stub rent, and (iii) communicating with the Committee, the Debtors and other interested parties regarding the foregoing.

34.      Applicant expended 3.3 hours of time for a charge of $2,531.50 for services rendered with respect to the Debtors' executory contracts and unexpired leases.

## MATTERS PERTAINING TO APPLICANT DURING THE COMPENSATION PERIOD

35.      Applicant has maintained contemporaneous time records which indicate the time that each attorney has spent working on a particular matter and the nature of the work performed. Copies of these time records are annexed to this Application as **Exhibit A**.  The total number of hours expended by Applicant's attorneys and para-professionals during the Compensation Period in conjunction with these cases is 274.1.  All of the services have been rendered by those individuals at Applicant's firm.

36.      The personnel who have expended extensive time on this matter during the Compensation Period are as follows:  (a) Jay Indyke has been actively involved in all aspects of

these cases; and (b) Michael Klein, Max Schlan, Sarah Carnes, and Joseph Brown were responsible for the various day-to-day issues that arose during the Compensation Period.

37.     Applicant has extensive experience representing creditors' committees in the retail industry having represented official committees in cases such as American Apparel, Aerogroup International, Avenue Stores, Atari, Big M, Blockbuster, Bob's Stores, Brookstone, Charming Charlie, City Sports, Claire's, Eastern Outfitters, Eddie Bauer, Edwin Watts, Federated Department Stores, Filene's Basement, Fresh Produce, Fuhu, Golfsmith, Goody's Family Clothing, Gottschalk's, Hancock Fabrics, hhgregg, Hipcricket, Joyce Leslie, KB Toys, KIT Digital, Levitz Furniture, Mervyn's, Montgomery Ward, Orchard Brands, Pacific Sunwear of California, Pizzeria Uno, Pacific Sunwear, Princeton Ski Shops, Radioshack, Ritz Camera, rue21, Sbarro's, Steve & Barry's, Sharper Image, SkyMall, The Athlete's Foot, The Wet Seal, The Walking Company, Today's Man, True Religion, Vestis, and Videology, among many others.

38.     Applicant rendered all the professional services for which compensation is requested herein in connection with the Debtors' chapter 11 cases in furtherance of Applicant's professional responsibilities as attorneys for the Committee.

39.     During the Compensation Period, the partners, associates and para-professionals of Applicant devoted substantial time, 274.1 hours, in rendering professional services to the Committee, all of which time was reasonable and necessary.

40.     Applicant, by experience, training and ability, is fully qualified to perform the services for which compensation is sought here.  Applicant represents or holds no interest adverse to the Committee with respect to the matters upon which it is engaged.

41.     No agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in or in connection with these chapter 11 cases.

## EXPENSES INCURRED DURING THE COMPENSATION PERIOD

42.     Annexed as part of the cover sheet is a list of the necessary and actual disbursements incurred during the Compensation Period in connection with the above-described work.  The list is derived from the information found in **Exhibit A**.  These records indicate that Applicant has advanced during the Compensation Period the sum of $158.56 in necessary and actual out-of-pocket expenses.  Requests by Committee members for reimbursement of expenses incurred in connection with Committee business is attached as **Exhibit B**. The aggregate amount of expenses incurred by Committee members during the Monthly Period is $572.50.  In connection with said expenses, it should be noted that Applicant charges 25¢ per page for outgoing facsimiles with no charge for incoming facsimiles, 10¢ per page for photocopying and charges for meals only necessitated by meetings with the Debtors, the Committee, or when Applicant's personnel would work on these cases through a normal meal period.  Certain meals that may not have fit squarely in those categories were written off.

## NOTICE, PRIOR APPLICATION AND CERTIFICATION

43.     Notice of this Application has been provided in accordance with the Interim Compensation Order.  Applicant submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be provided.

44.     No previous application for the relief sought herein has been made to this or any other court.

45.    Applicant has reviewed the requirements of the Local Rules, including Local Rule 2016-1, and this Application complies with those rules.

**WHEREFORE**, Applicant hereby respectfully requests interim payment of (i) fees in the amount of $176,438.80 which is equal to the sum of 80% of Applicant's allowed compensation, for duly authorized, necessary and valuable professional services to the Committee incurred during the Compensation Period, (ii) reimbursement to Applicant for actual and necessary expenses incurred during the Compensation Period in connection with the aforesaid services in the aggregate amount of $158.56, and (iii) reimbursement of expenses incurred by Committee members in the aggregate amount of $572.50.

Dated:    October 9, 2018

COOLEY LLP

*/s/ Jay R. Indyke*
Jay R. Indyke
Sarah Carnes
Joseph Brown
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: jindyke@cooley.com
      scarnes@cooley.com
      jbrown@cooley.com

*Lead Counsel for the Official*
*Committee of Unsecured Creditors*