## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| J & M SALES, INC., *et al.*[1] | Case No. 18-11801 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 470, 527, 579 670 & ____ |

### ORDER GRANTING ASSUMPTION AND ASSIGNMENT OF LEASES OF NON-RESIDENTIAL REAL PROPERTY FROM DEBTORS TO PEGASUS TRUCKING, LLC AND GRANTING RELATED RELIEF

The Debtors having filed their "Notice Of Hearing To Consider Assumption Of Unexpired Leases And Executory Contracts" [D.I. 579] ("Notice") as part of the "Debtors' Motion For Orders (I)(A) Authorizing Assumption Of Backstop Agency Agreement, (B) Authorizing Bidding Protections, (C) Authorizing Bidding Procedures And Auction, And (D) Scheduling Sale Hearing And Approving Notice Thereof; (II) Authorizing (A) Sale Of Assets Or (B) Store Closing Sales And (III) Granting Related Relief" [D.I. 470] ("Motion"), with respect to the assumption and assignment of the unexpired non-residential real property leases identified on Exhibit 1 to this Order and incorporated herein by reference (the "Real Property Leases"). Further, the Debtors have filed their "Unexpired Lease Or Executory Contract Assumption And Cure Notice" [D.I. 527]. At an auction sale conducted on October 8, 2018, Pegasus Trucking, LLC ("Pegasus") was deemed the successful purchaser for certain of the Debtors' assets on a going concern basis and this Court having ordered and found that Pegasus was the highest and best offer for certain of the Debtors' assets at a hearing on October 12, 2018 and having entered its Order granting that relief

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

10014280v7

on October 17, 2018 [D.I. 670] (the "Sale Approval Order"), including approval of that certain Asset Purchase Agreement by and among the Debtors and Pegasus, dated October 4, 2018 (the "APA"), attached to the Sale Approval Order as Exhibit A, subject to the Court considering the Debtors' request that the Court consider assumption and assignment of the Real Property Leases to which this Order relates at a hearing on October 17, 2018 (the "Assumption and Assignment Hearing").  Nothing in this Order shall change or modify the existing Sale Approval Order with respect to the sale to Pegasus as contemplated in the APA other than with respect to the assumption and assignment of Non-Residential Leases of Real Property to which this Order relates.  Nothing in this Order affects existing Executory Contracts and all counterparties to such contracts with the Debtors have all of their rights reserved.  Based upon the Motion and Notice and it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion having been given and it appearing that no other notice need be given, and appearances of all interested parties having been noted on the record of the Hearing and upon all of the proceedings had before the Court (including but not limited to the testimony and other evidence proffered or adduced at the Hearing before the Court); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT**[2]

---

[2] The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy

10014280v7

A. **Jurisdiction**: This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1134.  Approval of the Debtors' entry into the APA for, among other things, the assumption and assignment of the Real Property Leases to Pegasus (the "Real Property Lease Assignments"), and the transactions contemplated thereby is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (D), (N) and (0).

B. **Venue**: Venue of these cases in this district is proper pursuant to 28 U.S.C. § 1409(a).

C. **Statutory Predicates**: The statutory predicates for the approval of the APA and the Real Property Lease Assignments are sections 105, 363, and 365 of chapter 11 of title 11 of the United States Code, ll U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1.

D. **Notice**: Proper, timely, adequate and sufficient notice of the Motion and the Assumption and Assignment Hearing has been provided in accordance with sections 102(1), 105(a), 363, 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 6004.  No other or further notice is required.

E. **Opportunity to be Heard**: A reasonable opportunity to object or be heard regarding the relief requested in the Motion, the Notice and the transactions pursuant thereto has been afforded to all interested persons and entities, including, without limitation, the following: (i) the Office of the United States Trustee, (ii) counsel to the Debtors' prepetition and postpetition lenders (the "Secured Lenders"), (iii) the Office of the United States Attorney for the District of Delaware, (iv) counsel to the Committee, (v) all parties who are known to assert any lien, claim, interest or

---

Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

3

encumbrance in or upon any of the Assets, (vi) all lessors of leases for the Stores, (vii) all applicable federal, state, and local taxing authorities (collectively, the "Taxing Authorities"), (viii) all applicable state attorneys general and (ix) all other applicable parties in interest, including all entities on the general case service list as of the date of entry of the Bidding Procedures Order ((i) through (ix) collectively, the "Notice Parties").  Objections, if any, to the Motion have been withdrawn or resolved and, to the extent not withdrawn or resolved, are hereby overruled.

F. **Business Judgment**: The Debtors' decision to assume and assign the Real Property Leases is a reasonable exercise of the Debtors' sound business judgment consistent with their fiduciary duties and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.  The Debtors have articulated good and sufficient reasons for the approval of the assumption and assignment of the Real Property Leases and the transactions contemplated thereby.

G. **Personally Identifiable Information**: The transactions contemplated by the Real Property Lease Assignments do not include the sale or lease of personally identifiable information or assets containing personally identifiable information, as defined in section 101(41A) of the Bankruptcy Code ("Personally Identifiable Information").  Such transactions do not require the appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) of the Bankruptcy Code.

H. **Time of the Essence**: Time is of the essence in effectuating the Real Property Lease Assignments and proceeding with the Sale to Pegasus contemplated under the APA without interruption.  The Pegasus sale must close by Friday, October 19, 2018 at 12:15 p.m., Eastern Time and approval of the Real Property Lease Assignments is a prerequisite to the going concern sale to Pegasus closing by the time stated above.  Based on the record of the going concern sale hearing

on October 12, 2018, this Order must be entered as soon as possible so that the going concern sale can close to maximize the value that the Bankruptcy Estates will realize from the sale. Accordingly, cause exists to lift the stay to the extent necessary, as contemplated by Bankruptcy Rules 4001(a) and 6004(h) and permit the immediate effectiveness of this Order.

I. **Corporate Authority**: Subject to the entry of this Order, the Debtors (i) have full corporate or other power to execute, deliver and perform their obligations to effectuate the assumption and assignment of the Real Property Leases and all other transactions contemplated by the APA and the Real Property Lease Assignments have been duly and validly authorized by all necessary corporate or similar action, (ii) have all of the corporate or other power and authority necessary to consummate the transactions contemplated by the APA, and (iii) have taken all actions necessary to authorize and approve the Real Property Lease Assignments and the transactions contemplated herein. No consents or approvals, other than those expressly provided for herein, are required for the Debtors to consummate such transactions.

J. **No Successor Liability**: Except as otherwise provided herein or in the APA, no sale, transfer or other disposition of the Assets and the assumption and assignment of the Real Property Leases will subject Pegasus and/or its affiliates, designees, assignees, successors, or any of their properties, assets, officers, directors, members, employees, or equity holders to any liability for claims, obligations or Encumbrances asserted against the Debtors or the Debtors' interests in such Assets by reason of such transfer under any laws, including, without limitation, any bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories. Pegasus is not a successor to the Debtors or their respective estates.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

10014280v7

**Motion Granted, Objections Overruled**

1. The relief requested in the Motion with respect to the assumption and assignment of the Real Property Leases is granted as set forth herein.

2. Any remaining objections to the Motion, the relief requested therein, or the assumption and assignment of the Real Property Leases that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections are overruled in all respects and denied; *provided*, *however*, that any filed objection related to the proposed Cure Amount for a Real Property Lease is explicitly preserved until the parties consensually resolve the objection or the Court enters an order ruling on the objection.  For the avoidance of doubt, this Order does not impact any of the unexpired non-residential real property leases of the Debtors except for the Real Property Leases and all of the landlords' rights are reserved with respect to those leases impacted by the designation rights component of the sale to Pegasus.

3. All of the provisions of this Order are nonseverable and mutually dependent.

**Assumption and Assignment of Leases to Pegasus is Approved and Authorized**

4. The assumption and assignment of the Real Property Leases is hereby approved and, subject to the terms of the APA, this Order and the occurrence of the Closing Date thereunder, pursuant to section 365 of the Bankruptcy Code, the Debtors are hereby authorized to assume and assign the Real Property Leases to Pegasus; *provided, however,* that there shall be no assumption of any Real Property Lease absent simultaneous assignment thereof to Pegasus.  The Real Property Leases are deemed assumed by the Debtors and assigned to Pegasus effective as of the Closing Date and, in accordance with sections 363 and 365 of the Bankruptcy Code, Pegasus shall be fully and irrevocably vested with all rights, title, and interest in and to each Real Property Lease as of

the Closing Date, and each provision of the Real Property Leases shall remain in full force and effect for the benefit of Pegasus.

5. Unless such Cure Amount has been asserted in a different amount by a landlord to a Real Property Lease, the Cure Amounts as to the Real Property Leases are fixed in the amounts set forth in the Debtor's Unexpired Lease or Executory Contract Assumption and Cure Notice filed on September 28, 2018 [D.I. 527] (the "Cure Schedule") and shall be paid on or within seven (7) business days of the Closing Date. With respect to amounts alleged by landlords under the Real Property Leases to be amounts for cure of defaults under Section 365(b)(1)(A) that differ from what is contained in the Cure Schedule (the "Disputed Cure Amounts"), Pegasus shall escrow the cumulative Disputed Cure Amounts at Closing which shall be held in a non-interest-bearing Delaware attorney trust account of Whiteford, Taylor & Preston, LLC, Delaware counsel to Pegasus, pending either a further order of this Court directing the payment of the Disputed Amounts to each of the landlords of the Real Property Leases or a settlement between Pegasus and such landlord of the Real Property Leases resolving the Disputed Cure Amounts needed to cure defaults. However, on the Closing Date of the going concern sale, the undisputed portion of the Cure Amounts set forth in the Cure Schedule for the Real Property Lease Assignments approved by this Order shall be paid on or within seven (7) business days of the Closing Date. Once a Disputed Cure Amount becomes undisputed, Pegasus shall pay the remaining portion due to the landlord within seven (7) business days of it becoming undisputed. A status conference regarding the Disputed Cure Amounts shall be held on November 16, 2018 at 10:00 a.m. (prevailing Eastern time). To the extent that an objection by a landlord to a Real Property Lease cannot be resolved as to the Disputed Cure Amount prior to the Closing Date, unless the parties agree otherwise in

writing, a hearing may be scheduled by either party to consider that unresolved objection at the next scheduled omnibus hearing before this Court on no less than seven (7) days' notice.

6. Pegasus has satisfied the requirements under sections 365(b)(1) and 365(f)(2) to provide adequate assurance of future performance under the Real Property Leases as reflected on the record at the Assumption and Assignment Hearing. Except as otherwise set forth in this Order, Pegasus shall not be required to provide any further evidence of any adequate assurance to any counterparty of the Real Property Leases.

7. Except as otherwise set forth in this Order, the assumption and assignment of the Real Property Leases provided for in this Order and pursuant to Section 365(b)(1)(A)-(C) of the Bankruptcy Code shall, upon closing of the going concern sale and payment of undisputed Cure Amounts and the funding of the escrow with respect to the cumulative Disputed Cure Amounts shall then subject the said Real Property Leases and give the Debtors the protections of Section 365(k) of the Bankruptcy Code which provides:

> Assignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment.

8. Except as otherwise provided in this Order, all monetary defaults under the Real Property Leases arising prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by payment of the Cure Amounts and the counterparties to the Real Property Leases shall be forever barred and estopped from asserting or claiming against the Debtors or Pegasus that any other amounts are due or other defaults exist under such Purchased Contracts as of the date of the assignment of such Real Property Lease; *provided*, *however*, notwithstanding anything to the contrary in the APA or this Order, Pegasus shall be responsible for all obligations

10014280v7

and any liabilities for breach of or default under such Real Property Leases arising or occurring after the Closing Date, and for payment of any and all obligations with respect to any year-end adjustments or reconciliations (including for royalties, rents, utilities, taxes, insurance, fees, common area or other maintenance charges, promotional funds, and/or percentage rent) that become due and owing after the Closing Date (irrespective of whether such obligations accrued or relate to the period before, on, or after the Closing Date); *provided*, *further*, without relieving Pegasus of its obligations under this Order or the APA, nothing in this Order or the APA shall relieve the Debtors from timely performing their obligations under Section 365(d)(3) of the Bankruptcy Code that arise prior to the assumption and assignment any Real Property Lease; *provided, further,* that any landlord to an assumed and assigned Real Property Lease may seek to recover from the Debtors (but not Pegasus) indemnification obligations, if any, arising from third-party claims asserted with respect to or arising from the Debtors' use and occupancy of the Premises prior to the Closing for which the Debtors had a duty to indemnify such landlord pursuant to any Real Property Lease, solely with respect to available insurance coverage that survives the Closing, if any; *provided*, *further*, that Pegasus shall not have any obligations to reimburse or indemnify the Debtors or the Debtors' insurer for any such recovery.

## **Order Binding**

9. This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file,

9

10014280v7

register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets.

10. This Order and the terms and provisions of the Real Property Leases shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Hilco joint venture parties, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Assets, notwithstanding any subsequent appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity or other fiduciary, such terms and provisions likewise shall be binding.  The provisions of this Order, and any actions taken pursuant hereto or thereto shall survive the entry of any order which may be entered confirming or consummating any plans) of the Debtors or converting the Debtors' cases from chapter 11 to chapter 7, and the terms and provisions of the assumption and assignment of leases, as well as the rights and interests granted pursuant to this Order, shall continue in these or any superseding cases and shall be binding upon the Debtors, and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.  Any trustee appointed in these cases shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order, and the trustee shall be and hereby are authorized to perform under this Order upon the appointment of the trustee without the need for further order of this Court.

## Other Provisions

11. To the extent that Pegasus does not make a rent payment to the applicable landlords of the Real Property Leases (excluding Michael Fallas), Pegasus shall not pay any rent to Michael

Fallas on account of his Real Property Leases with Pegasus. If this provision is invoked, Pegasus shall provide notice to the affected landlords of the Real Property Leases within seven (7) business days.

12. Promptly following the Closing, Pegasus shall execute an assumption and amendment agreement with the applicable landlord to an assumed and assigned Real Property Lease in a form acceptable to the landlord.

13. Except as expressly provided in the APA, Pegasus shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against Pegasus, in each case, other than as expressly provided for in the APA. Pegasus shall have no successor liability whatsoever with respect to any encumbrances or claims of any nature that may exist against the Debtors, including, without limitation, Pegasus shall not be, or be deemed to be: (a) a successor in interest within the meaning of any law, including any revenue, successor liability, pension, labor, ERISA, bulk transfer, products liability, tax or environmental law, rule or regulation, or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories; or (b) a joint employer, co-employer or successor employer with the Debtors, and the Agent shall have no obligation to pay wages, bonuses, severance pay, vacation pay, WARN act claims (if any), benefits or any other payments to employees of the Debtors, including pursuant to any collective bargaining agreement, employee pension plan, or otherwise, except as expressly set forth in the APA.

14. Pegasus is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Order, the various procedures contemplated. herein, any issues related to or otherwise connected to the assumption and assignment of leases.

15. Nothing contained in any plan confirmed in the Debtors' chapter 11 cases or any order of this Court confirming such plan or in any other order in these chapter 11 cases (including any order entered after the conversion of any of these cases to a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of going concern sale provided for in the APA.

16. Notwithstanding Bankruptcy Rules 4001 and 6004, or any other law that would serve to stay or limit the immediate effect of this Order, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and Pegasus are free to perform under this Order at any time, subject to the terms of the APA. For the avoidance of doubt, the Debtors are not subject to any stay in the implementation of the transactions contemplated by this Order.

17. To the extent that anything contained in this Order explicitly conflicts with a provision in the APA and the Sale Approval Order, this Order shall govern with respect to all issues under Section 365, 365(b)(1)(A)-(C), and 365(k) of the Bankruptcy Code and Bankruptcy Rule 6006; the Asset Purchase Agreement and Sale Order shall govern on all other matters.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October 18th, 2018  
Wilmington, Delaware

**LAURIE SELBER SILVERSTEIN**  
**UNITED STATES BANKRUPTCY JUDGE**

10014280v7