## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| J & M SALES, INC., *et al.*[1] | Case No. 18-11801 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 17, 2018, at 10:00 a.m. (ET)** |

### NOTICE OF ADDITION OF FOUR NON-RESIDENTIAL REAL PROPERTY LEASES AND DELETION OF FIVE NON-RESIDENTIAL REAL PROPERTY LEASES FROM LIST OF LEASES TO BE ASSUMED AND ASSIGNED BY DEBTORS TO PEGASUS TRUCKING, LLC

Pegasus Trucking, LLC ("Pegasus") hereby submits this Notice to amend the list of its Non-Residential Real Property to be Assumed By Debtors and Assigned To Pegasus Trucking, LLC , which was attached as Exhibit 1 to the Court's Order Granting Assumption And Assignment Of Leases Of Nonresidential Real Property From Debtors To Pegasus Trucking, LLC And Granting Related Relief [Dkt 675] (the "Assumption Order").  It is attached hereto as Exhibit "1".

At the hearing conducted  before this Court on October 17, the Court was advised that Pegasus had removed four locations from the list of those leases that it wished to have assumed and assigned to it which were described in the list filed with the Court on October 10, 2018 at Dkt. No. 579.  Specifically, Pegasus indicated that it would remove locations 166, 188, 336, and

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).  The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

682, more specifically described below.  Pegasus has elected to replace those locations back on the list and will proceed with the assumption and assignment of those leases to it.

1.      Location 166 is located at 2011 Sebastopol Road, Santa Rosa, California.  The landlord for this location is WRI Southern Industrial Pool, and its counsel is Ivan Gold of the Allen Matkins firm.  The Debtor listed the cure amount due to this landlord as $60,480, and the landlord listed the amount as $31,752.  Pegasus will accept the landlord's amount, and pursuant to the Assumption order shall pay the cure amount within seven (7) business days of closing of its purchase of assets from the Debtor ("Closing").  Pegasus has been in contact with counsel for this landlord and has requested its consent to assignment notwithstanding its previous objection based on adequate assurance grounds.  Counsel has indicated that he will contact his client and try and respond back to Pegasus during the business day on October 19, 2018.  However, this landlord had planned to oppose Pegasus' attempt to have this lease assumed and assigned to it, without limitation, based upon adequate assurance of future performance grounds.  Nothing in this Notice is meant to modify Mr. Gold's client's rights.  Their consent is presently being sought.

2.      Location 182 is located at 120 E. Compton Blvd, Compton, California.  The landlord for this location is Compton Commercial Redevelopment Co c/o Watt Management, and its counsel is Leslie Heilman at Ballard Spahr, LLP.  The Debtor listed the cure amount due to this landlord as $135,014.07, and the landlord alleged that the cure amount was $209,305.  Pursuant to the Assumption Order, Pegasus will pay the undisputed cure within seven business days of the Closing, and will deposit the disputed portion of the cure amount with Whiteford, Taylor & Preston, pursuant to a written escrow agreement, also within 7 business days of closing.  Pegasus has been in contact with counsel for the landlord and has requested its consent to assumption and assignment notwithstanding its previous objection on grounds of adequate

assurance. Counsel has indicated that she will contact her client and try and respond back to

Pegasus during the business day on October 19, 2018. However, this landlord had planned to

oppose Pegasus' attempt to have this lease assumed and assigned to it, without limitation, based

upon adequate assurance of future performance grounds. Nothing in this Notice is meant to

modify Ms. Heilman's client's rights. Their consent is presently being sought.

       3.     Location 336 is located at 1675 W. Valencia, Tuscon, AZ. The landlord is

Arizona ACV XV, LLC. The landlord did not file an objection to cure or on grounds of

adequate assurance. Pegasus will pay the undisputed cure amount of $50,150.73 within 7

business days of closing.[2]

       4.     Location 682 is located at 2025 E. Lake Mead, Las Vegas, NV. The landlord for

this location is Weingarten Nostat, Inc., and its counsel is Mr. Gold. The Debtor listed the cure

amount due to this landlord as $11,504.42, and the landlord alleged that the cure amount was

$14,955.74. Pursuant to the Assumption Order, Pegasus will pay the undisputed cure within

seven business days of the Closing, and will deposit the disputed portion of the cure amount with

Whiteford, Taylor & Preston, pursuant to a written escrow agreement, also within 7 business

days of closing. Pegasus has been in contact with counsel for the landlord and has requested its

consent to assumption and assignment notwithstanding its previous objection on grounds of

adequate assurance. Counsel has indicated that he will contact his client and try and respond

back to Pegasus during the business day on October 19, 2018. However, this landlord had

---

[2] Pursuant to the APA and the Sale Approval Order to Pegasus, Pegasus shall acquire Lease
Designation Rights. Under procedures approved by this Court regarding the exercise of such
rights, Pegasus shall give 14-Days notice to any designated landlord along with an adequate
assurance information/financial package. If no objections are filed by the designated landlord
within the 14-Day period Pegasus may file an order with the court approving the designation and
specific assumption and assignment.

planned to oppose Pegasus' attempt to have this lease assumed and assigned to it, without

limitation, based upon adequate assurance of future performance grounds.  Nothing in this

Notice is meant to modify Mr. Gold's client's rights.  Their consent is presently being sought.

## <u>REMOVAL OF LOCATIONS</u>

At the hearing on October 17 it was agreed on the record that Pegasus would have until

8:00 a.m., Eastern Time, on October 19, 2018 to designate the removal of stores from the list

attached to the Assumption Order.  Pegasus hereby gives notice that it is removing the following

stores from the leases it will have assumed and assigned to it.  Notwithstanding the removal of

these leases from the list, Pegasus will purchase the inventory therein at the rate of $.76/$1.00

provided for in the APA and will move them to other stores nearby which it is assuming.  Each

of these stores are located in Puerto Rico.  The stores to be removed are:

> Store 712, located at #100, Cabo Rojo, PR 00623;
>
> Store 713, located at 153 KM 13.7, Coamo, PR 00769;
>
> Store 717, located at Castro Ave. Int., Arcoiris, San Juan, PR 00908;
>
> Store 718, located at 172 Int PR 1, Cauguas, PR 00725; and
>
> Store 719 located at Center-PR 111 KM 17.6, San Sebastian, PR 00685.

WHEREFORE, Pegasus prays that it receive relief as provided for in this Notice and

prays for such other and further relief as is just and appropriate in the circumstances.

Dated: October 18, 2018                          Respectfully submitted
Wilmington, Delaware

                                    By:    */s/ Christopher M. Samis*
                                           Christopher M. Samis (DE No. 4909)
                                           L. Katherine Good (DE No. 5101)
                                           Aaron H. Stulman (DE No. 5807)
                                           WHITEFORD, TAYLOR & PRESTON LLC
                                           The Renaissance Centre

405 North King Street, Suite 500
Wilmington, Delaware 19801
Telephone:  (302) 353-4144
Facsimile:  (302) 661-7950
Email:        csamis@wtplaw.com
                  kgood@wtplaw.com
                  astulman@wtplaw.com

*-and-*

Victor A. Sahn (CA No. 97299))
**SULMEYER**KUPETZ, A.P.C.
333 South Hope Street, 35th Floor
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311
Facsimile:  (213) 629-4520
Email:        vsahn@sulmeyerlaw.com


Counsel for Pegasus Trucking, LLC

# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| J & M SALES, INC., *et al.*[1] | Case No. 18-11801 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 470, 527, 579 670 & ____ |

## ORDER GRANTING ASSUMPTION AND ASSIGNMENT OF LEASES OF NON-RESIDENTIAL REAL PROPERTY FROM DEBTORS TO PEGASUS TRUCKING, LLC AND GRANTING RELATED RELIEF

The Debtors having filed their "Notice Of Hearing To Consider Assumption Of Unexpired Leases And Executory Contracts" [D.I. 579] ("Notice") as part of the "Debtors' Motion For Orders (I)(A) Authorizing Assumption Of Backstop Agency Agreement, (B) Authorizing Bidding Protections, (C) Authorizing Bidding Procedures And Auction, And (D) Scheduling Sale Hearing And Approving Notice Thereof; (II) Authorizing (A) Sale Of Assets Or (B) Store Closing Sales And (III) Granting Related Relief" [D.I. 470] ("Motion"), with respect to the assumption and assignment of the unexpired non-residential real property leases identified on Exhibit 1 to this Order and incorporated herein by reference (the "Real Property Leases"). Further, the Debtors have filed their "Unexpired Lease Or Executory Contract Assumption And Cure Notice" [D.I. 527]. At an auction sale conducted on October 8, 2018, Pegasus Trucking, LLC ("Pegasus") was deemed the successful purchaser for certain of the Debtors' assets on a going concern basis and this Court having ordered and found that Pegasus was the highest and best offer for certain of the Debtors' assets at a hearing on October 12, 2018 and having entered its Order granting that relief

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

on October 17, 2018 [D.I. 670] (the "Sale Approval Order"), including approval of that certain

Asset Purchase Agreement by and among the Debtors and Pegasus, dated October 4, 2018 (the

"APA"), attached to the Sale Approval Order as Exhibit A, subject to the Court considering the

Debtors' request that the Court consider assumption and assignment of the Real Property Leases

to which this Order relates at a hearing on October 17, 2018 (the "Assumption and Assignment

Hearing").  Nothing in this Order shall change or modify the existing Sale Approval Order with

respect to the sale to Pegasus as contemplated in the APA other than with respect to the assumption

and assignment of Non-Residential Leases of Real Property to which this Order relates.  Nothing

in this Order affects existing Executory Contracts and all counterparties to such contracts with the

Debtors have all of their rights reserved.  Based upon the Motion and Notice and it appearing that

the relief requested is in the best interests of the Debtors, their estates, their creditors, and other

parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that consideration of the Motion and the relief requested

therein is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion having

been given and it appearing that no other notice need be given, and appearances of all interested

parties having been noted on the record of the Hearing and upon all of the proceedings had before

the Court (including but not limited to the testimony and other evidence proffered or adduced at

the Hearing before the Court); and the Court having found and determined that the relief sought in

the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

### FOUND AND DETERMINED THAT[2]

---

[2] The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy

10014280v7

A. **Jurisdiction**: This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1134.  Approval of the Debtors' entry into the APA for, among other things, the assumption and assignment of the Real Property Leases to Pegasus (the "Real Property Lease Assignments"), and the transactions contemplated thereby is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (D), (N) and (0).

B. **Venue**: Venue of these cases in this district is proper pursuant to 28 U.S.C. § 1409(a).

C. **Statutory Predicates**: The statutory predicates for the approval of the APA and the Real Property Lease Assignments are sections 105, 363, and 365 of chapter 11 of title 11 of the United States Code, ll U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1.

D.   **Notice**: Proper, timely, adequate and sufficient notice of the Motion and the Assumption and Assignment Hearing has been provided in accordance with sections 102(1), 105(a), 363, 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 6004.  No other or further notice is required.

E. **Opportunity to be Heard**: A reasonable opportunity to object or be heard regarding the relief requested in the Motion, the Notice and the transactions pursuant thereto has been afforded to all interested persons and entities, including, without limitation, the following: (i) the Office of the United States Trustee, (ii) counsel to the Debtors' prepetition and postpetition lenders (the "Secured Lenders"), (iii) the Office of the United States Attorney for the District of Delaware, (iv) counsel to the Committee, (v) all parties who are known to assert any lien, claim, interest or

---

Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

10014280v7

encumbrance in or upon any of the Assets, (vi) all lessors of leases for the Stores, (vii) all applicable federal, state, and local taxing authorities (collectively, the "Taxing Authorities"), (viii) all applicable state attorneys general and (ix) all other applicable parties in interest, including all entities on the general case service list as of the date of entry of the Bidding Procedures Order ((i) through (ix) collectively, the "Notice Parties").  Objections, if any, to the Motion have been withdrawn or resolved and, to the extent not withdrawn or resolved, are hereby overruled.

F.   **Business Judgment**: The Debtors' decision to assume and assign the Real Property Leases is a reasonable exercise of the Debtors' sound business judgment consistent with their fiduciary duties and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.  The Debtors have articulated good and sufficient reasons for the approval of the assumption and assignment of the Real Property Leases and the transactions contemplated thereby.

G.   **Personally Identifiable Information**: The transactions contemplated by the Real Property Lease Assignments do not include the sale or lease of personally identifiable information or assets containing personally identifiable information, as defined in section 101(41A) of the Bankruptcy Code ("Personally Identifiable Information").  Such transactions do not require the appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) of the Bankruptcy Code.

H.   **Time of the Essence**: Time is of the essence in effectuating the Real Property Lease Assignments and proceeding with the Sale to Pegasus contemplated under the APA without interruption.  The Pegasus sale must close by Friday, October 19, 2018 at 12:15 p.m., Eastern Time and approval of the Real Property Lease Assignments is a prerequisite to the going concern sale to Pegasus closing by the time stated above.  Based on the record of the going concern sale hearing

4

on October 12, 2018, this Order must be entered as soon as possible so that the going concern sale can close to maximize the value that the Bankruptcy Estates will realize from the sale. Accordingly, cause exists to lift the stay to the extent necessary, as contemplated by Bankruptcy Rules 4001(a) and 6004(h) and permit the immediate effectiveness of this Order.

I.  **Corporate Authority**: Subject to the entry of this Order, the Debtors (i) have full corporate or other power to execute, deliver and perform their obligations to effectuate the assumption and assignment of the Real Property Leases and all other transactions contemplated by the APA and the Real Property Lease Assignments have been duly and validly authorized by all necessary corporate or similar action, (ii) have all of the corporate or other power and authority necessary to consummate the transactions contemplated by the APA, and (iii) have taken all actions necessary to authorize and approve the Real Property Lease Assignments and the transactions contemplated herein.  No consents or approvals, other than those expressly provided for herein, are required for the Debtors to consummate such transactions.

J.  **No Successor Liability**: Except as otherwise provided herein or in the APA, no sale, transfer or other disposition of the Assets and the assumption and assignment of the Real Property Leases will subject Pegasus and/or its affiliates, designees, assignees, successors, or any of their properties, assets, officers, directors, members, employees, or equity holders to any liability for claims, obligations or Encumbrances asserted against the Debtors or the Debtors' interests in such Assets by reason of such transfer under any laws, including, without limitation, any bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories. Pegasus is not a successor to the Debtors or their respective estates.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

10014280v7

## Motion Granted, Objections Overruled

1.  The relief requested in the Motion with respect to the assumption and assignment of the Real Property Leases is granted as set forth herein.

2.  Any remaining objections to the Motion, the relief requested therein, or the assumption and assignment of the Real Property Leases that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections are overruled in all respects and denied; *provided*, *however*, that any filed objection related to the proposed Cure Amount for a Real Property Lease is explicitly preserved until the parties consensually resolve the objection or the Court enters an order ruling on the objection.  For the avoidance of doubt, this Order does not impact any of the unexpired non-residential real property leases of the Debtors except for the Real Property Leases and all of the landlords' rights are reserved with respect to those leases impacted by the designation rights component of the sale to Pegasus.

3.  All of the provisions of this Order are nonseverable and mutually dependent.

## Assumption and Assignment of Leases to Pegasus is Approved and Authorized

4.  The assumption and assignment of the Real Property Leases is hereby approved and, subject to the terms of the APA, this Order and the occurrence of the Closing Date thereunder, pursuant to section 365 of the Bankruptcy Code, the Debtors are hereby authorized to assume and assign the Real Property Leases to Pegasus; *provided, however,* that there shall be no assumption of any Real Property Lease absent simultaneous assignment thereof to Pegasus.  The Real Property Leases are deemed assumed by the Debtors and assigned to Pegasus effective as of the Closing Date and, in accordance with sections 363 and 365 of the Bankruptcy Code, Pegasus shall be fully and irrevocably vested with all rights, title, and interest in and to each Real Property Lease as of

6

the Closing Date, and each provision of the Real Property Leases shall remain in full force and effect for the benefit of Pegasus.

5.    Unless such Cure Amount has been asserted in a different amount by a landlord to a Real Property Lease, the Cure Amounts as to the Real Property Leases are fixed in the amounts set forth in the Debtor's Unexpired Lease or Executory Contract Assumption and Cure Notice filed on September 28, 2018 [D.I. 527] (the "Cure Schedule") and shall be paid on or within seven (7) business days of the Closing Date.  With respect to amounts alleged by landlords under the Real Property Leases to be amounts for cure of defaults under Section 365(b)(1)(A) that differ from what is contained in the Cure Schedule (the "Disputed Cure Amounts"), Pegasus shall escrow the cumulative Disputed Cure Amounts at Closing which shall be held in a non-interest-bearing Delaware attorney trust account of Whiteford, Taylor & Preston, LLC, Delaware counsel to Pegasus, pending either a further order of this Court directing the payment of the Disputed Amounts to each of the landlords of the Real Property Leases or a settlement between Pegasus and such landlord of the Real Property Leases resolving the Disputed Cure Amounts needed to cure defaults.  However, on the Closing Date of the going concern sale, the undisputed portion of the Cure Amounts set forth in the Cure Schedule for the Real Property Lease Assignments approved by this Order shall be paid on or within seven (7) business days of the Closing Date.  Once a Disputed Cure Amount becomes undisputed, Pegasus shall pay the remaining portion due to the landlord within seven (7) business days of it becoming undisputed.  A status conference regarding the Disputed Cure Amounts shall be held on November 16, 2018 at 10:00 a.m. (prevailing Eastern time).  To the extent that an objection by a landlord to a Real Property Lease cannot be resolved as to the Disputed Cure Amount prior to the Closing Date, unless the parties agree otherwise in

writing, a hearing may be scheduled by either party to consider that unresolved objection at the next scheduled omnibus hearing before this Court on no less than seven (7) days' notice.

6.  Pegasus has satisfied the requirements under sections 365(b)(1) and 365(f)(2) to provide adequate assurance of future performance under the Real Property Leases as reflected on the record at the Assumption and Assignment Hearing.  Except as otherwise set forth in this Order, Pegasus shall not be required to provide any further evidence of any adequate assurance to any counterparty of the Real Property Leases.

7.  Except as otherwise set forth in this Order, the assumption and assignment of the Real Property Leases provided for in this Order and pursuant to Section 365(b)(1)(A)-(C) of the Bankruptcy Code shall, upon closing of the going concern sale and payment of undisputed Cure Amounts and the funding of the escrow with respect to the cumulative Disputed Cure Amounts shall then subject the said Real Property Leases and give the Debtors the protections of Section 365(k) of the Bankruptcy Code which provides:

> Assignment by the trustee to an **entity** of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment.

8.  Except as otherwise provided in this Order, all monetary defaults under the Real Property Leases arising prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by payment of the Cure Amounts and the counterparties to the Real Property Leases shall be forever barred and estopped from asserting or claiming against the Debtors or Pegasus that any other amounts are due or other defaults exist under such Purchased Contracts as of the date of the assignment of such Real Property Lease; *provided*, *however*, notwithstanding anything to the contrary in the APA or this Order, Pegasus shall be responsible for all obligations

8

and any liabilities for breach of or default under such Real Property Leases arising or occurring after the Closing Date, and for payment of any and all obligations with respect to any year-end adjustments or reconciliations (including for royalties, rents, utilities, taxes, insurance, fees, common area or other maintenance charges, promotional funds, and/or percentage rent) that become due and owing after the Closing Date (irrespective of whether such obligations accrued or relate to the period before, on, or after the Closing Date); *provided*, *further*, without relieving Pegasus of its obligations under this Order or the APA, nothing in this Order or the APA shall relieve the Debtors from timely performing their obligations under Section 365(d)(3) of the Bankruptcy Code that arise prior to the assumption and assignment any Real Property Lease; *provided, further,* that any landlord to an assumed and assigned Real Property Lease may seek to recover from the Debtors (but not Pegasus) indemnification obligations, if any, arising from third-party claims asserted with respect to or arising from the Debtors' use and occupancy of the Premises prior to the Closing for which the Debtors had a duty to indemnify such landlord pursuant to any Real Property Lease, solely with respect to available insurance coverage that survives the Closing, if any; *provided*, *further*, that Pegasus shall not have any obligations to reimburse or indemnify the Debtors or the Debtors' insurer for any such recovery.

## **Order Binding**

9.  This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file,

register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets.

10. This Order and the terms and provisions of the Real Property Leases shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Hilco joint venture parties, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Assets, notwithstanding any subsequent appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity or other fiduciary, such terms and provisions likewise shall be binding. The provisions of this Order, and any actions taken pursuant hereto or thereto shall survive the entry of any order which may be entered confirming or consummating any plans) of the Debtors or converting the Debtors' cases from chapter 11 to chapter 7, and the terms and provisions of the assumption and assignment of leases, as well as the rights and interests granted pursuant to this Order, shall continue in these or any superseding cases and shall be binding upon the Debtors, and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code. Any trustee appointed in these cases shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order, and the trustee shall be and hereby are authorized to perform under this Order upon the appointment of the trustee without the need for further order of this Court.

## **Other Provisions**

11. To the extent that Pegasus does not make a rent payment to the applicable landlords of the Real Property Leases (excluding Michael Fallas), Pegasus shall not pay any rent to Michael

Fallas on account of his Real Property Leases with Pegasus.  If this provision is invoked, Pegasus shall provide notice to the affected landlords of the Real Property Leases within seven (7) business days.

12.  Promptly following the Closing, Pegasus shall execute an assumption and amendment agreement with the applicable landlord to an assumed and assigned Real Property Lease in a form acceptable to the landlord.

13.  Except as expressly provided in the APA, Pegasus shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against Pegasus, in each case, other than as expressly provided for in the APA.  Pegasus shall have no successor liability whatsoever with respect to any encumbrances or claims of any nature that may exist against the Debtors, including, without limitation, Pegasus shall not be, or be deemed to be: (a) a successor in interest within the meaning of any law, including any revenue, successor liability, pension, labor, ERISA, bulk transfer, products liability, tax or environmental law, rule or regulation, or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories; or (b) a joint employer, co-employer or successor employer with the Debtors, and the Agent shall have no obligation to pay wages, bonuses, severance pay, vacation pay, WARN act claims (if any), benefits or any other payments to employees of the Debtors, including pursuant to any collective bargaining agreement, employee pension plan, or otherwise, except as expressly set forth in the APA.

14.  Pegasus is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Order, the various procedures contemplated. herein, any issues related to or otherwise connected to the assumption and assignment of leases.

11

15.   Nothing contained in any plan confirmed in the Debtors' chapter 11 cases or any order of this Court confirming such plan or in any other order in these chapter 11 cases (including any order entered after the conversion of any of these cases to a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of going concern sale provided for in the APA.

16.   Notwithstanding Bankruptcy Rules 4001 and 6004, or any other law that would serve to stay or limit the immediate effect of this Order, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and Pegasus are free to perform under this Order at any time, subject to the terms of the APA.  For the avoidance of doubt, the Debtors are not subject to any stay in the implementation of the transactions contemplated by this Order.

17.   To the extent that anything contained in this Order explicitly conflicts with a provision in the APA and the Sale Approval Order, this Order shall govern with respect to all issues under Section 365, 365(b)(1)(A)-(C), and 365(k) of the Bankruptcy Code and Bankruptcy Rule 6006; the Asset Purchase Agreement and Sale Order shall govern on all other matters.

18.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: October 18th, 2018**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

12

**Exhibit 1**

| No. | Michael's List | Landlord | Attorneys | Lease Location | Address | Cure Amount | Landlord Objection Cure Amount |
|-----|------|----------|-----------|----------------|---------|-------------|-------------------------------|
| 1 | 118 | FALLAS BORROWER IV LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 118 | 9060 Firestone Blvd. Downey, CA 90241 | $63,800.00 | |
| 2 | 159 | 5450 CHERRY LLC C/O LBPM 4730 WOODMAN AVE. #200 SHERMAN OAKS, CA 91423 | | Real Property Lease for Location # 159 | 5502-A Cherry Avenue Long Beach, CA 90805 | $52,433.34 | |
| 3 | 100 | FALLAS BORROWER IV LLC J&M PROPERTIES LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 100 | 15001 S. Figueroa St. Gardena, CA 90248 | $39,581.00 | |
| 4 | 102A | 6719 PACIFIC BOULEVARD RE HOLDINGS 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | | Real Property Lease for Location # 102A | 6719 Pacific Blvd. Huntington Park, CA 90255 | | |
| 5 | 102B | FALLAS BORROWER I, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 102B | 6723-6725 Pacific Blvd. Huntington Park, CA 90255 | $67,675.00 | |
| 6 | 177 | UPSIDE CRENSHAW HOLDING, LLC C/O NEWMARK MERRILL COMPANIES 5850 CANOGA AVE. SUITE 650 WOODLAND HILLS, CA 91367 | Robert L. LeHane Jennifer D. Raviele Kelley Drye & Warren LLP 101 Park Avenue New York, New York 10178 Tel: 212-808-7800 Fax: 212-808-7897 KDWBankruptcyDe partment@kelleydry e.com | Real Property Lease for Location # 177 | 2870 W. Imperial Hwy. Inglewood, CA 90303 | $34,141.22 | $47,196.52 |

1001428Dv7

| No. | Name / Address | | Description | Property Location | | |
|---|---|---|---|---|---|---|
| | | rlehane@kelleydrye.com<br>jraviele@kelleydrye.com | | | | |
| 8 | FALLAS BORROWER IV, LLC<br>15001 S FIGUEROA ST<br>GARDENA, CA 90248<br><br>430 | Fallas | Real Property Lease for Location # 430 | 909, 911 N. Avalon Blvd. Wilmington, CA 90744 | $44,540.00 | |
| 9 | 449 S. BROADWAY LLC<br>15001 SO. FIGUEROA ST.<br>GARDENA, CA 90248<br><br>101A | Fallas | Real Property Lease for Location # 101A | 445 S. Broadway Los Angeles, CA 90013 | $197,041.58 | |
| 10 | FALLAS BORROWER IV, LLC<br>15001 SO. FIGUEROA ST.<br>GARDENA, CA 90248<br><br>101B | | Real Property Lease for Location # 101B | 449 S. Broadway Los Angeles, CA 90013 | | |
| 11 | 4765 WHITTIER BLVD RE HOLDINGS<br>15001 S FIGUEROA ST<br>GARDENA, CA 90248<br><br>104 | | Real Property Lease for Location # 104 | 4774 Whittier Blvd. Los Angeles, CA 90022 | | |
| 12 | DMDE PROPERTIES, LP<br>1118 E ROUTE 66<br>GLENDORA, CA 91740<br><br>LUCILLE H ERICKSON, TRUSTEE OF THE ERICKSON TRUST 1986 - Q TIP TRUST<br>3300 IRVINE AVENUE SUITE 270<br>NEWPORT BEACH, CA 92660<br><br>115 | | Real Property Lease for Location # 115 | 1533 N. Vermont Ave. Los Angeles, CA 90027 | $50,200.00 | |
| 13 | WESTERN & VENICE SC, LLC<br>6300 WILSHIRE BLVD STE. 1490<br>LOS ANGELES, CA 90048<br><br>637 | Roye Zur, Esquire Landau Gottfried & Berger LLP 1801 Century Park East, Suite 700 | Real Property Lease for Location # 637 | 1645 S Western Ave. Los Angeles, CA 90006 | $83,333.34 | $99,498.94 |

1001428Ov7

| # | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Los Angeles, CA 90067 (310) 557-0050 (310) 557-0056 rzur@lgbfirm.com Christopher P. Simon, Esquire Cross & Simon, LLC 1105 North Market Street, Suite 901 Wilmington, Delaware 19801 (302) 777-4200 (302) 777-4224 csimon@crosslaw.com | | | | | |
| 14 | FALLAS BORROWER II, LLC 15001 S. FIGUEROA STREET GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 106 | 6633 Van Nuys Blvd. Van Nuys, CA 91411 | $135,290.00 | |
| 15 | J & M PROPERTIES, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 117 | 575 S. Ventura Rd. Oxnard, CA 93033 | $45,000.00 | $60,312.79[3] |
| 16 | 99 CENTS ONLY STORES 4000 UNION PACIFIC AVE ATTN: REAL ESTATE DEPT #0137 CITY OF COMMERCE, CA 90023-3202 | Ballard Spahr LLP Attn: David L. Pollack, Esq. 51st Floor - Mellon Bank Center 1735 Market Street Philadelphia, PA 19103 (215) 864-8325 (215) 864-9473 | Real Property Lease for Location # 129 | 12480 Amargosa Rd., Suite A Victorville, CA 92392 | $54,000.46 | $67,714.76 |

[3] This amount represents an amount alleged to be owed under an REA with a third-party property owner.

| # | Counterparty | Contact | Description | Property Address | Amount |
|---|---|---|---|---|---|
| | | pollack@ballardspahr.com<br><br>Ballard Spahr LLP<br>Attn: Leslie C. Heilman **(person to contact)**<br>919 N. Market Street, 11th Floor Wilmington, DE 19801<br>(302) 252-4465<br>(302) 252-4466<br>heilmanl@ballardspahr.com<br><br>Ballard Spahr LLP<br>Attn: Dustin P. Branch<br>2029 Century Park East, Suite 800 Los Angeles, CA 90067-3012<br>(424) 204-4354<br>(424) 204-4350<br>branchd@ballardspahr.com | | | |
| 17 | JR 7TH STREET, LLC 11111 SANTA MONICA BLVD. STE. 520 LOS ANGELES, CA 90025 | | Real Property Lease for Location # 420 | 14598 7th Street, #B Victorville, CA 92395 | $26,400.00 |
| 18 | FALLAS BORROWER IV, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 124 | 1661 N. Hacienda Blvd. La Puente, CA 91744 | $51,939.40 |
| 19 | J & M PROPERTIES, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for | 1743 E. Palmdale Blvd. | $44,342.00 |

| # | Debtor | Loc # | Counterparty | Description | Address | Amount |
|---|---|---|---|---|---|---|
| | | | | Location # 132 | Palmdale, CA 92550 | |
| 20 | FALLAS BORROWER IV, LLC POMONA DEVELOPMENT LLC 15001 S FIGUEROA ST GARDENA, CA 90248 | 186 | Fallas | Real Property Lease for Location # 186 | 601A E. Holt Avenue Pomona, CA 91767 | $42,048.00 |
| 21 | FALLAS BORROWER IV, LLC 15001 SO. FIGUEROA ST GARDENA, CA 90248 | 417 | Fallas | Real Property Lease for Location # 417 | 1261 N. Azusa Ave. Covina, CA 91722 | $120,198.00 |
| 22 | 4010 EAST HIGHLAND AVENUE LLC 15001 S FIGUEROA STREET GARDENA, CA 90248 | 400 | Fallas | Real Property Lease for Location # 400 | 4010 E. Highland Ave. Highland, CA 92346 | $102,948.00 |
| 23 | FALLAS BORROWER IV, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | 123 | Fallas | Real Property Lease for Location # 123 | 34 E. 2nd St. Calexico, CA 92231 | $55,550.00 |
| 24 | FALLAS BORROWER IV, LLC 15001 S. FIGUEROA ST GARDENA, CA 90248 | 437 | Fallas | Real Property Lease for Location # 437 | 840 S. Alvarado Blvd. Los Angeles, CA 90057 | $53,300.00 |
| 25 | PACLEXICO,LLC 12100 WILSHIRE BLVD STE. 1050 LOS ANGELES, CA 90025 | 141 | | Real Property Lease for Location # 141 | 2320 N. Imperial Ave. Calexico, CA 92231 | $36,725.22 |
| 26 | J & M PROPERTIES, LP 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | 207 | Fallas | Real Property Lease for Location # 207 | 1800 E. Palo Verde St. Yuma, AZ 85365 | $56,915.38 |
| 27 | 527 MAIN STREET LLC 12219 LEMON CT TRUCKEE, CA 96161 | 607 | Kevin Capuzzi, Esq. 222 Delaware Avenue, Suite 801 | Real Property Lease for | 22441 Hwy 95 527 North Main St. | $17,238.00 |

10014280v7

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Wilmington, DE 19801 302.442.7063 kcapuzzi@beneschlaw.com | Location # 607 | San Luis, AZ 85349 | | |
| 28 | FALLAS BORROWER IV, LLC 15001 S FIGUEROA ST GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 173 | 6300 Mack Road Sacramento, CA 95823 | $42,000.34 | |
| 29 | FALLAS BORROWER IV, LLC 15001 SO. FIGUEROA ST GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 402 | 2602 Somersville Rd. Antioch, CA 94509 | $139,385.00 | |
| 30 | SAVE MART SUPERMARKETS SMS MANAGEMENT P.O. BOX 5234 MODESTO, CA 95352-5234 | | Real Property Lease for Location # 147 | 13220 San Pablo Ave. San Pablo, CA 94806 | $99,575.50 | |
| 32 | ALBERTSONS/SAFEWAY INC 250 E PARKCENTER BLVD ATTN: TARA EMERY PROP MGMT (3108) BOISE, ID 83706 | | Real Property Lease for Location # 175 | 375 N. Capitol Ave. San Jose, CA 95133 | $143,053.68 | |
| 33 | FALLAS BORROWER IV, LLC 15001 S FIGUEROA ST GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 431 | 10715-10739 MacArthur Blvd. Oakland, CA 94605 | $51,543.00 | |
| 34 | RALPHS GROCERY COMPANY ATTN: PROPERTY MANAGEMENT 1100 W. ARTESIA BLVD. COMPTON, CA 90220 | | Real Property Lease for Location # 658 | 1022 East Alisal Salinas, CA 93905 | $70,604.46 | $108,226.20 |
| 35 | MISSION LODGE MASONIC HALL CA CORP 2668 MISSION ST., 2ND FLOOR SAN FRANCISCO, CA 94110 | Nancy J. Newman, Esq. Hanson Bridgett LLP | Real Property Lease for Location # 662 | 2664 Mission St. San Francisco, CA 94110 | $25,710.00 | $40,848.00 |

10014280v7

| # | Counterparty | | Contract | Property Address | Amount |
|---|---|---|---|---|---|
| | | 425 Market Street, 26th Floor San Francisco, CA 94105 415-995-5052 Direct Phone 415-995-3450 Fax mnewman@hansonbridgett.com<br><br>Susan E. Kaufman, Esq., 919 North Market Street, Suite 460 Wilmington, DE 19801 (302) 472-7420 / (302) 792-7420 Fax skaufman@skaufmannlaw.com | | | |
| 36 | FORCE FULTON MALL LLC 15001 S. FIGUEROA ST. GARDENA, CA 90248<br>111 | Fallas | Real Property Lease for Location # 111 | 1136 Fulton Mall Fresno, CA 93721 | $20,000.00 |
| 37 | 1467 COUNTRY CLUB DRIVE LLC 15001 S FIGUEROA ST GARDENA, CA 90248<br>428 | Fallas | Real Property Lease for Location # 428 | 1467 Country Club Dr. Madera, CA 93638 | $98,538.00 |
| 38 | 1240 WEST MAIN STREET LLC 15001 S FIGUEROA ST GARDENA, CA 90248<br>640 | Fallas | Real Property Lease for Location # 640 | 1240 West. Main St. Merced, CA 95340 | $27,962.00 |
| 39 | FALLAS BORROWER IV, LLC 15001 SO. FIGUEROA ST GARDENA, CA 90248<br>413 | Fallas | Real Property Lease for | 201 Town Center W. Santa Maria, CA 93458 | $55,500.00 |

| # | | | Location # 413 | | $36,030.00 | |
|---|---|---|---|---|---|---|
| 40 | 580 NORTH 11TH STREET LLC 15001 SO. FIGUEROA ST GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 630 | 580 North 11th Street Hanford, CA 93230 | | |
| 41 | FALLAS BORROWER IV, LLC 15001 S FIGUEROA ST GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 695 | 2300 White Lane Bakersfield, CA 93304 | $53,800.00 | |
| 42 | JEEG TRUST 309 W. LAKE MEAD PKY STE. # 150 HENDERSON, NV 89015 | | Real Property Lease for Location # 120 | 4510 Meadows Lane Las Vegas, Nevada 89107 | $52,833.34 | |
| 43 | SUNRISE MARKETPLACE STATION LLC 11501 NORTHLAKE DR CINCINNATI, OH 45249 | Saul Ewing Arnstein & Lehr LLP Maria Ellena Chavez-Ruark, Esq. 500 East Pratt Street, 9th Floor Baltimore, MD 21202 (410) 332-8797 maria.ruark@saul.com; Saul Ewing Arnstein & Lehr LLP Lucian Murley, Esquire 1201 North Market Street, Suite 2300 P.O. Box 1266 Wilmington, DE 19899 | Real Property Lease for Location # 128 | 480 North Nellis Blvd. Las Vegas, NV 89110 | $52,456.17 | $73,703.73 |

| | | | | | |
|---|---|---|---|---|---|
| 44 | 178 | ARILEX TROPICANA ASSOCIATES, LLC C/O MDL GROUP 5960 SOUTH JONES BLVD. LAS VEGAS, NV 89118 | (302) 421-6898 luke.murley@saul.com | Real Property Lease for Location # 178 | 3085 E. Tropicana Ave. Las Vegas, NV 89121 | $28,162.74 | |
| 46 | 330 | J & M PROPERTIES, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 330 | 308 E. University Ave. Mesa, AZ 85201 | $40,266.00 | |
| 48 | 602 | LOMA LINDA MALL, LLC MS. JULIE NILES, PROP. MANAGER VENTURE WEST REAL ESTATE SERVICES 6007 E. GRANT ROAD TUCSON, AZ 85712 | Russell E. Krone Thompson•Krone, P.L.C. 4601 East Ft. Lowell Rd. Suite 109 Tucson, Arizona 85712 p: (520) 884-9694 Ext. 12 f: (520) 323-4613 russ@thompsonkrone.com | Real Property Lease for Location # 602 | 323 West Mariposa Rd. Nogales, AZ 85621 | $16,215.47 | |
| 49 | 603 | LARRIVA CORPORATION 441 N GRAND AVE. STE. 14 NOGALES, AZ 85621 | | Real Property Lease for Location # 603 | 75 North Terrace Ave. Nogales, AZ 85621 | $29,884.00 | |
| 50 | 189 | DESERT SKY ESPLANADE, LLC PO BOX 3329 SEAL BEACH, CA 90740  DESERT SKY ESPLANADE, LLC C/O PROPERTY MANAGEMENT ADVISORS INC | Cameron Nazemi **(person to contact)** Sr. Vice President and General Counsel Red Mountain Group 1234 E. 17th Street Santa Ana, CA 92701 | Real Property Lease for Location # 189 | 2020 N. 75th Avenue Suite 45 Phoenix, AZ 85035 | $23,393.73 | |

1001428v7

| | | | | | |
|---|---|---|---|---|---|
| | 1234-B E. 17TH STREET SANTA ANA, CA 92701 | 657.383.4207 Cell 949.677.5296 cnazemi@rnrgrnc.com<br><br>Byron Z. Moldo Ervin Cohen & Jessup LLP 9401 Wilshire Boulevard, 9th Floor Beverly Hills, CA 90212 310.273.6333 310.887.6802 bmoldo@ecjlaw.com | | | |
| 51 | HERSON PROPERTIES LLC C/O WESSEX COMMERCIAL MGMT PO BOX 44033 PHOENIX, AZ 85064-4033<br><br>HERSON PROPERTIES LLC C/O WESSEX COMMERCIAL MGMT 3295 N. DRINKWATER BLVD., STE. 11 SCOTTSDALE, AZ 85251 | | Real Property Lease for Location # 332 | 26 East Baseline Rd. Ste. # 110 Phoenix, AZ 85040 | $24,630.79 |
| 52 | J & M PROPERTIES, LP 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 300 | 333 Montano Rd. NW Albuquerque, NM 87107 | $42,570.50 |
| 53 | ZUNI ALBUQUERQUE 2005 C/O RAY STONE INCORPORATED 550 HOWE AVE. STE. 100 SACRAMENTO, CA 95825 | | Real Property Lease for Location # 321 | 5555 Zuni Rd. SE #27 Albuquerque, NM 87108 | $40,344.63 |

10014280v7

| # | Name/Address | Contact | Description | Property Address | Amount |
|---|---|---|---|---|---|
| 54 | OAK REALTY PARTNERS, INC. 1155 KELLY JOHNSON BLVD STE 302 COLORADO SPRINGS, CO 80920 | | Real Property Lease for Location # 333 | 111 Coors Blvd. N.W., Suite D Albuquerque, NM 87121 | $39,745.10 |
| 55 | FOX PLAZA 5559 ALAMEDA AVENUE ACCOUNTS RECEIVABLE DEPT. EL PASO, TX 79905 | | Real Property Lease for Location # 383 | 5551 Alameda El Paso, TX 79905 | $27,416.67 |
| 56 | J & M PROPERTIES, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 387 | 301 E. San Antonio Ave. El Paso, TX 79901 | $65,000.00 |
| 57 | FALLAS BORROWER IV, LLC 15001 S. FIGUEROA GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 500 | 2352 E. Lohman Ave. Las Cruces, NM 88001 | $28,200.00 |
| 58 | FALLAS BORROWER IV, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 215 | 10 Uvalde Road Houston, TX 77015 | $64,903.73 |
| 59 | WEST ROAD PLAZA P.O. BOX 202059 DALLAS, TX 75320-2059 WEST ROAD PLAZA C/O UNILEV MANAGEMENT CORP. 2211 N. FRY ROAD, STE. 1 KATY, TX 77449 | Jeff Carruth Weycer, Kaplan, Pulaski & Zuber, P.C. 3030 Matlock Rd., Suite 201 Arlington, TX 76015 (817) 795-5416 (866) 666-5322 jcarruth@wkpz.com | Real Property Lease for Location # 298 | 10261 North Freeway Suite 150 Houston, TX 77037 | $12,452.00 |
| 60 | JONES 1960 CROSSROADS LLC | | Real Property Lease for | 10835 Jones Rd. Houston, TX 77065 | $17,325.00 |

| # | Name/Address | Contact | Location | Property Address | Amount | Amount |
|---|---|---|---|---|---|---|
| | C/O SPI, LLC FOR JONES 1960 CROSSROADS 10800 GOSLING #130564 SPRING, TX 77393 | | Location # 180 | | | |
| 61 | FESTIVAL PROPERTIES, INC 1215 GESSNER DRIVE LISA MAREK HOUSTON, TX 77055 | | Real Property Lease for Location # 181 | 310 FM 1960 Rd. #200 Houston, TX 77090" | $16,956.00 | |
| 62 | FALLAS BORROWER III, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 216 | 8541 W. Belfort St. Houston, TX 77071 | $25,342.33 | |
| 63 | EM CENTER, INC C/O GREAT PROSPERITY EQUITIES, INC PO BOX 2983 SUGAR LAND, TX 77487-2983 | Vianey Garza, Esq. HooverSlovacek Galleria Tower II 5051 Westheimer, Suite 1200 Houston, TX 77056 O 713.977.8686 / F 713.977.5395 garza@hooverslova cek.com | Real Property Lease for Location # 235 | 11703 Eastex Freeway Houston, TX 77039 | $26,776.52 | |
| 64 | PRIME NOBLE REALTY, LP 14485 BELLAIRE BLVD HOUSTON, TX 77083 | | Real Property Lease for Location # 239 | 14485 Bellaire Boulevard, Suite C Houston, TX 77083 | $25,252.00 | |
| 65 | NATIONAL RETAIL PROPERTIES, L.P. 450 SOUTH ORANGE AVE. SUITE 900 ATTN VP ASSET MGMT & GENERAL COUNSEL ORLANDO, FL 32801 | Robert L. LeHane Jennifer D. Raviele Kelley Drye & Warren LLP 101 Park Avenue New York, New York 10178 Tel: 212-808-7800 Fax: 212-808-7897 | Real Property Lease for Location # 688 | 8006 S. Gessner Houston, TX 77036 | $94,414.40 | $133,527.77 |

| # | | Email / Contact | Description | Address | Amount | Amount |
|---|---|---|---|---|---|---|
| | | KDWBankruptcyDepartment@kelleydrye.com rlehane@kelleydrye.com jraviele@kelleydrye.com | | | | |
| 66 | FALLAS BORROWER IV, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 229 | 1201 Farragut Laredo, TX 78040 | $29,784.00 | |
| 67 | FALLAS BORROWER IV, LLC 15001 S. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 295 | 501 E. 6th Street Del Rio, TX 78840 | $32,043.67 | |
| 68 | FALLAS BORROWER IV, LLC 15001 S FIGUEROA STREET GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 334 | 455 S. Bibb Avenue Eagle Pass, TX 78852 | $42,180.00 | |
| 69 | BUCKINGHAM STATION, LLC C/O PHILLIPS EDISON & COMPANY 1501 NORTHLAKE DR CINCINNATI, OH 45249 | Saul Ewing Arnstein & Lehr LLP Maria Ellena Chavez-Ruark, Esq. 500 East Pratt Street, 9th Floor Baltimore, MD 21202 (410) 332-8797 maria.ruark@saul.com  Saul Ewing Arnstein & Lehr LLP Lucian Murley, Esquire | Real Property Lease for Location # 164 | 1455 E. Buckingham Rd. #400 Richardson, TX 75081 | $44,000.01 | $83,883.35 |

| | | | | | |
|---|---|---|---|---|---|
| 70 | KRS PARTNERSHIP, LTD 4501 SUNBELT DRIVE STE. B ADDISON, TX 75001 | 1201 North Market Street, Suite 2300 P.O. Box 1266 Wilmington, DE 19899 (302) 421-6898 luke.murley@saul.com<br><br>Karen C. Bifferato Connolly Gallagher LLP 1000 N. West Street, Suite 1400 Wilmington, DE 19801 (302) 888-6221 kbifferato@connollygallagher.com and<br><br>Frances A. Smith Shackelford, Bowen, McKinley & Norton, LLP 9201 N. Central Expressway, 4th Floor Dallas, TX 75231 (214) 780-1400 | Real Property Lease for Location # 245 | 2223 S. Buckner Blvd. # 225 Dallas, TX 77093 | $44,440.36 | $57,452.97 |
| 71 | TOWN CROSSING SHOPPING CENTER C/O PHILLIPS EDISON & COMPANY 11501 NORTHLAKE DRIVE CINCINNATI, OH 45249 | Saul Ewing Arnstein & Lehr LLP Maria Ellena Chavez-Ruark, Esq. 500 East Pratt Street, 9th Floor Baltimore, MD 21202 (410) 332-8797 | Real Property Lease for Location # 691 | 3600 B Gus Thomasson Rd. Mesquite, TX 75150 | $29,931.46 | $39,384.87 |

1001428 0v7

| 72 | 226 | BRIXMOR HOLDINGS 12 SPE LLC C/O BRIXMOR PROPERTY GROUP 450 LEXINGTON AVE., 13TH FLOOR ATTN: GENERAL COUNSEL NEW YORK, NY 10017 BRIXMOR HOLDINGS 12 SPE LLC C/O BRIXMOR PROPERTY GROUP 1525 FARADAY AVE. SUITE 350 ATTN: REGIONAL COUNSEL CARLSBAD, CA 92008 | Ballard Spahr LLP Attn: David L. Pollack, Esq. 51st Floor - Mellon Bank Center 1735 Market Street Philadelphia, PA 19103 (215) 864-8325 (215) 864-9473 pollack@ballardspahr.com<br><br>Ballard Spahr LLP Attn: Leslie C. Heilman **(person to contact)** 919 N. Market Street, 11th Floor Wilmington, DE 19801 (302) 252-4465 (302) 252-4466 | maria.ruark@saul.com<br><br>Saul Ewing Arnstein & Lehr LLP Lucian Murley, Esquire 1201 North Market Street, Suite 2300 P.O. Box 1266 Wilmington, DE 19899 (302) 421-6898 luke.murley@saul.com | Real Property Lease for Location # 226 | 626 Wynnewood Village, # 225 Dallas, TX 75224 | $34,672.00 | $58,967.07 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 73 | FALLAS BORROWER IV, LLC 15001 S FIGUEROA ST GARDENA, CA 90248 | heilmanl@ballardspahr.com<br><br>Ballard Spahr LLP Attn: Dustin P. Branch 2029 Century Park East, Suite 800 Los Angeles, CA 90067-3012 (424) 204-4354 (424) 204-4350 branchd@ballardspahr.com | Fallas | Real Property Lease for Location # 419 | 4613 E. Lancaster Fort Worth, TX 76103 | $15,950.00 |
| 74 | 233 | WESLACO PALM PLAZA LTD P.O. BOX 461406 SAN ANTONIO, TX 78246-1406<br><br>WESLACO PALM PLAZA LTD 4515 SAN PEDRO SAN ANTONIO, TX 78212 | | Real Property Lease for Location # 233 | 1015 North TX Blvd. Weslaco, TX 78596 | $28,233.34 |
| 75 | 251 | J & M PROPERTIES, LP 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 251 | 901 Dunlap Avenue Mission, TX 78572 | $12,120.00 |
| 76 | 297 | FALLAS BORROWER III, LLC 15001 SO. FIGUEROA ST. GARDENA, CA 90248 | Fallas | Real Property Lease for Location # 297 | 1700 S. 23rd Street McAllen, TX 78503 | $31,550.00 |
| 77 | 712 | YABUCOA/BANCO POPULAR PO. BOX 190858 ATTN MR. ISRAEL KOPEL AMSTER | Filed Claim No. 420 magali.purcell@roomstogo.com | Real Property Lease for | #100, Cabo Rojo PR 00623 | $112,564.32 $188,343.16 |

10014280v7

| | | | | | | |
|---|---|---|---|---|---|---|
| | SAN JUAN, PR 00919-0858 | | Location # 712 | | | $120,685.65 |
| 78<br>713 | PDCM / SCOTIABANK<br>PO. BOX 190858<br>ATTN MR. ISRAEL KOPEL AMSTER<br>SAN JUAN, PR 00919-0858 | Filed Claim No. 420<br>magali.purcell@roomstogo.com | Real Property Lease for Location # 713 | 153 KM 13.7 Coamo, PR 00769 | $97,232.25 | |
| 79<br>719 | YABUCOA / BANCO SANTANDER<br>PO. BOX 190858<br>ATTN MR. ISRAEL KOPEL AMSTER<br>SAN JUAN, PR 00919-0858 | | Real Property Lease for Location # 719 | Center-PR 111 KM 17.6 San Sebastian, PR 00685 | | $133,423.10 |
| 80<br>725 | B.V. PROPERTIES, INC<br>137 YAUCO PLAZA 1<br>YAUCO, PR 00698 | | Real Property Lease for Location # 725 | State Road No 128, Km 0.5, Susua Ward, Yauco, PR | $162,400.00 | |
| 81<br>729 | RTG Properties (PR) Inc<br>ROOMS TO GO, PR<br>100 PLAZA PRADERA, STE. 20 PMB 465<br>TOA BAJA, PR 00949-3840 | Filed Claim No. 173<br>magali.purcell@roomstogo.com | Real Property Lease for Location # 729 | State Road 2, Ponce By-Pass Ponce, PR 00731 | $181,483.31 | |
| 82<br>717 | PDCM / FIRST BANK PR<br>PO.BOX 190858<br>ATTN MR. ISRAEL KOPEL AMSTER<br>SAN JUAN, PR 00919-0858 | Filed Claim No. 420<br>magali.purcell@roomstogo.com | Real Property Lease for Location # 717 | Castro Ave Int. Arcoiris San Juan, PR 00908 | $126,683.60 | $257,826.37 |
| 83<br>724 | BPP RETAIL PROPERTIES, LLC<br>PO BOX 71465<br>SAN JUAN, PR 00936-8566 | | Real Property Lease for Location # 724 | Carr # 203 Exp. Chayanne San Lorenzo, PR 00754 | $168,102.76 | |
| 84<br>730 | GATOR REXVILLE OWNER, LLC<br>7850 NW 146TH STREET 4TH FL<br>MIAMI LAKES, FL 33016 | Filed Claim No. 269<br>No Attorney Listed | Real Property Lease for Location # 730 | 167 Las Cumbres Ave (PR 199) Bayamon, PR | $21,941.67 | |
| 85<br>718 | PDCM BANCO POPULAR<br>PO.BOX 190858 | Filed Claim No. 420 | Real Property | 172 Int PR 1 | $216,489.47 | $259,407.87 |

10014280v7

| | | magali.purcell@roo mstogo.com | Lease for Location # 718 | Cauguas, PR 00725 | |
|---|---|---|---|---|---|
| | ATTN MR. ISRAEL KOPEL AMSTER SAN JUAN, PR 00919-0858 | | | | |
| 86 | ONE BY ONE, LLC P.O. BOX 441 FAJARDO, PR 00738 | | Real Property Lease for Location # 722 | Carr. # 3 Fajardo PR 00738 | $50,265.00 |
| | 722 | | | | |
| 87 | S.A. PROPERTIES, INC. PO BOX 3389 MAYAGUEZ, PR 00681-3389 | | Real Property Lease for Location # 726 | Carr. No. Two (2), Km. 30.2, Bo Espinoza Vega Alta, PR 00692 | $51,508.16 |
| | 726 | | | | |
| | | | | | $4,666,458.42 |

**TOTAL CURES SCHEDULED BY DEBTORS INCLUDING MICHAEL FALLAS LOCATIONS: $4,666,458.42**

**TOTAL CURES FOR MICHAEL FALLAS LOCATIONS: $2,781,379.39**

**TOTAL CURES FOR LANDLORDS NOT INCLUDING MICHAEL FALLAS LOCATIONS BEFORE FILING OF CURE AMOUNT OBJECTIONS: $1,885,079.03**

**ADDITIONAL SUMS DUE BASED UPON FILED OBJECTIONS RESPECTING CURE AMOUNTS: $709,729.60**

10014280v7