**Exhibit E**
**Letter Dated August 10, 2018**



Sean B. Hoar
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Sean.Hoar@lewisbrisbois.com
Direct: 971.712.2795

August 10, 2018

Christopher S. Prince
General Counsel
Priority Payment Systems LLC
2001 Westside Parkway, Suite 155
Alpharetta, Georgia  30004-8005
Via email: chris@pps.io

Re: *In re J & M Sales Inc., et al.* (Bankr. D. Del., Case No. 18-11801) (Jointly Administered)

Dear Chris:

Please be advised that on August 6, 2018 (the "**Petition Date**"), J & M Sales Inc., National Stores, Inc., J&M Sales of Texas, LLC, FP Stores, Inc., Southern Island Stores, LLC, Southern Island Retail Stores LLC, Caribbean Island Stores, LLC, Pazzo FNB Corp., Fallas Stores Holdings, Inc., and Pazzo Management LLC ("**Debtors**") commenced voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") in the U.S. Bankruptcy Court for the District of Delaware (the "**Court**"). The Chapter 11 Cases are being jointly administered as *In re J & M Sales Inc., et al.*, Case No. 18-11801.

The filing of the Chapter 11 Cases resulted in the immediate imposition of the automatic stay pursuant to section 362(a) of the Bankruptcy Code. The automatic stay prohibits, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." *See* 11 U.S.C. §§ 362(a)(3), (6). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. §§ 541(a)(1), (7).

Priority Payment Systems ("**PPS**") and certain of Debtors are parties to certain Merchant Applications and Agreements (the "**Agreements**"). Prior to the Petition Date, PPS established Reserve Accounts (as defined in the Agreements) and funded such accounts with money belonging to Debtors. We understand that after the Petition Date, in contravention of the automatic stay, PPS

Christopher S. Prince
August 10, 2018
Page 2

has continued diverting Debtors' funds to the Reserve Accounts. PPS' actions violate the automatic stay.

Moreover, the Agreements are executory contracts, which Debtors have not yet assumed or rejected. As such, PPS may not divert funds into the Reserve Accounts, regardless of whether it has the contractual right to do so outside of bankruptcy. *See In re Broadstripe, LLC*, 402 B.R. 646, 656 (Bankr. D. Del. 2009) ("Pending a debtor's decision to assume or reject an executory contract, courts have generally concluded that the contract is enforceable by the debtor but not against the debtor.").

PPS' violations of the automatic have disrupted Debtors' business and caused Debtors significant harm. A Court Order enforcing the Automatic Stay could require PPS to pay substantial damages for willful violations of the Automatic Stay, including actual costs, attorneys' fees, and punitive damages. *See* 11 U.S.C. § 362(k). Accordingly, Debtors demand that PPS immediately cease diverting funds to the Reserve Accounts.

Additionally, under section 542 of the Bankruptcy Code, an entity in possession, custody or control of property of the estate must deliver, and account for, such property to the debtor. *See* 11 U.S.C. § 542(a). The Reserve Accounts are property of Debtors' estate and as such, must be turned over immediately. Debtors hereby demand turnover of any and all funds placed in the Reserve Accounts on or after August 6, 2018 (the "**Funds**"). Debtors reserve the right to demand turnover of additional funds held in the Reserve Accounts.

Finally, Debtors received a notice from PPS dated August 9, 2018, advising Debtors of PPS' intention to include a $25,000 assessment in Debtors August 2018 invoice. PPS has no right to assess any amount against Debtors. *See Broadstripe*, 402 B.R. at 656.

Please confirm that PPS immediately will (i) cease diverting funds to the Reserve Accounts; (ii) turnover the Funds to Debtors; and (iii) refrain from assessing or attempting to assess any amounts against Debtors, as set forth in PPS' August 9, 2018 notice or otherwise. If PPS fails to confirm its agreement in writing by August 12, 2018 at 12:00 p.m. (noon) (Eastern Time) Debtors will enforce their rights under the Bankruptcy Code by seeking an order from the Court directing PPS to cease withholding funds, turn over the Funds (and any other funds to which Debtors may be entitled) and awarding damages against PPS in favor of Debtors.

Christopher S. Prince
August 10, 2018
Page 3

      Let me know if you have any questions, or if you would like to schedule a telephone call to discuss the matter.

      Sincerely,

      Sean B. Hoar of
      LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:
Michael Fallas, National Stores
Curt Kroll, National Stores
Lindsay Nickle, Lewis Brisbois
Christopher E. Ballod, Lewis Brisbois