UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>J & M SALES, INC..ET AL.<br><br>Debtors | Case No: 18-11801 (LSS)<br><br>Chapter: 11 |

### REPLY TO DEBTOR'S OMNIBUS OBJECTION
### TO MOTIONS FOR ALLOWANCE OF PAYMENT OF ADMINISTRATIVE CLAIMS (Doc. #774)

TO THE HONORABLE COURT:

COMES NOW, ISRAEL KOPEL & JOSEFINA BALLESTER CABRERA, ALMACENES PITUSA, INC, YABUCOA DEVELOPMENT, S.E. and P.D.C.M. ASSOCIATES, S.E. ("Landlords"), through the undersigned attorney[1] for the exclusive purposes of prosecuting Landlords' claims, as authorized by Rule 9010-1(e)(iii), and most respectfully state and prays as follows:

1. Landlords filed their Motions for Allowance of Payments of Administrative Claim (Docs. 697, 698, 699 & 700),

2. Debtor filed an Omnibus Objection to the motions for allowance of payment administrative claim (Doc. 774), and alerted us that Docs. 697 and 699 consisted of duplicate and erroneous documents.

3. Yesterday we filed two Notices of Withdrawal of the erroneous filings (Docs. 807 & 808), and refiled Amended Motions for Allowance of Payment of Administrative Claims that contained the correct documents (810 & 811).

4. Debtor in essence argued that the stores included in our motions for allowance for payment of administrative rent were closed, and thus Debtor was deprived of the ability to occupy the closed stores and conduct business.

---

[1] - Puerto Rico Bar Number 10201 (1992); U.S. District Court, PR - Bar Number 219405 (2003); U.S. Court of Appeals, 1st. Circuit - Bar Number 90393 (2003).

5. Debtor correctly refered to § 28.5(E) of the Lease Contracts as the source of the issue at hand. § 28.5(E) provides the abatement of the rents resulting from fire or casualty, until substantial completion of the repairs or rebuilding of the leases premises.

6. However Debtor not that Landlords did not repair the premises in order for Debtor to continue its operations, but that Landlords did not notified Debtor that the stores repairs were completed.

7. The concerned stroes were repaired and ready for business as follows:

A. Store 715 - Plaza Victoria, Aguadilla, Puerto Rico – repaired and notified since March 9, 2018.

B. Store 711 - Arecibo Shopping Center, Arecibo, Puerto Rico - repaired and notified since March 9, 2018.

C. Store 715 - Humacao Plaza, Humacao, Puerto Rico - repaired and notified since March 9, 2018.

D. Store 716 - Iturregui Plaza, Carolina, Puerto Rico - repaired and notified since July 19, 2018.

8. Actually, Landlords sent Debtor 8 notifications to Debtor regarding the process of the repairs of stores leased by Debtor and that the repairs of the stores above described were completed, through certified mail and e-mails to the following Debtor agents and/or officers: Mr. Greg Lurie, Mark Gunn, Jaime Arias, Jose Ortiz, Leonel Godoy and Jamal Pineda among others. **See Exhibit 1 – Letters and Emails to Debtors, and Exibit 2 – USPS Tracking Confirmation of Delivery of Certified Letter Notification dated March 9, 2018.**

9. Debtor had due notification that the repairs of the stores at issue had been completed and Debtor evaded its obligations under the lease contract to reinitiate retail operations, however, Debtor maintained its inventory warehoused in the stores[2] and the Estate has

---

[2] - Invetory that Debtor has specifically abandoned as part of its rejection of the lease contracts at issue.

benefited from the used of the eased properties after the filing of the bankruptcy petition until the rejection of the leased contract premises on and after October 31, 2018.

10.     Although Landlords complied with their obigations under the Lease Contract, Debtor never contacted Landlords to surrender the properties, thus maintained Landlord obligated under the contract to permit Debtor's posesion of the properties, and preempted Landlords from benefiting from the use of their property. Debtor have the obligation of paying the administrative rents for the leased premises until their effective leases rejection and premises delivery dates.

For the reasons set forth above, Landlords respectfully requests from this Honorable Court: to grant the present motion and allow Debtor to make the immediate payment of post-petition (administrative) rents to Landlords.

I HEREBY CERTIFY: That on this same date, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send notice of this filing to all parties in interest as per master address list.

In San Juan, Puerto Rico, this 15th day of November, 2018.

/s/ Rosendo E. Miranda López
Rosendo E. Miranda López, Esq.
**U.S.D.C.-PR  219405**
PO Box 192096
San Juan, PR 00919-2096
Tel.724-3393 Fax: 723-6774
r.miranda@rmirandalex.net