## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| J&M SALES INC., *et al.*, | Case No. 18-11801 (LSS) |
| Debtors[1] | Jointly Administered |
| | **Re: Doc. Nos.  710, 719, 778, 819, 840** |

### STIPULATED ORDER RE: CREDIT AND DEBIT CARD PROCESSING

This matter coming before the Court on (i) Debtors' *Motion for Entry of Order Awarding Damages for Willful Violations of the Automatic Stay* (the "Stay Violation Motion") [Dkt. No. 710], (ii) *Priority Payment Systems' ("Processor") and Swipe Payment Solutions' ("Swipe") Motion for (I) Order Determining that Automatic Stay Does Not Apply, or in the Alternative, for Relief from the Automatic Stay, (II) Adequate Protection, and (III) Order Compelling Debtors to Assume or Reject Merchant Processing Agreement* [Dkt No. 719] (the "Processor Motion", and collectively with the Stay Violation Motion, the "Motions"), and (iii) the informal request for relief in connection with the Motions (the "Pegasus Request") of Pegasus Trucking, LLC ("Pegasus"); and the Court having reviewed the Motions and the Pegasus Request, and having considered the statements of counsel and the evidence adduced with respect to the Motions and Pegasus Request at hearings and/or status conferences before the Court on November 16, 19, 20, and 21, 2018 (the "Hearings"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant

---

[1] The Debtors in the above-captioned chapter 11 cases ("Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

to 28 U.S.C. 157 and 1334; (ii) venue is proper in this district pursuant to pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and Debtors, Processor, Swipe and Pegasus having agreed to the terms of this Order,

THE COURT MAKES THE FOLLOWING FINDINGS:

A.      On or about March 14, 2014, certain Debtors and Processor entered into certain Merchant Application and Processing Agreements (collectively, the "MPA"). Pursuant to the MPA, Processor provided and continues to provide credit and debit card processing services to Debtors.  The current sponsoring bank under the MPA is Citizens Bank (the "Sponsoring Bank").

B.      On or about December 22, 2017, Debtors learned of an apparent data breach of Debtors' credit and debit card processing systems (the "Data Breach") that occurred earlier in the year, in which consumer data of certain of Debtors' credit and debit card customers may have been compromised.

C.      On August 6, 2018 (the "Petition Date"), Debtors filed chapter 11 bankruptcy in this Court (the "Bankruptcy Cases").

D.      By Order dated October 17, 2018, Debtors sold certain of their store locations (as of the date of such sale, which was October 19, 2018, the "Pegasus Locations") in a going-concern sale to Pegasus (the "Pegasus Sale").  In connection with the Pegasus Sale, Debtors and Pegasus entered into a Transition Services Agreement (the "TSA"), which was filed with the Court on November 19, 2018 [Dkt. No. 843]. Debtors assert that under the TSA, Debtors are entitled to process and are processing credit and debit card transactions for the Pegasus Locations under the MPA.  Processor and Swipe dispute Debtors' assertion.

E.      As of November 21, 2018, Processor is holding in a reserve 100% of credit and debit card sales by Pegasus at the Pegasus Locations between the date of the closing

of the Pegasus Sale and November 21, 2018 (the "Existing Pegasus Reserve"). The parties disagree whether Swipe and/or Processor are entitled to withheld any of the Existing Pegasus Reserve.

F.      The Debtors, Processor, Swipe and Pegasus have conferred regarding their disagreements with respect to the reserving of funds at the Pegasus Locations and have agreed to the terms as set forth below in resolution of all such disagreements; now therefore,

IT IS HEREBY ORDERED THAT:

1.      Processor, Swipe, Debtors and Pegasus agree, and the Court orders, that any go-forward processing for the merchant accounts associated with the Pegasus Locations will be done through such existing merchant accounts on file with Processor.  Debtors and Pegasus represent that the ownership of the merchant accounts associated with the Pegasus Locations has not changed and are the same as the existing accounts under the MPA, and Pegasus has no existing merchant accounts on file with Processor.  With respect to Processor and Sponsoring Bank, such accounts cannot, and are not, deemed to be new accounts and there shall be no new merchant application from Pegasus.  The merchant accounts associated with the Pegasus Locations are existing accounts under the MPA.

2.      Upon entry of this Stipulated Order, Processor will (i) continue processing for the merchant accounts associated with the Pegasus Locations through December 31, 2018, (ii) with respect to the Existing Pegasus Reserve, retain $1 million therefrom (the "$1 Million Reserve") in accordance with the terms of the MPA with respect to the Pegasus Locations, and (iii) remove the current hold on the merchant accounts associated with the Pegasus Locations and release the balance of the Existing Pegasus Reserve in excess of the $1 Million Reserve (i.e., all amounts in excess of $1 million) to the Debtors' merchant accounts associated with the Pegasus Locations.

For avoidance of doubt, Processor will retain $1 million from the Existing Pegasus Reserve and release the entire remaining balance of the Existing Pegasus Reserve in excess of the $1 Million Reserve to the Debtors' merchant accounts associated with the Pegasus Locations. Processor represents that, in accordance with the Debtor's MPA, the Existing Pegasus Reserves are held in a reserve account at the Sponsor Bank. Upon entry of this Order by the Court, Processor shall promptly notify the Sponsor Bank and remit instructions to the Sponsor Bank requesting release of the remaining balance of the Existing Pegasus Reserve in excess of the $1 Million Reserve. Then, upon confirmation from the Sponsor Bank, the Processor shall promptly via wire transfer, pursuant to the same wire instructions that Processor has for Debtors, release said remaining balance of the Existing Pegasus Reserve in excess of the $1 Million Reserve promptly to the Debtors. After such transfer is made all future transfer shall be made in accordance with historical practices under the terms of the MPA.

3.      Going forward, Processor shall be entitled to capture, in addition to all fees and charges provided under the MPA, a daily reserve of 15% of the daily credit volume of and debit card transactions for the merchant accounts associated with the Pegasus Locations, up to $650,000 in new reserves (the "Go-Forward Reserve") on top of the $1 Million Reserve (collectively, the Go-Forward Reserve and the $1 Million Reserve shall be referred to as the "Total Pegasus Reserves"), for a Total Pegasus Reserves of $1,650,000. Priority shall be entitled to utilize the Total Pegasus Reserves in accordance with the terms and conditions of the MPA to cover all losses on the merchant accounts related to processing at the Pegasus Locations from the closing of the Pegasus Sale (October 19, 2018) through December 31, 2018, including but not limited to: (i) chargebacks, (ii) card association, Sponsor Bank, and regulatory fines, fees, penalties, and assessments, and (iii) all other fees and charges of all kinds related to processing for the merchant

accounts associated with the Pegasus Locations in accordance with the terms and conditions of the MPA. After the Total Pegasus Reserves are reached, all sums processed will be remitted to the Debtors net of regular fees and charges provided under the MPA in accordance with the terms and conditions of the MPA. Nothing in this Order shall diminish or curtail the respective rights and obligations of the parties under the Bankruptcy Code and/or the MPA, including, without limitation, the applicable provisions of the MPA with respect to the types of losses described in this paragraph arising during the time period referenced in this paragraph.

4.      All processing for all merchant accounts related to the Pegasus Locations and all of Debtors' other merchant accounts processed under the MPA, without exception or limitation, shall terminate on December 31, 2018. After December 31, 2018, Processor and Swipe shall have no obligation to process or otherwise provide customer service or support for any transaction for any of Debtors' merchant accounts (including the Pegasus Locations and the merchant accounts that do not relate to the Pegasus Locations), except to the extent provided under the MPA for transactions that occur on or before December 31, 2018.

5.      Processor shall hold the Total Pegasus Reserves for 180 days following the December 31, 2018 termination of processing services, i.e., through June 30, 2019, and Processor may utilize such Total Pegasus Reserves to cover any losses as described in Paragraph 3, above. At any time during or after such 180 day period, (i) this Court shall retain jurisdiction over any disputes regarding the terms of this Order and the Total Pegasus Reserves, and (ii) any party may make a motion on regular notice under the Local Bankruptcy Rules for the District of Delaware related to any matter with respect to this Order and the Total Pegasus Reserves, and any disputes that arise in connection therewith.

6.    Processor, Swipe, Debtors and Pegasus hereby waive and release all claims that any such party has or may have related in any manner to the handling of the merchant accounts associated with the Pegasus Locations including all claims that have been or may be asserted: (a) by Pegasus and Debtors against Processor, Swipe and Sponsor Bank with respect to the merchant accounts associated with the Pegasus Locations with exception of rights and liabilities arising under (i) the MPA, and (ii) this Order and the provisions hereof *provided however*, any release of Sponsor Bank in this paragraph 6(a) shall become null and void and of no further force or effect and all such rights shall be restored, if Sponsor Bank (or any successor or assign or other party asserting any claim of Sponsor Bank) threatens, asserts or brings any claim or cause of action with respect or in any way related to the merchant accounts associated with the Pegasus Locations with the exceptions of claims or causes of action relating to rights and liabilities arising under the (i) MPA, and (ii) this Order and the provisions hereof; and (b) by Processor and Swipe against Pegasus and Debtors with respect to the merchant accounts associated with the Pegasus Locations with exception of rights and liabilities arising under (i) the MPA, and (ii) this Order and the provisions hereof.  For avoidance of doubt, the waiver and release by Debtors is related only to claims regarding the withholding by Processor of funds with respect to the Pegasus Locations.

7.    Debtors, Processor and Swipe reserve any and all of their rights, claims, remedies and defenses with respect to the Motions except as expressly provided in paragraph 6, above, of this Order.  Nothing in this Order authorizes, or results in, the assumption, assignment or rejection of the MPA, or modifies the automatic stay (except as expressly provided in this Order) in effect in these cases in any respect.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

-7-

Dated: November 23rd, 2018
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE