IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & M SALES INC., *et al.*, | ) | Case No. 18-11801 (LSS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | **Hearing Date: January 14, 2019 at 10:00 a.m. (ET)** |
| | ) | **Obj. Deadline: December 18, 2018 at 4:00 p.m. (ET)** |

## MOTION OF CURTIS YOUNG FOR RELIEF FROM THE AUTOMATIC STAY

NOW INTO COURT, through undersigned counsel, comes Curtis Young, individually as Plaintiff (hereinafter "Mr. Young") in proceedings entitled *"Curtis Young v. Fallas Paredes Store #0294* [hereinafter, the "Debtor Defendant"] *and Michael Fallas* [hereinafter, the "Employee Defendant" and collectively with the Debtor Defendant, the "Defendants"] in the District Court for the 131st Judicial District, Bexar County, Texas, Cause No. 2017CI19049, a creditor and party in interest in this proceeding, and herein seeks the entry of an order of the Court modifying the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (the "Motion"). In support of this Motion, Mr. Young respectfully avers as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2) and 1334

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. This Court has the authority to grant the relief sought pursuant to 11 U.S.C. § 362(d).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: J&M Sales, Inc. dba Fallas Discount Stores dba Fallas Paredes dba Fallas. (4697)(lead), National Stores, Inc. dba Fallas Peredes fka National Discount Stores, Inc (4874), J&M Sales of Texas, LLC ( ), FP Stores, Inc. , Southern Island Stores, LLC, Southern Island Retail Stores, LLC, Caribbean Island Stores, LLC, Pazzo FNB Corp., Fallas Stores Holdings, Inc., & Pazzo Management, LLC.

## Venue

4.  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Procedure

5.  Procedurally, this Motion is governed by Bankruptcy Rules 4001 and 9014.

## Background

6.  On or about August 6, 2018, J&M Sales, Inc. (hereinafter "J&M") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code.

7.  On August 7, 2018, the Court entered an *Order pursuant of Fed. R. Bankr. P. 1015(b) and Del. Bankr. L.R. 1015-1 directing Joint Administration of related Chapter 11 Cases* therein consolidating, for procedural purposes and jointly administering, the Chapter 11 case of J&M with the Chapter 11 cases of National Stores, LLC, Case No. 18-11803 (LSS), FP Stores Inc., Case No. 18-11804 (LSS), Southern Island Stores, LLC, Case No. 18-11805 (LSS), Southern Island Retail Stores LLC, Case No. 18-11806 (LSS), Caribbean Island Stores, LCC, Case No. 18-11807 (LSS), Pazzo FNB Corp., Case No. 18-11808 (LSS), Fallas Stores Holdings, Inc., Case No. 18-11809 (LSS) and Pazzo Management LLC, Case No. 18-11810 (LSS).

## Young's Claims for Personal Injury and Premises Liability

8.  Mr. Young is a resident of the county of Bexar, State of Texas, and at all times pertinent hereto was a customer on Debtor National Stores, Inc.'s premises located at 4400 Fredericksburg Rd. #105, San Antonio, Texas 78201.

9.  Specifically, on or about October 3, 2015, Mr. Young, visited Debtor Defendant's premises. During the time that Mr. Young was upon Debtor Defendant's property, he was seriously injured as he proceeded to unfold a metal step stool to sit down and try on some shoes

he planned on purchasing. This caused a dangerous situation and the store metal stool collapsed. Mr. Young's bodily injuries occurred and were proximately caused by the dangerous conditions described above and the negligence of Employee Defendant, which Debtor Defendant and/or their Employee Defendant knew or, in the exercise of ordinary care, should have known existed.

10. Defendants at all times relevant herein are responsible for the maintenance inspection and upkeep of business equipment and are responsible to properly train their employees in the use of the equipment.

11. Defendants knew or reasonably should have known that the stool was used by patrons to try on shoes. Defendants created a dangerous situation.

12. Defendants had a duty to use ordinary care to ensure that the store stool was in a safe condition and used safely and did not present a danger to Mr. Young. This duty included the duty to properly train their employees, and properly use the equipment to avoid injury to their customers. Defendants breached said duty of ordinary care by carelessly and negligently committing one or more of the following wrongful acts and/or omissions:

    a. Causing Mr. Young to use a stool for trying on shoes and therefore a dangerous condition was created;

    b. Failing to properly train their employees and/or agents in the use of the store stool in question to assure that it was safe for the purpose it intended;

    c. Failing to warn Mr. Young of dangerous conditions that may be presented when the store stool is improperly used or is improperly adjusted;

    d. Defendants failed to furnish proper equipment so that customers could try on shoes safely; and

    e. Each of the above acts and/or omissions, singularly or in a combination

with others, was negligent. Such negligent acts and/or omissions proximately caused Mr. Young to be injured.

13. Defendants failed to warn or take reasonable precautions to remove or remedy the dangerous condition prior to Mr. Young's fall. Defendants knew or should have known that the dangerous condition presented a foreseeable risk of harm to Mr. Young and failed to remedy the dangerous condition.

14. As a result of the foregoing actions and interactions of the Defendants, on October 3, 2017, Mr. Young filed a complaint (the "Complaint") in the District Court of Bexar County, Texas in proceedings entitled "*Curtis D. Young v. Fallas Paredes Store #0294 and Michael Fallas*" in proceedings bearing Civil Action Number 2017CI19049 (hereinafter "State Court Action"), therein requesting trial by jury on his personal injury claims. A copy of Petition, the allegations of which are incorporated herein as if plead herein *in extensor*, is attached hereto as **Exhibit "1"**.

15. On November 3, 2017, Defendants were properly served with citation; however Defendants failed to file an answer by the deadline of November 27, 2017. Plaintiff Curtis Young obtained a Default Judgment on April 6, 2018 against the Defendants. **Exhibit "2."**

16. On or about August 9, 2018, National Stores, Inc. filed its notice of Bankruptcy Filing in the State Court Action. This Motion followed.

## Relief Requested

17. By this Motion, Mr. Young seeks relief from the automatic stay to proceed with the State Court Action against the Debtor (and other non-Debtor responsible parties) and obtain a recovery from the Debtor's insurer(s) (and other non-Debtor responsible parties). Mr. Young

represents to this Court that he will look only to the Debtors' insurers and other non-Debtor responsible parties for settlement of his claims.

### Basis for Relief Requested

18. Section 362 of the Bankruptcy Code provides that, upon request of a party in interest and after notice and a hearing the Court shall grant relief from the stay for cause. 11 U.S.C. § 362(d)(1). As cause is not defined by the Bankruptcy Code, a bankruptcy court must determine what constitutes cause to lift the automatic stay. *Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.)*, 141 B.R. 574 (Bankr. D. Del. 1992).

19. In deciding whether cause exists to lift the automatic stay, courts consider three factors: (1) whether lifting the stay would cause prejudice to the debtor or the estate; (2) whether the hardship to the movant in maintaining the stay outweighs the hardship of the debtor in lifting the stay; and (3) whether the movant has a probability of success on the merits is "very slight." *Id.* at 576. Further, based on the legislative history of section 362(d)(1), cause may be established by single factor. *Id.* at 574. Here, the insurance is in place for the benefit of injured parties, not the Debtors.

20. Lifting the automatic stay will not cause prejudice to the Debtors at all. Mr. Young is seeking a recovery solely from the Debtors' insurers under any and all applicable insurance policies, which are not property of the estate. *See, Miller v. McDonald (In re World Health Alternatives, Inc.)*, 369 B.R. 805 (Bankr. D. Del. 2007) (explaining that proceeds of an insurance policy is not property of the estate where the coverage is for the benefit of a third party). In as much, there can be no impact on the Debtors' estates.

21. As to the second factor, the hardship to Mr. Young in maintaining the automatic stay outweighs any alleged hardship on the Debtors in lifting the stay. Mr. Young was severely

injured on Debtor National Stores's premises as alleged in the Complaint. A monetary settlement of his claims will assist him in making his whole and would be best resolved through insurer and/or non-debtor sources. As such, any burden on the Debtors from the lifting of the stay is minimal as the Debtors' insurers are the parties will be defending Mr. Young's claims and any costs of any litigation or settlement will not be borne by the Debtors' estates. Furthermore, the Bankruptcy Court lacks jurisdiction to liquidate the claim. *See* 11 U.S.C. § 157(b)(5). As such, granting Mr. Young relief from stay only permits the inevitable. Therefore, it is axiomatic that there will be no undue hardship on the Debtors' estates.

22. As to the third factor, as outlined above, the facts and circumstances of Mr. Young's personal injury claims against the Debtors (and non-Debtor parties) are strong. Therefore, given the "very slight" showing necessary, the facts are sufficient here to establish a likelihood of success on the merits for the purpose of lifting the automatic stay. *See Rexene*, 141 B.R. at 578.

### Notice

23. Mr. Young has served a copy of the Motion on: (i) Counsel for the Debtors; (ii) the Office of the United States Trustee; (iii) Counsel to the parties to the State Court Action; and (iv) parties requesting notice pursuant to Rule 2002. Mr. Young submits that such notice is sufficient for the purpose of the Motion.

**WHEREFORE**, Mr. Young respectfully requests this Court to enter an Order, substantially in the form attached hereto, lifting the automatic stay to allow Mr. Young to

prosecute his claims against the Debtors (via its insurers and the relevant insurance policies) and granting such other and further relief as is just and proper.

Dated: December 4, 2018

COZEN O'CONNOR

/s/ *Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (No. 3835)
1201 N. Market Street – Suite 1001
Wilmington, Delaware 19801
Telephone: (302) 295-2023
Facsimile: (302) 250-4495
Email: tfrancella@cozen.com

-and-

CHRIS PETTIT & ASSOCIATES, P.C.
Elizabeth Guerrero-Southard, Esq. (TX 24032376)
Christa Samaniego (TX 17554450)
11902 Rustic Lane
San Antonio, Texas 78230
Telephone: (210) 732-8300
Facsimile: (210) 764-1718
Email: elizabeths@pettitlaw.com
            christasamaniego@mac.com