## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| J & M SALES, INC., *et al.*[1] | Case No. 18-11801 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 670, 923, 994 & _____ |

### ORDER GRANTING ASSUMPTION AND ASSIGNMENT OF LEASE OF NON-RESIDENTIAL REAL PROPERTY LOCATED AT WRI-AEW LONE STAR RETAIL PORTFOLIO, LLC FROM DEBTORS TO RAINBOW SOUTHEAST LEASING AND GRANTING RELATED RELIEF

A *Second Notice By Pegasus Trucking, LLC of Exercise of Non-Residential Real Property Lease Designation Rights Granted Pursuant To Asset Purchase Agreement Between Chapter 11 Debtors and Pegasus of Assumption and Assignment To Rainbow Southeast Leasing, Inc.* [Docket No. 923] ("Rainbow Designation Notice") having been filed and served with respect to the proposed assumption and assignment of the unexpired non-residential real property lease to Rainbow Southeast Leasing, Inc. ("Rainbow") identified on Exhibit 1 to this Order and incorporated herein by reference, which also includes the respective cure amount (the "Cure Amount') for such lease (the "Real Property Lease").  At an auction sale conducted on October 8, 2018, Pegasus Trucking, LLC ("Pegasus") was deemed the successful purchaser for certain of the Debtors' assets on a going concern basis and this Court having ordered and found that Pegasus was the highest and best offer for certain of the Debtors' assets at a hearing on October 12, 2018 and having entered its Order granting that relief on October 17, 2018 [Docket No. 670] (the "Sale Approval Order"),

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

including approval of that certain Asset Purchase Agreement by and among the Debtors and Pegasus, dated October 4, 2018 (the "APA"), attached to the Sale Approval Order as Exhibit A.

Pursuant to paragraph 7.1 (b) of the APA, Pegasus exercised its lease designation rights by the filing and service of the Rainbow Designation Notice upon the landlord counter party to the Real Property Lease, and a hearing having been scheduled to consider any objections filed with respect to the Rainbow Designation Notice for December 19, 2018 at 2:00 p.m. (the "Assumption and Assignment Hearing") in case of the filing of any objections by landlords.  In an effort to resolve objections to the proposed assumption and assignment of the Real Property Lease, Rainbow and landlord WRI-AEW Lone Star Retail Portfolio, LLC (the "Landlord") have been in negotiations and have reached an agreement on the terms by which the Real Property Lease will be assumed and assigned to Rainbow.  Based upon the Rainbow Designation Notice and it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that consideration of this matter and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the proposed assignment of the Real Property Lease to Rainbow having been given and it appearing that no other notice need be given, and appearances of all interested parties having been noted on the record of the Hearing and upon all of the proceedings had before the Court (including but not limited to any testimony and other evidence proffered or adduced at the Hearing before the Court); and the Court having found and determined that the relief sought in the Rainbow Designation Notice is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and just cause exists for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT**[2]

A.     **Jurisdiction**: This Court has jurisdiction to consider the Rainbow Designation Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1134. Approval of the Debtors' assumption and assignment of the Real Property Lease to Rainbow (the "Real Property Lease Assignment"), and the transactions contemplated thereby is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (D), (N) and (0).

B.     **Venue**: Venue of these cases in this district is proper pursuant to 28 U.S.C. § 1409(a).

C.     **Statutory Predicates**: The statutory predicates for the approval of the Real Property Lease Assignment is sections 105, 363, and 365 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1.

D.     **Notice**: Proper, timely, adequate and sufficient notice of the Rainbow Designation Notice and the Assumption and Assignment Hearing has been provided in accordance with sections 102(1), 105(a), 363, 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 6004. No other or further notice is required.

E.     **Opportunity to be Heard**: A reasonable opportunity to object or be heard regarding the relief requested in the Rainbow Designation Notice and the transactions pursuant thereto has been afforded to all interested persons and entities, including, without limitation, the following: (i) the Office of the United States Trustee, (ii) counsel to the Debtors' prepetition and post-petition lenders (the "Secured Lenders"), (iii) the Office of the United States Attorney for the District of Delaware, (iv) counsel to the Committee, (v) all parties who are known to assert any lien, claim,

---

[2] The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

interest or encumbrance in or upon the Real Property Lease, (vi) the Landlord for the Real Property Lease (vii) all applicable federal, state, and local taxing authorities (collectively, the "Taxing Authorities"), (viii) all applicable state attorneys general and (ix) all other applicable parties in interest, including all entities on the general case service list as of the date of entry of the Bidding Procedures Order ((i) through (ix) collectively, the "Notice Parties").  A *Limited Objection of WRI-AEW Lone Star Retail Portfolio, LLC to Second Notice By Pegasus Trucking, LLC of Exercise of Non-Residential Real Property Lease Designation Rights and Proposed Assumption and Assignment of Lease to Rainbow Southeast Leasing, Inc.* [Docket No. 994] (the "Objection") filed by Landlord, which Objection has been resolved as stated upon the record at the hearing and in accordance with this Order.

      F.    **Sale Free and Clear**: The Debtors are the sole and lawful owners of the Real Property Lease. The Real Property Lease constitutes property of the Debtors' estates and title thereto is vested in the Debtors' estates. Other than as set forth herein, the assignment by the Debtors to Rainbow of the Real Property Lease is free and clear, and to the fullest extent allowed under Section 363(f) of the Bankruptcy Code of liens, claims, encumbrances, and interests, including, without limitation, security interests of whatever kind or nature, mortgages, pledges, deeds of trust, hypothecations, liens, encumbrances, assignments, preferences, debts, charges, suits, licenses, options, rights-of-recovery, judgments, taxes (including foreign, state, local and ad valorem taxes), licenses, covenants, restrictions, indentures, instruments, leases, options, claims for reimbursement, contribution, indemnity or exoneration, successor, product, environmental, tax, labor, ERISA, CERCLA, alter ego and other liabilities, causes of action, contract rights and claims, to the fullest extent of the law, in each case, of any kind or nature (including, without limitation, all "claims" as defined in section 101(5) of the Bankruptcy Code), known or unknown, whether pre-petition or

post-petition, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, liquidated or unliquidated, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, statutory or non-statutory, matured or unmatured, legal or equitable (collectively, "Liens").

G.      **Good Faith**: The Debtors, Pegasus and their members, management and board of directors and, Rainbow, its members and its officers, directors, employees, and representatives have acted in good faith. Rainbow's purchase of the Real Property Lease is based upon arm's length bargaining, without collusion or fraud, and in good faith as that term is used in Section 363(m) of the Bankruptcy Code. Rainbow shall be protected by Section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal. Pegasus was free to deal with any other party interested in buying or selling on behalf of the Debtors' estates for the Real Property Lease. Neither the Debtors, Pegasus nor Rainbow have engaged in any conduct that would cause or permit the assignment of the Real Property Lease to Rainbow to be avoided under Section 363(n) of the Bankruptcy Code, or that would prevent the application of Section 363(m) of the Bankruptcy Code. Rainbow has not violated Section 363(n) of the Bankruptcy Code by any action or inaction. Specifically, Rainbow has not acted in a collusive manner.

H.      **Insider Status**: Rainbow is not an "insider" or "affiliate" of the Debtors as those terms are defined in Section 101(31) of the Bankruptcy Code. No common identity of directors or controlling stockholders exists between Rainbow and the Debtors.

I.      **Business Judgment**: The assumption and assignment of the Real Property Lease is a reasonable exercise of the Debtors' sound business judgment consistent with their fiduciary duties and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest and their contractual obligations with Pegasus under the APA.

J.      **Personally Identifiable Information**: The transactions contemplated by the Real Property Lease Assignment does not include the sale or lease of personally identifiable information or assets containing personally identifiable information, as defined in section 101(41A) of the Bankruptcy Code ("Personally Identifiable Information").  Such transactions do not require the appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) of the Bankruptcy Code.

K.      **Time of the Essence**: Time is of the essence in effectuating the Real Property Lease Assignment as the Debtors and Pegasus have received notice that the going out of business sales at the store location pertaining to the Real Property Lease has concluded and an order approving the such assumption and assignment needs to be entered by December 31, 2018 to prevent any further potential claims to the Debtors and their estates.   Accordingly, cause exists to lift the stay to the extent necessary, as contemplated by Bankruptcy Rules 4001(a) and 6004(h) and permit the immediate effectiveness of this Order.

L.      **Corporate Authority**: Subject to the entry of this Order, the Debtors (i) have full corporate or other power to execute, deliver and perform their obligations to effectuate the assumption and assignment of the Real Property Lease pursuant to the APA and the Real Property Lease Assignment have been duly and validly authorized by all necessary corporate or similar action, (ii) have all of the corporate or other power and authority necessary to consummate the authorize and approve the Real Property Lease Assignment and the transactions contemplated herein. No consents or approvals, other than those expressly provided for herein, are required for the Debtors to consummate such transactions.

M.      **No Successor Liability**: The sale, assignment and transfer of the Real Property Lease will not subject Rainbow and/or its affiliates, designees, assignees, successors, or any of their

Case 18-11801-LSS    Doc 1075    Filed 12/27/18    Page 7 of 16

properties, assets, officers, directors, members, employees, or equity holders to any liability for claims, obligations, or Liens asserted against the Debtors or the Debtors' interests in such lease by reason of such transfer under any laws, including, without limitation, any bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental, product line, trademark infringement, de facto merger or substantial continuity or similar theories. Rainbow is not a successor to the Debtors or their respective estates.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## Motion Granted

1.      The relief requested in the Rainbow Designation Notice with respect to the assumption and assignment of the Real Property Lease is granted as set forth herein.

2.      Any remaining objections to the Rainbow Designation Notice, the relief requested therein, or the assumption and assignment of the Real Property Lease that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections are overruled in all respects and denied.

3.      All of the provisions of this Order are nonseverable and mutually dependent.

## Assumption and Assignment of Lease to Rainbow is Approved and Authorized

4.      The assumption and assignment of the Real Property Lease is hereby approved and, pursuant to section 365 of the Bankruptcy Code, the Debtors are hereby authorized to assume and assign the Real Property Lease to Rainbow as designee of Pegasus; *provided, however,* that there shall be no assumption of the Real Property Lease absent simultaneous assignment thereof to Rainbow. The Real Property Lease is deemed assumed by the Debtors and assigned to Rainbow effective as of the date of entry of this order by the Court (at times, the "Closing" or "Closing Date")

and, in accordance with sections 363 and 365 of the Bankruptcy Code, Rainbow shall be fully and irrevocably vested with all rights, title, and interest in and to the Real Property Lease as of the closing date, and each provision of the Real Property Lease shall remain in full force and effect for the benefit of Rainbow. Notwithstanding the foregoing, if this order is entered after December 31, 2018, Rainbow agrees that it will be liable for the full month of January, 2019 rent.

5.      In consideration of the terms of the Amendment of Lease Contract ("Lease Amendment") entered into between Rainbow and Landlord, conditioned upon entry of this Order, Landlord waives (a) the previously-identified Cure Amount as to the Real Property Lease,  (b) the accrued but currently unbilled 2018 real property taxes pursuant to Section 22.02 of the Real Property Lease which would otherwise be billed and become due in 2019 under the terms of the Real Property Lease; and (c) accrued but unpaid 2017-2018 percentage rent.  As a result of such waiver and the terms of the Lease Amendment, Pegasus and Rainbow have (a) cured and/or provided adequate assurance of cure of any monetary default existing prior to the effective date of assumption and assignment of the Real Property Lease, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code (and without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code), and (b) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to the effective date of assumption and assignment of the Real Property Lease within the meaning of § 365(b)(1)(B) of the Bankruptcy Code.  Except as otherwise provided for herein, Landlord shall be forever barred and estopped from asserting or claiming against the Debtors, Pegasus or Rainbow that any other amounts are due or other defaults exist under the Real Property Lease as of the date of the assignment of such Real Property Lease; *provided*, *however*, notwithstanding anything to the contrary in this Order, Rainbow shall be

responsible for all obligations and any liabilities for breach of or default under such Real Property Lease that accrue after the closing date.

6.      Notwithstanding anything to the contrary in this Order, any liability or obligation of any non-Debtor third party to any landlord arising under or in connection with the Real Property Lease, including third-party guarantees, shall remain unaffected and Rainbow acknowledges and agrees that from and after closing, it shall comply with the terms the Real Property Lease in its entirety, including any indemnification obligations contained in such Lease that could arise as a result of events or omissions occurring on or after such closing.  Notwithstanding anything to the contrary in this Order, upon assumption and assignment of the Real Property Lease to Rainbow, as amended, Rainbow assumes liability for all amounts and all obligations which accrue under the Real Property Lease on or after assumption and assignment of the Real Property Lease, including without limitation: (a) real estate taxes, common area costs, insurance and its proportionate share of percentage rent from and after the assignment date (if any) which accrues on or after the assumption and assignment of the Real Property Lease, (b) repair and maintenance obligations, whether accruing prior to, on or after assumption and assignment of the Real Property Lease; and (c) any regular or periodic ordinary course adjustments and reconciliations of such charges provided for under the terms of the Real Property Lease, accruing on or after the assumption and assignment of the Real Property Lease, *provided*, *further*, without relieving Pegasus or Rainbow of their obligations under this Order, nothing in this Order shall relieve the Debtors from timely performing their obligations under Section 365(d)(3) of the Bankruptcy Code that arise prior to the assumption and assignment any Real Property Lease; *provided, further,* that the Landlord may seek to recover from the Debtors (but not Rainbow or Pegasus) indemnification obligations, if any, arising from third-party claims asserted with respect to or arising from the Debtors' use and occupancy of the

Premises prior to the Closing for which the Debtors had a duty to indemnify the Landlord pursuant to the Real Property Lease, solely with respect to available insurance coverage that survives the Closing, if any; *provided*, *further*, that Pegasus and Rainbow shall not have any obligations to reimburse or indemnify the Debtors or the Debtors' insurer for any such recovery.

7.      Notwithstanding anything to the contrary in the Rainbow Designation Notice or elsewhere in this Order, Debtors shall be responsible for any accrued, but as yet unbilled, Percentage Rent (as defined in Section 4.02 of the Real Property Lease) from the petition filing date through the Closing Date.  Debtors shall submit to Landlord a written statement of 2018 Gross Sales and other information provided by the Real Property Lease by no later than January 31, 2019. Landlord may file an administrative expense priority claim against Debtors for any amount of Percentage Rent then due calculated based on that time period, if any. Landlord agrees not to assert any other claim against the Debtors other than those provided for in Paragraph 6, above, or any claim for pre-Closing Percentage Rent against either Pegasus or Rainbow.

8.      Rainbow has satisfied the requirements under sections 365(b)(1) and 365(f)(2) to provide adequate assurance of future performance under the Real Property Lease. Except as otherwise set forth in this Order, Rainbow shall not be required to provide any further evidence of any adequate assurance to any counterparty of the Real Property Lease.

9.      Except as otherwise set forth in this Order, including, without limitation, Paragraphs 6 and 7 herein, the assumption and assignment of the Real Property Lease provided for in this Order and pursuant to Section 365(b)(1)(A)-(C) of the Bankruptcy Code shall, upon closing give the Debtors the protections of Section 365(k) of the Bankruptcy Code which provides that Assignment by the Debtors to an entity of a contract or lease assumed under this section relieves the trustee

and the estate from any liability for any breach of such contract or lease occurring after such assignment.

## Order Binding

10.　　This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets.

11.　　This Order and the terms and provisions of the Real Property Lease shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Hilco joint venture parties, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Real Property Lease, notwithstanding any subsequent appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity or other fiduciary, such terms and provisions likewise shall be binding.  The provisions of this Order, and any actions taken pursuant hereto or thereto shall survive the entry of any order which may be entered confirming or consummating any plans of reorganization, the Debtors or converting the Debtors' cases from chapter 11 to chapter 7, and the terms and provisions of the assumption and assignment of leases, as well as the rights and interests granted pursuant to this Order, shall continue in these or any superseding cases and shall be binding upon the Debtors, and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative

of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code. Any trustee appointed in these cases shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order, and the trustee shall be and hereby are authorized to perform under this Order upon the appointment of the trustee without the need for further order of this Court.

### Other Provisions

12.     Except as expressly provided for herein and with regard to the Real Property Lease, Rainbow shall not be liable for any claims against the Debtors, and shall not assume, or in any way be liable or responsible for, any claim or liability against any of the Debtors, whether known or unknown, whether asserted or unasserted, whether accrued or unaccrued, whether contingent or not, whether at law or in equity or otherwise, whether existing on the closing date or arising thereafter and whether relating to or arising out of the Debtors' businesses or otherwise except as otherwise provided in this Order.  The Debtor has met all requirements of sections 365(b) and (f) of the Bankruptcy Code in connection with the assumption and assignment of the Real Property Lease to Rainbow.

13.     The  Real Property Lease is in full force and effect and any and all options arising prior hereto have been timely exercised and each is an "unexpired lease" within the meaning of § 365 of the Bankruptcy Code.

14.     Rainbow shall have no successor liability whatsoever with respect to any encumbrances or claims of any nature that may exist against the Debtors, including, without limitation, Rainbow shall not be, or be deemed to be: (a) a successor in interest within the meaning of any law, including any revenue, successor liability, pension, labor, ERISA, bulk transfer, products liability, tax or environmental law, rule or regulation, or any theory of successor or transferee liability,

antitrust, environmental, product line, de facto merger or substantial continuity or similar theories; or (b) a joint employer, co-employer or successor employer with the Debtors, and Rainbow shall have no obligation to pay wages, bonuses, severance pay, vacation pay, WARN act claims (if any), benefits or any other payments to employees of the Debtors, including pursuant to any collective bargaining agreement, employee pension plan, or otherwise.

15.    Any provisions contained in the Real Property Lease that prohibit or condition assignment, including provisions that (i) impose recapture, a fee, penalty, or profit-sharing upon assignment, (ii) seek to increase the rent or modify or terminate the Real Property Lease as a result of assignment, or (iii) purport to give any party a right of first refusal or option to purchase the Real Property Lease as a result of assignment, are found to be unenforceable anti-assignment provisions, within the meaning of section 365(f) of the Bankruptcy Code, solely in connection with the assumption and assignment of the Real Property Lease pursuant to this Order.

16.    The Real Property Lease shall be deemed to include the Debtors' leasehold interest as lessee thereunder together with all of the Debtors' right, title, interest, privilege, benefit and obligations accruing after the closing date, under any applicable reciprocal easement agreement or similar agreement affecting the premises, including, without limitation, any and all easements, covenants, conditions, restrictions, non-disturbance agreements and other similar agreements (collectively, the "Property Documents") either entered into by the Debtors with the Landlord and/or third parties or which otherwise relate to or affect the premises or the Real Property Lease.

17.    Upon the closing date, Rainbow shall be deemed to be substituted for the Debtors as a party to the Real Property Lease and all Property Documents related to the Real Property Lease. Upon the closing date, of the Real Property Lease shall be deemed valid and binding, in good standing, in full force and effect in accordance with its terms, and Rainbow shall be fully and irrevocably vested

13

with all right, title, interest and obligations of the Debtors as tenant, accruing after the Assignment Date, under the Real Property Lease.

18.     Except as otherwise provided herein, Rainbow shall not be liable for any liabilities of, claims, and obligations under the Real Property Lease, including but not limited to, liabilities whether known or unknown as of the closing date, now existing or hereafter arising, whether fixed or contingent, arising for the period prior to the closing date, whether or not asserted prior to or subsequent to the closing date, arising out of, or related to the Real Property Lease, the assignment of the Real Property Lease or otherwise.

19.     Any provisions contained in the Real Property Lease that are, or would have the effect of being covenants that a user of the premises operate under the Debtors' trade names or maintain or construct the premises to operate as a "Debtors' store, including restrictions limiting the display of signage to the Debtors' trade names contained in the Real Property Lease, shall not prohibit, restrict, or condition the assumption, assignment, and sale of the Real Property Lease to Rainbow and are found to be unenforceable anti-assignment provisions, within the meaning of section 365(f) of the Bankruptcy Code, solely in connection with the assumption and assignment of the Real Property Lease pursuant to this Order.

20.     Notwithstanding any term of the Real Property Lease to the contrary, any extension or renewal options or other rights contained in the Real Property Lease that purports to be personal only to the Debtors or to a named entity in the Real Property Lease or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by Rainbow, in accordance with the terms of the Real Property Lease. Any extension or renewal options arising prior hereto have been timely exercised by the Debtors and the Real Property Lease is in full force and effect and has not been previously rejected, by

operation or law or otherwise and the Debtors' time to assume or reject the Real Property Lease has not otherwise expired.

21.     The Landlord shall cooperate and execute and deliver, upon the reasonable request of Rainbow, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening and operating the premises associated with the Real Property Lease provided Landlord as a result of said cooperation does not incur any out of pocket costs that are not reimbursed by Rainbow.

22.     Upon approval hereof, the purported rejection of the Real Property Lease pursuant to the Debtors' *Amended Notice of Rejection of Unexpired Leases of Nonresidential Real Property* [Docket No. 997], filed December 14, 2018, and subsequent correspondence from Debtors' counsel, is hereby withdrawn and of no force and effect.

23.     Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order and any and all other documents and instruments necessary and appropriate to consummate the assumption and assignment of the Real Property Lease to the Rainbow.

24.     This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing officers, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record

or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Real Property Lease.

25. Rainbow is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Order, the various procedures contemplated. herein, any issues related to or otherwise connected to the assumption and assignment of the Real Property Lease.

26. Notwithstanding Bankruptcy Rules 4001 and 6004, or any other law that would serve to stay or limit the immediate effect of this Order, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors, Pegasus and Rainbow are free to perform under this Order at any time. For the avoidance of doubt, the Debtors are not subject to any stay in the implementation of the transactions contemplated by this Order.

27. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: December 27th, 2018
Wilmington, Delaware**

16

**LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE**