# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>J & M SALES INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-11801 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: February 5, 2019 at 4:00 p.m.** *(prevailing* **Eastern Time)**<br>**Hearing Date: February 12, 2019 at 10:00 a.m.** *(prevailing* **Eastern Time)** |

## MOTION OF HCP HIGHLAND PARK LLC FOR (A) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND (B) TO COMPEL DEBTORS TO TIMELY PERFORM CERTAIN LEASE OBLIGATIONS

HCP Highland Park LLC ("**HCP**"), by and through its undersigned counsel, hereby moves (the "**Motion**") the Court for entry of the proposed order attached hereto as **Exhibit A** (the "**Proposed Order**") (a) granting HCP an allowed administrative expense claim in the amount of $17,332.02 under section 503(b)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and (b) compelling the Debtors to pay $1,650.00 under section 365(d)(3) of the Bankruptcy Code, and in support thereof, HCP states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for relief requested herein are 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1).

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales. Tnc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

3. HCP confirms its consent, pursuant to Del. Bankr. L.R. 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### BACKGROUND

4. On August 6, 2018 (the "**Petition Date**"), J & M Sales, Inc., and certain affiliates (the "**Debtors**") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. HCP ("**Landlord**") is the landlord under that certain Amendment and Restatement of· Lease (the "**Lease**") entered into between Gordon R. Howard, as landlord, and Alpha Beta Company, as tenant, dated, September 4, 1981 for 5461 Figueroa Street, Highland Park, California, Store No. 122 (the "**Leased Premises**"). The Lease was assigned by Alpha Beta Company to J & M Sales, Inc. ("**Tenant**") *via* an assignment effective as of August 17, 2001. The Lease and Assignment are attached hereto as **Exhibit B**. HCP is the successor to Gordon R. Howard under the Lease.

6. Pursuant to the Lease, Tenant was obligated to pay rent in monthly installments on or before the first of each month in the amount of $20,021.25 (the "**Base Rent**"). In addition to Base Rent, Tenant was obligated for the payment of all taxes and assessments, utilities, common area maintenance charges, and such other costs and expenses as provided for under the Lease (collectively, the "**Lease Obligations**"). Invoices reflecting outstanding Lease Obligations are attached hereto as **Exhibit C**.

7. As of the Petition Date, the Debtors had not paid Base Rent and other Lease Obligations for the month of August, 2018. The August 2018 Base Rent, prorated for the period

from the Petition Date through August 31, 2018, is $16,782.02, plus $550.00 for August 2018 Lease Obligations relating to repairs and cleaning for a total of $17,332.02 (the "**Stub Rent Claim**").

8.    The Debtor enjoyed continuous possession and use of the Leased Premises from the Petition Date through August 31, 2018 (the "**Stub Period**").

9.    Although the Debtor paid Base Rent under the Lease for the months of September, October, and November of 2018, the Debtor failed to pay Lease Obligations in the amount of $1,650.00, consisting of maintenance and repairs ($550.00 x3) (the "**Postpetition Claim**").

10.    By order of the Court dated December 10, 2018 [Docket No. 963], the Lease was rejected effective November 29, 2018.

## RELIEF REQUESTED

11.    By this Motion, HCP seeks entry of the Proposed Order (a) granting HCP an allowed administrative expense claim in the amount of $17,332.02 under section 503(b)(1) of the Bankruptcy Code on account of the Stub Rent Claim and (b) compelling the Debtors to pay the $1,650.00 Postpetition Claim under section 365(d)(3) of the Bankruptcy Code. HCP respectfully requests that the Court require the Debtors to immediately pay these amounts.

## BASIS FOR RELIEF

A.    **STUB RENT CLAIM.**

12.    Section 503(b) of the Bankruptcy Code provides, in relevant part, "After notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1). Section 507(a)(2) of the Bankruptcy Code further provides that administrative expenses allowed under section 503(b) have first priority. *See* 11 U.S.C. § 507(a)(2).

13. The Stub Rent Claim constitutes an allowable administrative expense pursuant to sections 503(b)(1) of the Bankruptcy Code that is entitled to priority. *See, e.g., In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818–19 (3d Cir. 2010) (holding that "stub rent" is an administrative expense under § 503(b)(l) entitled to priority). Because the Debtors had exclusive possession of, and had been operating their businesses in, the Premises during the Stub Period, HCP is entitled to an allowed administrative expense under section 503(b) of the Bankruptcy Code in the amount of $17,332.02. *In re DVI, Inc.*, 308 B.R. 703, 707-08 (Bankr. D. Del. 2004) (landlord entitled to administrative claim equal to fair market value of premises); *In re ZB Company, Inc.*, 302 B.R. 316, 319 (Bankr. D. Del. 2003) (presumption that the lease rate is the fair market value unless there is evidence to the contrary).

14. The Stub Rent Claim is an administrative expense claim pursuant to section 503(b)(1)(A), because it benefited and preserved the Debtors' estates. The Debtors and their creditors benefited from the use of the Premises during the Stub Period. Accordingly, HCP is entitled to the entry of the Proposed Order.

**B.     POSTPETITION CLAIM.**

15. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, "The trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected . . . ." 11 U.S.C. § 365(d)(3). Lease obligations that come due under the applicable lease after the petition date but before rejection are payable as a section 365(d)(3) expense. *See CenterPoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205 (3d Cir. 2001).

16. Here, the Postpetition Claim consists of maintenance and repair obligations required under the Lease as in the amount of $1,650.00. These obligations were payable under the

terms of the Lease on September 1, 2018, October 1, 2018, and November 1, 2018, respectively—dates that fell after the Petition Date but before the November 29, 2018 effective date of rejection of the Lease. Accordingly, the $1,650.00 Postpetition Claim is an obligation of the Debtors under section 365(d)(3) of the Bankruptcy Code, which should be immediately paid.

**WHEREFORE**, HCP requests this Court to enter the Proposed Order (a) granting HCP an allowed administrative expense claim in the amount of $17,332.02 under section 503(b)(1) of the Bankruptcy Code on account of the Stub Rent Claim relating to the Lease; (b) granting HCP an allowed claim in the amount of $1,650.00 under section 365(d)(3) of the Bankruptcy Code on account of the Postpetition Claim; (c) directing the Debtors to immediately pay any allowed post-petition claims; and (d) granting HCP such other and further relief as this Court deems appropriate under the circumstances.

Dated:  January 17, 2019
      Wilmington, Delaware         **CHIPMAN BROWN CICERO & COLE, LLP**

                                          */s/ Mark D. Olivere*
                                     Mark D. Olivere (No. 4291)
                                     Hercules Plaza
                                     1313 North Market Street, Suite 5400
                                     Wilmington, Delaware 19801
                                     Telephone:    (302) 295-0193
                                     Facsimile:     (302) 295-0199
                                     Email:          olivere@chipmanbrown.com

                                          —and—

                                   **HALLING | MEZA LLP**
                                   Cameron Halling, Esq.
                                   23586 Calabasas Road, Suite 200
                                   Calabasas, California 91302
                                   Telephone:    (818) 222-4994
                                   Facsimile:     (818) 222-4995
                                   Email:          cameron@hallingmeza.com

                                   *Attorneys for HCP Highland Park LLC*