IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| J & M SALES INC., *et al.*, | Case No. 18-11801 (LSS) |
| Debtors. | Jointly Administered |

**APPLICATION OF IRC AURORA COMMONS, L.L.C.
AND IRC SIX CORNERS, L.L.C. FOR ALLOWANCE
OF ADMINISTRATIVE EXPENSE CLAIMS**

IRC Aurora Commons, L.L.C. and IRC Six Corners, L.L.C. (collectively, the "Landlord"), by and through their undersigned counsel, hereby file this application ("Application") pursuant to 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A) and 507(a)(2), and in support thereof respectfully state as follows:

**BACKGROUND**

1.  On August 6, 2018 ("Petition Date"), the above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.  Landlord is a party to (i) a lease of non-residential real property with the Debtor FP Stores, Inc. ("Aurora Lease") for premises located at 1270 N. Lake Street, Suite 104, Aurora, Illinois ("Aurora Premises"); and (ii) a lease of non-residential real property with the Debtor Southern Island Stores, LLC ("Six Corners Lease" and, together with the Aurora Lease, the "Leases")[1] for premises located at 3925 N. Cicero Ave., Chicago, Illinois ("Six Corners Premises" and, together with the Aurora Premises, the "Premises"). The Leases are leases "of real property in a shopping center" for purposes of 11 U.S.C. § 365(b)(3). The Leases were rejected effective as of October 2, 2018 ("Rejection Date").

---

[1] Due to their voluminous nature, copies of the Leases are available upon request.

{05437293.DOC.}

3. Pursuant to the Leases, the Debtors were required to make certain payments to Landlord arising out of the use, ownership or operation of the Premises covered by the Leases (such as, among other things, real property taxes and assessments, and all charges imposed on the Premises for things such as common area maintenance charges). The Debtors did not fully comply with these payment obligations, and certain amounts remain due and owing for the period of time following the Petition Date through and including the Rejection Date. An itemized calculation of the amount due under each of the Leases is set forth on <u>Exhibit A</u>. These itemized charges total $55,837.76 ("Claim").

4. Landlord believes that the amounts listed on Exhibit A are obligations of the Debtors under section 365(d)(3) of the Bankruptcy Code. The Debtors are required to immediately satisfy their post-petition, pre-rejection date obligations under the Lease pursuant to section 365(d)(3) of the Bankruptcy Code.

5. Additionally, the Claim is entitled to allowance and payment as an administrative expense claim under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code. Section 503(b) of the Bankruptcy Code provides in pertinent part that allowed administrative expense claims exist for "the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have priority. 11 U.S.C. §507(a)(2). The Claim is an administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code because it was incurred by the Debtors' estates and preserved the Debtors' estates. Upon information and belief, the Debtors benefited from the Leases during the period subsequent to the Petition Date and prior to the Rejection Date of the Leases through continued access to, and use of, the Premises.

6.  Lastly, pursuant to the terms of the Leases, the Debtors are obligated to reimburse Landlord for the reasonable attorneys' fees and costs incurred by Landlord in connection with seeking the Debtors' compliance with the terms of the Leases.  Accordingly, Landlord is entitled to payment by the Debtors of its attorneys' fees and costs incurred by Landlord in connection with the filing and prosecution of this Claim, and any other attorneys' fees and costs incurred post-petition and pre-rejection by Landlord to which Landlord may be entitled under the Leases.

7.  As a result of the Debtors' failure to comply with its post-petition, pre-rejection date obligations under the Leases, Landlord is entitled to allowance and payment of its Claim in the amount of $55,837.76, plus attorneys' fees and costs, as an administrative expense claim pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.  In addition, Landlord specifically reserves its rights to amend the amounts of the Claim to reflect reconciliations for real estate taxes, common area maintenance expenses and other charges that relate to the post-petition, pre-rejection period, but that are billed in arrears.

WHEREFORE, for all of the foregoing reasons, Landlord respectfully requests that the Court enter an order that (a) allows Landlord an administrative expense claim in the amount of $55,837.76, plus attorneys' fees and costs, plus any additional amounts due under the Leases attributable to the post-petition, pre-rejection period, and (b) grants such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  January 22, 2019<br>Wilmington, Delaware | CONNOLLY GALLAGHER LLP<br><br>*/s/ Kelly M. Conlan*<br>Karen C. Bifferato (#3279)<br>Kelly M. Conlan (#4786)<br>1000 N. West Street, Suite 1400<br>Wilmington, DE  19801<br>Telephone: (302) 888-6221<br>Facsimile:  (302) 757-7280<br>Email: kbifferato@connollygallagher.com<br>Email:  kconlan@connollygallagher.com<br><br>*Attorneys for Landlord* |