IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| J&M SALES INC., *et al.*, | Case No. 18-11801 (LSS) |
| Debtors.[1] | Jointly Administered |
| | Hearing Date:  January 28, 2019, 11:00 a.m. ET<br>Response Date: January 23, 2019<br>Re: Docket No: 1106 |

**PRIORITY PAYMENT SYSTEMS' AND SWIPE PAYMENT SOLUTIONS' RESPONSE TO MOTION OF GORDON BROTHERS FINANCE COMPANY TO CONVERT DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, PURSUANT TO 11 U.S.C. §§ 105 AND 1112**

1.  Priority Payment Systems ("Priority") and Swipe Payment Solutions ("Swipe"), by and through their undersigned counsel, hereby respond to the *Motion of Gordon Brothers Finance Company to Convert Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code, Pursuant to 11 U.S.C. §§ 105 and 112* (the "Motion"). Priority and Swipe do not oppose conversion, but file this response in opposition to the position of several administrative claimants, including landlords and others (collectively, the "Administrative Claimants"), that their administrative claims should be paid immediately, and before the Motion is granted and the cases are converted. The Court should not authorize payment of any administrative claims prior to conversion.

2.  Based on the superpriority administrative claim in the maximum aggregate amount of up to $1,300,000.00 granted to Priority and Swipe against the Debtors' estates (the "Processor Superpriority Administrative Claim") under paragraph 4 of that certain *Stipulated*

---

[1] The Debtors in the above-captioned chapter 11 cases ("Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924) (collectively, the "Debtors"). The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

2708663.1 115503-99284

*Order Re: Resolution of Disputes Between Debtors and Priority Payment Systems/Swipe Payment Solutions* (Dkt. No. 1054) entered on December 22, 2018, and that certain *Corrected Stipulated Order Re: Resolution of Disputes Between Debtors and Priority Payment Systems/Swipe Payment Solutions* (Dkt. 1095) entered on January 3, 2019 (together, the "Stipulated Order"), with exceptions only for Hilco and the PrePetition Term Loan Creditors, the Processor Superpriority Administrative Claim is senior to all other administrative claims, including those of the Administrative Claimants who have sought immediate payment. No administrative claims should be paid until the relative priority rights of the parties, including Priority and Swipe with respect to the Processor Superpriority Administrative Claim, are resolved, which cannot happen prior to conversion.

**RELEVANT FACTUAL BACKGROUND**

3. Pursuant to paragraph 4 of the Stipulated Order, Priority and Swipe were granted the Processor Superpriority Administrative Claim. The Processor Superpriority Administrative Claim is "senior to all other claims against Debtors' estates, **including without limitation administrative claims**, other superpriority administrative claims (except for the superpriority administrative claims granted to the Prepetition Term Loan Creditors pursuant to the Final DIP Order), and unsecured claims (emphasis added)." Under paragraph 3 of the Stipulated Order, the *only* claims against Debtors' estates to which the Processor Superpriority Administrative Claim is junior are:

   a. Claims and liens granted to Hilco as Agent under the Agency Sale Order;

   b. Superpriority administrative claims and liens of the PrePetition Term Loan Creditors under the Final DIP Order;

  c. The DIP Carve-Out as defined in and set forth under the Final DIP Order[2];

  d. Valid and properly perfected pre-petition secured claims and liens; and

  e. Liens **(but not administrative claims other than those in favor of the Prepetition Term Loan Creditors)** granted and approved by this Court prior to entry of the Stipulated Order (emphasis added).

## RESPONSE

4. Pursuant to the Stipulated Order, the Processor Superpriority Administrative Claim is senior to all administrative claims of all kinds with the exception of the claims actually articulated in the Stipulated Order as being senior to the Superpriority Administrative Claim, as described in paragraph 3(a) through (e) above.  The Administrative Claimants' administrative claims are not articulated in the Stipulated Order as being senior to the Processor Superpriority Administrative Claim.  In fact, as set forth in paragraph 3(e) above (corresponding to paragraph 4(v) of the Stipulated Order), the administrative claims of the Administrative Claimants are expressly excluded from being senior to the Processor Superpriority Administrative Claim. Therefore, under the Stipulated Order, which was approved by the Court after notice and a hearing and no objections filed thereto[3], the Processor Superpriority Administrative Claim is senior to the administrative claims of the Administrative Claimants (and all other administrative claims excepts those specified in paragraph 3(a) through (e) above).

5. In addition to the foregoing, there may be a "circularity of priority" issue that cannot be resolved prior to conversion:

---

[2] Unlike the DIP Carve-Out, the Initial Closing Store Stub Rent Reserve defined in and set forth under Finding of Fact/Conclusion of Law G(5) is not specified as being senior to the Processor Superpriority Administrative Claim.
[3] Hilco informally objected, but its concerns were addressed in the Stipulated Order.  There were no other objections to the Stipulated Order.

SMRH:489142640.3

   a. Priority and Swipe understand that the landlords assert that some or all of their administrative claims are senior to the PrePetition Term Loan Creditors based on Bankruptcy Code Section 506(c) rights - - [In other words, Landlords > PrePetition Term Loan Creditors];

   b. The PrePetition Term Loan Creditors are senior to the Processor Superpriority Administrative Claim under Section 4(ii) of the Stipulated Order - - [In other words, PrePetition Term Loan Creditors > Priority and Swipe]; and

   c. The Processor Superpriority Administrative Claim is senior to the landlords' administrative claims - - [In other words, Priority and Swipe > Landlords].

 6. No one appears to dispute that these cases are administratively insolvent and that there almost certainly will be insufficient funds to pay all administrative claims in full. Therefore, any relative priority issues among administrative creditors have to be resolved before any administrative claims can be paid.[4]  Not only is the Processor Superpriority Administrative Claim senior to the Administrative Claimants' administrative claims, but there may be a complicated circularity of priority problem that must be resolved, which issue could affect actual priority of distribution of funds from the estate.  This issue cannot be resolved prior to conversion of these bankruptcy cases.

 7. Based on the foregoing, Priority and Swipe oppose the payment of any administrative claims prior to conversion of these bankruptcy cases.

---

[4] While the Processor Superpriority Administrative Claim has not yet been liquidated, a $1.3 million reserve could be set aside from funds available for administrative creditors after payment of secured claims based on the superpriority of the Processor Superpriority Administrative Claim.

SMRH:489142640.3

Dated:  January 23, 2019
       Wilmington, Delaware

**GIBBONS P.C.**

By: /s/ *Natasha M. Songonuga*
Natasha M. Songonuga, Esq. (Bar No. 5391)
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801-1671
T: 302-518-6300
F: 302-429-6294
E-mail: nsongonuga@gibbonslaw.com

- and –

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Alan Feld, Esq.
Ted Cohen, Esq.
333 S. Hope Street, 43rd Floor
Los Angeles, CA 90071
T: 213-620-1780
F: 213-620-1398
E-mail: afeld@sheppardmullin.com
E-mail: tcohen@sheppardmullin.com
*Counsel for Priority Payment Systems, Inc. and Swipe Payment Solutions, Inc.*