IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| J & M SALES, INC., *et al.*, | § | Case No. 18-11801 (LSS) |
| | § | **Hearing Date: January 28, 2019 at 11:00 a.m.** |
| | § | **Obj. Deadline: January 23, 2019 at 4:00 p.m.** |
| Debtors. | § | |
| | § | **Re: D.I. 1106, 1123** |

### JOINDER OF SOCO, L.P. IN THE LIMITED OBJECTION OF 99 CENTS ONLY STORES, LLC, BRIXMOR OPERATING PARTNERSHIP LP, FEDERAL REALTY INVESTMENT TRUST, PGI MANAGEMENT, PGIM REAL ESTATE, PRIMESTOR DEVELOPMENT, INC., VALLEY PLAZA, LLC, WATT COMPANIES, WEITZMAN, AND WIND CHIME PROPERTIES, L.P. TO MOTION OF GORDON BROTHERS FINANCE COMPANY TO CONVERT DEBTORS' CHAPTER 11 CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, PURSUANT TO 11 U.S.C. §§ 105 AND 1112

SoCo, L.P. ("SoCo") hereby joins in the Limited Objection of 99 Cents Only Stores, LLC, Brixmor Operating Partnership LP, Federal Realty Investment Trust, PGI Management, PGIM Real Estate, Primestor Development, Inc., Valley Plaza, LLC, Watt Companies, Weitzman, and Wind Chime Properties, L.P. (D.I. 1123, the "Landlords' Objection") to Motion of Gordon Brothers Finance Company to Convert Debtors' Chapter 11 Cases Under Chapter 7 Of the Bankruptcy Code, Pursuant To 11 U.S.C. §§ 105 and 1112 (D.I. 1106, the "Motion to Convert"), and in support thereof respectfully states as follows:

1. SoCo is the lessor under a lease (the "Lease") of a store operated by Debtors located at 49221 Grapefruit Blvd, Coachella, CA (the "Premises"). This store is known as Store #144 among the stores operated by the Debtors.

2. Originally, on December 11, 2018, the Debtors gave notice that the Lease would be rejected effective December 22, 2018 (D.I. 967).

3. Subsequently, SoCo, the Debtors and Pegasus Trucking, LLC ("Pegasus"), the successful bidder under the Debtors' sale procedures, entered into that certain Stipulation Between J&M Sales, Inc., Pegasus Trucking, LLC and SoCo, a California limited Partnership (Store 144) Regarding Assumption and Assignment of Non-Residential Leases of Real Property dated December 28, 2018 (the "Stipulation").  The Stipulation was approved by (and is attached to) the Order of this Court dated January 3, 2019 (D.I. 1094, the "Order", Exhibit "1" hereto).

4. Under the terms of the Stipulation, SoCo waived the right to full payment of *pre-petition* cure amounts due under the Lease.  However, SoCo expressly reserved its claim for post-petition administrative rent through December 22, 2018.  *See* Stipulation, ¶6.[1]

5. SoCo has not been paid for estimated post-petition amounts due under the Lease in the estimated amount of $47,225.04.  On January 16, 2019, SoCo filed an administrative proof of claim with the Debtors' claims agent in that amount.

6. As further argued in the Landlords' Objection, movant Gordon Brothers Finance Company ("Gordon Bros.") has benefitted from the post-petition operations of the Debtors' stores, including Store #144.  Gordon Bros. should not be able to benefit from the post-petition operation of the Debtors' stores and then leave landlords holding the bag. Accordingly, the Motion to Convert should not be granted until all post-petition administrative rent claims, including SoCo's administrative rent claim, are paid in full.

WHEREFORE, SoCo requests that the Motion to Convert be denied.

Dated:  January 23, 2019.

        /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801

---

[1] The Stipulation also provides for Pegasus to pay the "stub rent."

|  |  |  |
|---|---|---|
| Telephone: | (302) 654-0248 |
| Facsimile: | (302) 654-0728 |
| Email: | loizides@loizides.com |

*Attorney for SoCo, LP*

OF COUNSEL:

Robert Goe
GOE & FORSYTHE, LLP
18101 Von Karman, Suite 1200
Irvine, CA 92612
T:(949) 798-2460
F:(949) 955-9437
rgoe@goeforlaw.com

*Attorneys for SoCo, LP*