**EXHIBIT "1"**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| J & M SALES, INC., *et al.*[1] | Case No. 18-11801 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 670, 675 & ____** |

**ORDER APPROVING STIPULATION BETWEEN J&M SALES, INC.,
PEGASUS TRUCKING, LLC AND SOCO, A CALIFORNIA LIMITED
PARTNERSHIP (STORE 144) REGARDING ASSUMPTION AND
ASSIGNMENT OF NON-RESIDENTIAL LEASES OF REAL PROPERTY**

Upon consideration of the *Stipulation Between J&M Sales, Inc., Pegasus Trucking, LLC and Soco, A California Limited Partnership (Store 144) Regarding Assumption and Assignment of Non-Residential Leases of Real Property* (the "Stipulation");[2] the Court having determined that good and adequate cause exists for approval of the Stipulation; and the Court having determined that no further notice of the Stipulation is necessary;

IT IS HEREBY ORDERED THAT

1. The Stipulation attached hereto as **Exhibit 1** is APPROVED.

2. The terms of the Stipulation are incorporated in full as if set forth herein.

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Stipulation.

10029238v1

3.   This Court shall retain jurisdiction to hear and determine all matters arising from

or relating to the implementation, interpretation, and enforcement of this Order.

**Dated: January 3rd, 2019**
10029230/Wilmington, Delaware

2

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit 1**

**(Stipulation)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| J & M SALES, INC., *et al.*[1] | Case No. 18-11801 (LSS) |
| Debtors. | (Jointly Administered) |

## STIPULATION BETWEEN J&M SALES, INC.,
## PEGASUS TRUCKING, LLC AND SOCO, A CALIFORNIA
## LIMITED PARTNERSHIP (STORE 144) REGARDING ASSUMPTION
## AND ASSIGNMENT OF NON-RESIDENTIAL LEASES OF REAL PROPERTY

Debtor J&M Sales, Inc. ("J&M" one of the above-captioned related entities (each

a "Debtor" and collectively, the Debtors"), Pegasus Trucking, LLC ("Pegasus"), and Soco, a

California limited partnership (sometimes referred to as "Landlord") hereby enter into the

following Stipulation and Agreement regarding certain leases of non-residential real property of

the Debtors.

## RECITALS

A.      The Debtors filed their chapter 11 petitions on August 6, 2018 (the "Petition

Date").  The Debtors remain as debtors in possession in these bankruptcy cases (the "Chapter 11

Cases").  The Chapter 11 Cases have been administratively consolidated under the Debtor "J&M

Sales, Inc."

---

[1]  The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).  The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

B.      The Debtors operated a business out of which they sold men's and women's clothing, bedding, household supplies, décor items and other general merchandise.  As of the bankruptcy filings, they sold merchandise out of 344 stores in 22 states and employed over 9,800 people.  The Debtors' stores ("Leased Locations") support underserved, low-income communities and are typically located in power strip centers, specialty centers, and downtown areas.

C.      On September 20, 2018, the Debtors filed a motion seeking authority to sell certain of their operating locations as a going concern ("Going Concern Sale"), which motion was granted by Order dated September 28, 2018 ("Bidding Procedures Order").  At the conclusion of the sale process and the October 8, 2018 auction authorized by the Bidding Procedures Order, the Debtors selected Pegasus as the successful bidder.  The sale to Pegasus was approved by the Bankruptcy Court by order dated October 17, 2018 (Docket No. 670) ("Sale Order"), and the transaction closed on October 19, 2018 (Docket No. 683).

D.      As contemplated by the Bidding Procedures Motion, the Debtors served and filed their "Unexpired Lease or Executory Contract Assumption and Cure Notice"  on September 28, 2018 (Docket No. 527).  On October 18, 2018, after resolution of certain lease assumption issues that remained unresolved at the time of entry of the Sale Order, the Court entered an Order Authorizing Assumption and Assignment of Leases to Pegasus (Docket No. 675) ("Assumption and Assignment Order").

E.      As also contemplated by the Bidding Procedures Order, the Debtors conducted an auction with respect to the inventory and certain related assets pertaining to the 185 stores owned

by the Debtors that were not purchased by Pegasus as part of the Going Concern Sale (each, a

"Liquidation Sale").  At the conclusion of this auction, the Debtors selected a bid by Hilco,

Gordon Brothers Retail Partners, LLC, and SB360 CapitalPartners, LLC (collectively, the

"Agent") as the successful bid, and the Court authorized the Agent to conduct the Liquidation

Sales by Order date October 12, 2018 (the "Liquidation Sale Order") (Docket No. 640.)

      F.      As part of the assets purchased at the Going Concern Sale, Pegasus purchased

certain "Designation Rights" which gave Pegasus the right to designate for assignment to third

parties or, with the consent of the Debtors, for assignment to itself of the remaining lease

locations that were not among those purchased by Pegasus at the Going Concern Sale.

      G.      One of the Leased Stores was located at 49221 Grapefruit Blvd, Coachella, CA

(the "Premises").  This store is known as Store #144 among the stores operated by the Debtors.

On December 11, 2018, the Debtors gave notice that the lease for the Premises (the "Lease")

shall be rejected effective December 22, 2018 (Docket No. 967).

      H.      Pegasus, Landlord and Debtors have agreed that Pegasus may exercise its

Designation Rights for the Lease.

      NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

      1.      **Incorporation of Recitals**: The foregoing Recitals are incorporated herein by this

reference.

      2.      **Jurisdiction**: This Court has jurisdiction to consider this Stipulation and the relief

requested in the related Order pursuant to 28 U.S.C. §§ 157 and 1134. Approval of the Debtors'

entry into this Stipulation to assume and assign non-residential leases of real property, and the

transactions contemplated thereby is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (D), (N) and (0).

3.    **Venue**: Venue of the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. § 1409(a).

4.    **Statutory Predicates**: The statutory predicates for the approval of this Stipulation and transactions contemplated therein are sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 6004-1.

5.    **Assumption and Assignment of Lease to Pegasus**: Pursuant to Section 365 of the Bankruptcy Code, the Lease shall be assumed and assigned by J&M to Pegasus based on the terms and conditions of a separate Assignment, Assumption and Amendment Agreement (the "Assumption and Assignment Agreement") agreed to by the Landlord and Pegasus. The execution of the Assumption and Assignment Agreement is a condition precedent to the assumption and assignment of the Lease.

6.    **Cure Waiver**:  Landlord has agreed to waive all prepetition defaults arising under the Lease.  Other than as provided herein, neither the Debtors nor Pegasus are required to pay any cure amount at closing, *provided, however*, that Landlord reserves the right to assert claims against J&M for any unpaid postpetition rent or charges due under the Lease through December 22, 2018, and J&M reserves any and all defenses in connection therewith.  Pegasus shall pay the rent accrued under the Lease for the time period of August 5, 2018 through August 31, 2018, in the amount of $9,058.20 (the "Stub Rent") along with the first month's rent due under the

separately executed Assignment, Assumption and Amendment Agreement between Landlord and Pegasus.  For the avoidance of doubt, Pegasus shall not be liable for any 2017 and 2018 year-end reconciliations or adjustments that have accrued as of the closing date.  Except as otherwise specifically provided in this Order, the requirements to assume and assign the Lease under Section 365(b)(1) of the Bankruptcy Code have been satisfied.  The Landlord is hereby estopped from claiming that any amount is due and owing as a cure amount (other than the reservation of rights to assert an administrative claim for unpaid post-petition rents or charges against J&M other than Stub Rent  and J&M's reservation of an applicable defense thereto).  All monetary defaults under the Lease arising prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured at closing and the Landlord shall be forever barred and estopped from asserting or claiming against the Debtors, or Pegasus that any other amounts are due or other defaults exist under such Lease as of the date of the assignment of such Lease; provided, however, notwithstanding anything to the contrary in this Order, Pegasus shall be responsible for all obligations and any liabilities for breach of or default under the Lease that accrue on and after the date upon which the Lease is assumed and assigned to Pegasus ("Closing Date").  Notwithstanding any provision in this Stipulation, the Landlord reserves its rights to assert a claim against J&M for any unpaid post-petition rents or charges due under the Lease (other than claims for payment of Stub Rent, which shall be the exclusive responsibility of Pegasus) accrued from the Petition Date through the Closing as provided herein and the Debtors reserve any and all rights and defenses in connection therewith.

7.    **No Requirement of Notice**: Under procedures approved by this Court in the Asset Purchase Agreement concerning the exercise of Lease Designation Rights by Pegasus, there is a requirement that a 14-Day notice be given to third-party landlords whose leases would be assumed and assigned either to Pegasus or a third-party assignee.  However, because the assumption and assignment provided for in this Stipulation is being undertaken with the consent of the Landlord, as well as  identified in Recitals H thru K, above, there is no need for notice to be provided prior to approval of this Stipulation.

8.    **Business Judgment**: The J&M's decision to assume and assign the Lease is a reasonable exercise of the J&M's sound business judgment consistent with their fiduciary duties and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest. J&M has articulated good and sufficient reasons for the approval of the assumption and assignment of lease and the transactions contemplated thereby.

9.    **Personally Identifiable Information**: The transactions contemplated by this Stipulation do not include the sale or lease of personally identifiable information or assets containing personally identifiable information, as defined in section 101(41A) of the Bankruptcy Code ("Personally Identifiable Information"). Such transactions do not require the appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) of the Bankruptcy Code.

10.    **Time of the Essence**: Time is of the essence in effectuating the assumption and assignment of Lease to Pegasus.  The Hilco Liquidation Sale that has been conducted since approximately October 12, 2018 shall conclude and all locations that are the subject of the

Liquidation Sale will conclude no later than December 22, 2018.  Therefore submitting this

Stipulation and obtaining Court approval of it prior to these deadlines is important and necessary.

11.     **<u>Corporate Authority</u>**: Subject to the entry of an Order approving this Stipulation,

the applicable Debtors (i) have full corporate or other power to execute, deliver and perform their

obligations under this Stipulation, as it relates to the assumption and assignment of the Lease and

all other transactions contemplated thereby; and (ii) entry into this Stipulation and the

contemplated assumption and assignment of the Lease has been duly and validly authorized by

all necessary corporate or similar action.  No consents or approvals, other than those expressly

provided for herein, are required to consummate such transactions.

12.     **<u>No Successor Liability</u>**:  The assumption and assignment of the Lease as

contemplated by this Stipulation will not subject the Debtors to any liability for claims,

obligations or encumbrances asserted against the Debtors or the Debtors' interests in the Lease

by reason of such assumption and assignment under any laws, including, without limitation, any

bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental,

product line, de facto merger or substantial continuity or similar theories. Pegasus is not a

successor to the Debtors or their respective estates.

13.     **<u>Section 365(k) Protection:</u>**  The assumption and assignment of the Lease

pursuant to Section 365(b)(1)(A)-(C) of the Bankruptcy Code contemplated by this Stipulation

shall, upon entry of an Order approving this Stipulation, grant to Debtors the protections of

Section 365(k) of the Bankruptcy Code effective as of the Closing Date.

DOCS_SF:98542.4 59942/002

14.     **Stipulation Binding on All Entities:**  This Stipulation and the Order approving

its terms shall be binding upon and shall govern the acts of all entities, including, without

limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages,

recorders of deeds, registrars of deeds, administrative agencies, governmental departments,

secretaries of state, federal, state and local officials, and all other persons and entities who may

be required by operation of law, the duties of their office, or contract, to accept, file, register or

otherwise record or release any documents or instruments, or who may be required to report or

insure any title or state of title in or to the Lease.

15.     **Stipulation Binding on Creditors:**  This Stipulation and the Order approving the

terms and provisions of the assumption and assignment of the Lease shall be binding on all of the

Debtors' creditors (whether known or unknown), the Debtors, Hilco, the Agent, and their

respective affiliates, successors and assigns, and any affected third parties including, but not

limited to, all persons asserting an interest in the Lease, notwithstanding any subsequent

appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy

Code with respect to the foregoing parties, and as to such trustee, party, entity or other fiduciary,

such terms and provisions likewise shall be binding.  The provisions of this Stipulation and

related Order, and any actions taken pursuant hereto or thereto shall survive the entry of any

order which may be entered confirming or consummating any plans) of the Debtors or

converting the Debtors' cases from chapter 11 to chapter 7, and the terms and provisions of the

assumption and assignment of leases, as well as the rights and interests granted pursuant to this

Stipulation and the Order approving its terms, shall continue in these or any superseding cases

and shall be binding upon the Debtors, and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.  Any trustee appointed in these cases shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Order, and the trustee shall be and hereby are authorized to perform under this Order upon the appointment of the trustee without the need for further order of this Court.

16.    **Waiver of Avoidance Actions and any other claims.**  Debtors waive the right to bring any avoidance action against Landlord arising under the Lease pursuant to Sections 544, 547, and 548 of the Bankruptcy Code.

**Other Provisions**

17.    Except as expressly provided in the Asset Purchase Agreement between the Debtors and Pegasus and this Stipulation, Pegasus shall not, by virtue of entry into this Stipulation, be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against Pegasus.  Pegasus shall have no successor liability whatsoever with respect to any encumbrances or claims of any nature that may exist against the Debtors, including, without limitation, Pegasus shall not be, or be deemed to be: (a) a successor in interest within the meaning of any law, including any revenue, successor liability, pension, labor, ERISA, bulk transfer, products liability, tax or environmental law, rule or regulation, or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories; or (b) a joint employer, co-employer or successor

DOCS_SF:98542.4 59942/002

employer with the Debtors, and Pegasus shall have no obligation to pay wages, bonuses, severance pay, vacation pay, WARN act claims (if any), benefits or any other payments to employees of the Debtors, including pursuant to any collective bargaining agreement, employee pension plan, or otherwise, except as expressly set forth in the Agency Agreements.

18.    Pegasus is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Stipulation and any issues related to or otherwise connected to the assumption and assignment of the Lease contemplated by this Stipulation.

19.    Nothing contained in any plan confirmed in the Debtors' chapter 11 cases or any order of this Court confirming such plan or in any other order in these chapter 11 cases (including any order entered after the conversion of any of these cases to a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions this Stipulation.

20.    Notwithstanding Bankruptcy Rules 4001 and 6004, or any other law that would serve to stay or limit the immediate effect of the Order approving this Stipulation, such Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, the Debtors and Pegasus are free to perform under this Stipulation and related Order at any time, subject to the terms of the Asset Purchase Agreement.  For the avoidance of doubt, the Debtors are not subject to any stay in the implementation of the transactions contemplated by this Stipulation.

21.     To the extent that anything contained in this Stipulation explicitly conflicts with a provision in the Asset Purchase Agreement and the Sale Order, this Stipulation shall govern with respect to all issues under Section 365, 365(b)(1)(A)-(C), and 365(k) of the Bankruptcy Code and Bankruptcy Rule 6006; the Asset Purchase Agreement and Sale Order shall govern on all other matters.

Dated: December 28, 2018                  PACHULSKI STANG ZIEHL & JONES LLP


                                          */s/ Peter J. Keane*
                                          Richard M. Pachulski (admitted pro hac vice)
                                          Peter J. Keane (DE Bar No. 5503)
                                          919 North Market Street, 17th Floor P.O. Box
                                          8705 Wilmington, DE 19899 (Courier 19801)
                                          Telephone: (302) 652-4100 Facsimile: (302)
                                          652-4400 Email:
                                          rpachulski@pszjlaw.com
                                          pkeane@pszjlaw.com


                                          -and-

                                          KATTEN MUCHIN ROSENMAN LLP

                                          William B. Freeman (admitted pro hac vice)
                                          Karen B. Dine (admitted pro hac vice)
                                          Jerry L. Hall (admitted pro hac vice)
                                          575 Madison Avenue
                                          New York, NY 10022
                                          Telephone: (202) 940-8800 Facsimile: (202)
                                          940-8776
                                          Email: bill.freeman@kattenlaw.com
                                          karen.dine@kattenlaw.com
                                          jerry.hall@kattenlaw.com


                                          Attorneys for Debtors and Debtors in
                                          Possession

By:*/s/ Aaron H. Stulman*
Christopher M. Samis (DE No. 4909)
L. Katherine Good (DE No. 5101)
Aaron H. Stulman (DE No. 5807)
WHITEFORD, TAYLOR & PRESTON LLC
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, Delaware 19801
Telephone:  (302) 353-4144
Facsimile:  (302) 661-7950
Email:        csamis@wtplaw.com
                   kgood@wtplaw.com
                   astulman@wtplaw.com

*-and-*

Victor A. Sahn (CA No. 97299)
David S. Kupetz (CA No. 125062)
Mark S. Horoupian (CA No. 175373)
Daniel A. Lev (CA No. 129622)
Jeffrey M. Pomerance (CA No. 159037)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone:  (213) 626-2311
Facsimile:  (213) 629-4520
Email:        vsahn@sulmeyerlaw.com
                   dkupetz@sulmeyerlaw.com
                   mhoroupian@sulmeyerlaw.com
                   dlev@sulmeyerlaw.com
                   jpomerance@sulmeyerlaw.com

Counsel for Pegasus Trucking, LLC

By: */s/ Robert Goe*
        Robert Goe
        Goe & Forsythe
        1801 Von Karman Ave, Suite 1200
        Irvine, CA 92612

Counsel for Soco, a California limited partnership