**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>J & M Sales Inc., *et al.*,<br><br>　　　　　Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 18-11801 (LSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Docket No. 1106** |

**LIMITED OBJECTION OF HILCO MERCHANT RESOURCES, LLC, GORDON BROTHERS RETAIL PARTNERS, LLC & SB360 CAPITAL PARTNERS, LLC TO THE MOTION OF GORDON BROTHERS FINANCE COMPANY TO CONVERT DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, PURSUANT TO 11 U.S.C. §§ 105 AND 1112**

The contractual joint venture of Hilco Merchant Resources, LLC, Gordon Brothers Retail Partners, LLC and SB360 Capital Partners, LLC as the agent (collectively, the "Agent") for the liquidation sales of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to that certain Agency Agreement, dated October 11, 2018 (Exhibit A to D.I. 640) (the "Agency Agreement"), through its undersigned counsel, hereby files this limited objection to the *Motion of Gordon Brothers Finance Company to Convert Debtors' Chapter 11 Cases to Cases under Chapter 7 of the Bankruptcy Code, Pursuant to 11 U.S.C. §§ 105 and 1112* (D.I. 1106) (the "Motion"). In support hereof, the Agent states as follows:

**PRELIMINARY STATEMENT**

1.　　The Debtors and the Agent have completed the Final Inventory Report[2] and Final Reconciliation with respect to the Sales, and the Agent understands that the only outstanding issue with respect to their finalization is the Debtors' obtaining the approval of

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.
[2] Capitalized terms used but not defined herein are as defined in the Agency Agreement.

Gordon Brothers Finance Company ("GBFC").  The Debtors and the Agent transmitted the Final Inventory Report and the Final Reconciliation to GBFC for approval last Friday, January 18, 2019, but to date, GBFC has not provided any feedback of which the Agent is aware.  GBFC should be required to sign off on both the Final Inventory Report and Final Reconciliation prior to proceeding with the Motion.  Otherwise, the parties could be unnecessarily forced to incur the time and expense of a chapter 7 trustee first familiarizing himself or herself on the terms and conditions of the Agency Agreement and then engaging with the Agent to re-do the inventory and reconciliation process even though the Debtors, in their business judgment, have already agreed with the results.  Such an outcome would cause the Debtors' estates to incur unnecessary costs and expenses to the further detriment of creditors in these cases and would unfairly prejudice the Agent by what is likely a length delay and additional costs and expenses.

## RELEVANT BACKGROUND

2. On October 12, 2018, after a thorough court-ordered sale process and auction, the Court entered the *Order Approving Liquidation Sale of the Debtors' Assets and Granting Related Relief* (D.I. 640) (the "Liquidation Sale Order"), thereby approving the Agency Agreement and the related liquidation sales (the "Sales") at 184 of the Debtors' store locations as specified in detail therein (the "Liquidating Stores").

3. On December 22, 2018, the Sales at all of the Liquidating Stores were completed and the reconciliation process began.  The reconciliation process is necessary to determine the exact amounts owed to the Agent and/or the Debtors as set forth in the Agency Agreement.  Through this process, the Agent and Debtors, subject to GBFC's approval, "reconcile Expenses of the Sale, make payments/setoffs on account of the Guaranteed Amount, Agent's Fee, Sharing Amounts, sales of Additional Agent Goods, and Owned FF&E, and

reconcile such other Sale-related items as either party shall reasonably request." Agency Agreement, Sec. 8.7. A Final Inventory Report, which is a "report of the aggregate Cost Value of the Merchandise included in the Sale by the Inventory Taking Service," is also required by the Agency Agreement and directly affects the Final Reconciliation. Agency Agreement, Sec. 3.3(b).

4. The Agency Agreement provides that: "Within ten (10) days or as soon as practicable thereafter (the "Final Reconciliation Date"), Agent and Merchant shall complete a final reconciliation of the Sale (the "Final Reconciliation"), . . . ." *Id*. Only after the Final Inventory Report and Final Reconciliation are completed do the parties know whether the Agent or Debtors owe any further amounts to each other. Subsumed within such Final Reconciliation and Final Inventory Report are various calculations, reconciliations, and accountings that require an understanding of the Agency Agreement and the Sale and cannot be considered on an isolated or stand-alone basis.

5. On January 7, 2019, GBFC filed the Motion, seeking to have the Debtors' cases converted to cases under chapter 7 of the Bankruptcy Code.

6. As of January 18, 2019, the Agent and Debtors completed the Final Inventory Report and the Final Reconciliation and provided copies to GBFC for their review and comment. As of the time of this filing, however, the Agent (and, upon information and belief, the Debtors) has not received any feedback from GBFC with respect to the Final Inventory Report and Final Reconciliation.

**LIMITED OBJECTION**

7. The Agent hereby objects to the hearing on the Motion going forward and the conversion of these cases occurring before the Final Inventory Report and Final Reconciliation are fully resolved and any payments required as a result are paid.

8. The present proposal of GBFC and the Debtors is that the Motion will be heard by the Court on January 28th and any such order entered will have an effective chapter 7 conversion date of February 1, 2019, in order to give the parties sufficient time to complete the Final Reconciliation. Since the Debtors and the Agent have already finalized the Final Inventory Report and Final Reconciliation, the only outstanding requisite approval is that of GBFC. Respectfully, the Court should order the effective date of conversion to be the later of February 1, 2019 and the date on which GBFC signs off on both reports.

9. Should GBFC dispute the Final Inventory Report and Final Reconciliation, the Agent believes that any such disputes should be resolved between these parties—the Debtors, Agent and GBFC (collectively, the "Parties")— at or prior to the hearing on the Motion, and in any event, would be most efficiently and effectively revolved by these Parties prior to conversion of these cases. These Parties contain all of the institutional knowledge of the Agency Agreement and months-long Sales, and it would be difficult, time-consuming and expensive for the Debtors' estates to leave the Final Inventory Report and Final Reconciliation, and any attendant disputes, to a chapter 7 trustee. The Debtors have stated as much on the record: "Mr. Kroll, who has, I think, done an extraordinary job as CRO, made it clear that there would be -- that it would be difficult for a trustee simply to step in and deal with the reconciliation of Hilco." *See* 1/14/19 Hrg Tr. 24:21-24 (R. Pachulski).

10. Consequently, GBFC should be required to sign off on both the Final Inventory Report and Final Reconciliation prior to proceeding with the Motion. Otherwise, even though the Debtors in their business judgment have already agreed to the results of the Final Inventory Report and Final Reconciliation, the Agent could be unnecessarily forced to re-do the inventory and reconciliation process with a chapter 7 trustee, who will have no historical knowledge of the Agency Agreement or these Sales, and possibly not even be familiar with these types of reconciliations (not to mention the other issues that a chapter 7 trustee would be getting up to speed on at the beginning of a case). Such an outcome would cause the Debtors' estates to incur unnecessary and duplicative costs and expenses to the further detriment of the Debtors' creditors and will unfairly prejudice the Agent by the indeterminate delay and additional costs and expenses.

11. The Agent does not object to the conversion of these cases to cases under chapter 7 of the Bankruptcy Code, as long as the conversion occurs only after any disputes related to the Final Inventory Report and Final Reconciliation are resolved and any payments related thereto are made.

## **CONCLUSION**

WHEREFORE, the Agent respectfully requests that the Court not hear the Motion, or at a minimum delay the effectiveness of any such order and conversion of the cases, until the Final Inventory Report and Final Reconciliation are fully settled and related payments thereunder are made and grant such other or further relief as it deems proper.

*[Signature page follows]*

| | |
|---|---|
| Dated: January 23, 2019<br>Wilmington, Delaware | */s/ Marcy J. McLaughlin*<br>Douglas D. Herrmann (DE No. 4872)<br>Marcy J. McLaughlin (DE No. 6184)<br>**PEPPER HAMILTON LLP**<br>1313 N. Market Street, P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone:     (302) 777-6500<br>Facsimile:      (302) 421-8390<br>E-mail:           herrmannd@pepperlaw.com<br>                      mclaughlinm@pepperlaw.com<br><br>*Counsel to the Agent* |