

NATASHA M. SONGONUGA
Director

Gibbons P.C.
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
Direct: (302) 518-6324 Fax: (302) 397-2139
nsongonuga@gibbonslaw.com

January 24, 2019

**BY CM/ECF and HAND DELIVERY**

Hon. Laurie Selber Silverstein
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE  19801

> **In re:  J & M Sales Inc., et al.**
> **Chapter 11, Case No. 18-11801**

Dear Judge Silverstein:

We are counsel for Priority Payment Systems, Inc. and Swipe Payment Solutions, Inc. (collectively, "Processors").  In connection with the upcoming status conference on January 28, 2019, at 11:00 a.m. on the pending motion of Processors to order Pegasus Trucking, LLC ("Pegasus") to return $1 million in reserve funds to Processors that was inadvertently released to Pegasus (the "Motion"), Processors submit this report to advise the Court of the status of discovery in connection with the Motion.

Since the last conference with the Court, Debtors have withdrawn their objection to the Motion and, accordingly, have not pursued or otherwise sought any discovery.

Pegasus has served no discovery on Processors.  Processors has already provided Pegasus with an accounting of the funds collected by Processors with respect to the Pegasus Locations and released to Debtors for remittance to Pegasus up to the time of the effectiveness of the stipulated settlement order between the Processors and Pegasus (the "Pegasus Order").  Thereafter, Pegasus made an informal request for an additional accounting setting forth the reserves held and fees charged and applied by Processors in connection with collections at the Pegasus Locations since the effectiveness of the Pegasus Order.  Processors have provided the additional accounting to Pegasus, and there are no unsatisfied formal or informal discovery requests served by Pegasus on Processors.

By contrast, as detailed below, Pegasus has delayed providing documents formally requested by Processors in connection with depositions of various Pegasus witnesses including its principal Michael Fallas ("Fallas") – all formally noticed by Processors on January 10, 2019 for January 16-18, 2019.  Pegasus has misled Processors with respect to the timing of providing an accounting that Pegasus allegedly is preparing of processed collections and fees at the Pegasus Locations in support of its opposition to the Pegasus Motion (the "Pegasus Accounting").  In reliance upon Pegasus' representation that Pegasus would provide the Pegasus Accounting (as well as the other

GIBBONS P.C.

Hon. Laurie Selber Silverstein
January 24, 2019
Page 2

documents formally requested by Processors) prior to the to-be continued depositions, Processors continued the depositions of Fallas and Pegasus for a period of one week to January 23, and 24, 2019. Pegasus failed to provide the Pegasus Accounting or other documents, failed to respond to multiple inquiries from Processors when the Pegasus Accounting and documents were not produced. After Processors continued the depositions -- Pegasus for the first time took the position that Pegasus has 30 days to produce documents responsive to the document requests served by Processors in connection with the depositions. To date, Pegasus has not provided the Pegasus Accounting or other documents responsive to Processors' formal requests, and may not provide responsive documents until February 15, 2019 based upon its assertion that it now has 30 days to produce such documents. Processors cannot take the depositions of Fallas and Pegasus until a few days after receiving the Pegasus Accounting and other responsive documents.

The specific chronology of events follows: On January 10, 2019, Processors served depositions notices of (i) Fallas, (ii) Pegasus's corporate designee(s) on specified topics under Rule 30(b)(6), and (iii) Pegasus's evidentiary hearing witness(es) for depositions to take place on January 16, 17 and 18, 2019 [Docket Nos. 1134, 1135 and 1136].[1] In connection with the deposition notices, Processors included document requests for documents to be produced on January 14, 2019. On December 27, 2018, Processors had informally requested from Pegasus many of the documents set forth in the deposition notices . Between January 10, 2019, and January 14, 2019, Processors repeatedly inquired of Pegasus without a substantive response from Pegasus whether Pegasus and Fallas would produce documents and appear for their depositions.

On January 14, 2019, Pegasus first mentioned the Pegasus Accounting it was preparing, and promised to provide it when it was complete, which Pegasus indicated would be done by January 18, 2019. Processors confirmed Pegasus's representation in an email to Pegasus to which Pegasus did not respond. On January 16, 2019, in reliance on Pegasus's representations upon the timing of receipt of the Pegasus Accounting, Processors continued the depositions of Fallas and Pegasus's corporate designee(s) to January 23 and 24, 2019. In connection with the continuance of the depositions, Processors filed amended deposition notices on January 16 , 2019 [Docket Nos. 1176 and 1177]. On January 17, 2019, Pegasus informed Processors that "it looks like I might in fact get the reports on collections from my client to compare with yours by tomorrow". Early Friday morning January 18, 2019, Processors inquired of Pegasus in addition to the Pegasus Accounting, what the status was of the documents requested by Processors in the deposition notices. After receiving no documents, no Pegasus Accounting and no further response or communication of any kind from Pegasus that day, Processors sent follow up emails to Pegasus at the end of the day and over the weekend and received no response until January 21, 2019 after 5:00 p.m. First, notwithstanding that on Friday morning (business hours on a weekday) Processors had inquired of Pegasus as to the status of producing documents, Pegasus's counsel indicated that he is not available on the weekends or holidays unless Processors first make an appointment with him

---

[1] Processors also served depositions notices on Debtors in connection with Debtors' response to the Pegasus Motion. On January 16, 2019, Debtors withdrew their response to the Pegasus Motion and Processors took the depositions of Debtors off calendar without prejudice.

GIBBONS P.C.

Hon. Laurie Selber Silverstein
January 24, 2019
Page 3

during normal business hours.  Next, notwithstanding that on January 14, 2019 Pegasus had promised that it would provide the Pegasus Accounting when complete, which would be no later than January 18, 2019, Pegasus indicated that Processors were under the misimpression that Pegasus would provide the Pegasus Accounting on January 18, 2019.

On January 22, 2019, (a) 12 days after Processors formally noticed the depositions including document requests returnable prior to the depositions, (b) 6 days after Processors continued the depositions in order to give Pegasus more time to produce the Pegasus Accounting and requested documents, and (c) the day before the start of the continued and re-noticed depositions, notwithstanding the condensed time frame with respect to the Pegasus Motion, Pegasus asserted for the first time that Pegasus has 30 days to produce documents in connection with the depositions.  30 days after the original deposition notices falls on February 9, 2019 and 30 days after the amended deposition notices falls on February 15, 2019.

To date, other than a spreadsheet prepared by Debtors, Pegasus has produced no documents, including the Pegasus Accounting.  Pegasus has not indicated when it will produce the Pegasus Accounting or responsive documents other than taking the position that it has 30 days to do so, leaving the twice noticed depositions in complete limbo with Processors unable to reschedule the depositions until it has received the Pegasus Accounting and responsive documents.

>Respectfully submitted,
>
>/s/ *Natasha M. Songonuga*
>
>Natasha M. Songonuga, Gibbons P.C.
>
>[and]
>
>Alan Feld, Esq., Sheppard Mullin
>Ted Cohen, Esq., Sheppard Mullin

cc:  Attached Service List

**SERVICE LIST**

Via CM/ECF and Email
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022
Attn: William B. Freeman, Esq.,
Karen B. Dine, Esq. and Jerry L. Hall
Email: bill.freeman@rkattenlaw.com
karen.dine@kattenlaw.com
jerry.hall@rkattenlaw.com
*Counsel for the Debtors*

PACHULSKI STANG ZIEHL &JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899
Attn: Richard M. Pachulski, Esq.and
Peter J. Keane, Esq.
Email: rpachulski@pszjlaw.com
pkeane@pszjlaw.com;
*Co-Counsel for the Debtors*

SULMEYERKUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Attn: Alan G. Tippie. David S. Kupetz.
Mark S. Horoupian, Daniel A. Lev
and Jeffrey M. Pomerance
Email: atippie@sulmeyerlaw.com
dkupetz@sulmeyerlaw.com
mhoroupian@sulmeyerlaw.com
dlev@sulmeyerlaw.com
jpomerance@sulmeyerlaw.com
*Counsel for Pegasus Trucking, LLC and Michael Fallas*

OFFICE OF THE UNITED STATES TRUSTEE
844 King Street, Suite 2207
Wilmington, DE 19801
Attn: Richard Schepacarter, Esq.
Email: Richard.schepacarter@usdoj.gov.
*Office of the United States Trustee*

WHITEFORD, TAYLOR & PRESTON, LLC
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, DE 19801
Attn: Christopher M. Samis, Esq., L. Katherine Good, Esq. and Aaron H. Stulman
Email: csamis@stplaw.com
kgood@wtplaw.com
astulman@wtplaw.com
*Co-Counsel for Pegasus Trucking, LLC*

COOLEY LLP
The Grace Building
1114 Avenue of the Americas, 46th Fl
New York, NY 10036-7798
Attn: Jay Indyke, Seth Van Aalten and Michael Klein
Email: jindyke@cooley.com
svanaalten@cooley.com
mklein@cooley.com
*Counsel for the Official Committee of Unsecured Creditors*

FOX ROTHSCHILD LLP
919 N. Market St., Suite 300
Wilmington, DE 19899-2323
Attn: Thomas M. Horan, Esq. and
Courtney A. Emerson, Esq.
Email: thoran@foxrothschild.com
cemerson@foxrothschild.com

[and]

FOX ROTHSCHILD LLP
101 Park Ave., 17th Floor
New York, NY 10178
Attn: Paul J. Labov, Esq.
Email: plabov@foxrothschild.com
*Co-Counsel for the Official Committee of Unsecured Creditors*