**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| J & M SALES INC., *et al.*, | ) Case No. 18-11801 (LSS) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |
| | ) Re: Docket Nos. 1089, 1104, 1117, 1122, 1131, |
| | ) 1149, 1156, 1175, 1182, 1195 |

## DEBTORS' OMNIBUS RESPONSE TO VARIOUS MOTIONS SEEKING ALLOWANCE AND/OR IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES

J & M Sales Inc., and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession (collectively, "Debtors"), hereby file this omnibus response (the "Response") to the following pending motions set for a hearing that are seeking allowance and/or immediate payment of asserted administrative expense claims against the Debtors (collectively, the "Motions"):

a. Loomis Armored US, LLC, asserting $266,145.07, plus interest, attorneys' fees and costs [Docket No. 1089];

b. United Pacific Design, Inc., asserting $72,284.05, plus interest and attorneys' fees [Docket No. 1104];

c. Weiser Security Services, Inc., asserting $205,277.25, plus interest, attorneys' fees and costs [Docket No. 1117];

d. Longs Drug Stores California, LLC, asserting $50,265.59 under section 503(b)(1) and compelling payment of $2,140.05 under section 365(d)(3) [Docket No. 1122];

e. Arena Shoppes, LLLP, asserting $26,169.15 under sections 503 and 365(d)(3) [Docket No. 1131];

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

    f. Seldat, Inc., asserting $365,029.90 [Docket No. 1149];

    g. All Weather Fashions Ltd., asserting $155,199.56 [Docket No. 1156];

    h. Wicked Fashions, Inc., asserting $194,742.00 [Docket No. 1175];

    i. HCP Highland Park, LLC, asserting $17,332.02 under section 503(b)(1) and compelling payment of $1,650.00 under section 365(d)(3) [Docket No. 1182]; and

    j. A.F.M.K., Inc., asserting $48,279.00 under section 503(b)(9) [Docket No. 1195].

**Preliminary Statement**

1. The Debtors take no position on the timing and priority of payment for the asserted administrative expense claims set forth in the Motions. As the Debtors stated at the January 14, 2019 hearing, the Debtors have limited cash on hand and are unable to pay in full all administrative claims at this time. The total aggregate amounts asserted in the Motions listed above are approximately $1.398 million.[2] These cases are expected to convert to chapter 7 due to the pending conversion motion filed by Gordon Brothers Finance Company that is set for hearing on January 28, 2019.

2. The Debtors submit this Response to certain allegations in the Motion by Loomis Armored US, LLC ("Loomis"). With respect to the other Motions, given the pending conversion to chapter 7, the Debtors assert that any objection deadline should be adjourned to a date to be determined by the Court until a chapter 7 trustee has been appointed and can review and make a determination for how to proceed with those Motions.

---

[2] The Court also has a pending administrative expense motion by Protech Staffing Services, Inc. [Docket No. 1047] that is under advisement pending a decision on the timing of payment.

**Debtors' Response**

A.      **Loomis Armored US, LLC ("Loomis")**

3.      Loomis asserts $266,145.07 for post-petition services provided to the Debtors, plus interest, attorneys' fees and costs. Loomis indicates it has incurred $12,202.92 in attorneys' fees plus costs in drafting its motion and asserted that its attempts to pickup and recover cash and safes from various stores "required significant intervention" by its counsel. Loomis Motion at ¶11.

4.      Based on the Debtors' books and records, the Debtors agree with the $266,145.07 amount for post-petition services asserted by Loomis set forth in the invoices.

5.      The Debtors, however, dispute Loomis' request for interest, attorneys' fees, and costs. First, applicable case law in this district holds that, as an unsecured creditor, Loomis cannot recover postpetition interest, attorneys' fees, and costs as part of any allowed unsecured claim against the estates. *See In re Tribune Media, Co*., 2015 Bankr. LEXIS 3973 (Bankr. D. Del. Nov. 19, 2015) ("the plain language of § 502(b) and § 506(b), when read together, indicate that postpetition interest, attorney's fees and costs are recoverable only by oversecured creditors.")[3]; *see also Finova v. Group, Inc. v. BNP Paribas (In re Finova Group, Inc.)*, 304 B.R. 630, 638 (D. Del. 2004) (denying postpetition claims for attorneys' fees and costs and recognizing that it is the majority approach); *Global Indus. Techs. Servs. v. Tanglewood Invs., Inc. (In re Global Indus. Techs.)*, 327 B.R. 230, 239 (Bankr. W.D. Pa. 2005) ("The court

---

[3] *Tribune* distinguished *Travelers Cas. & Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443 (2007) and found that:

> *Travelers* did not address the division among courts over whether unsecured creditors can recover postpetition attorney's fees as part of their claims. WTC's premise that an overwhelming number of courts considering this issue post-*Travelers* have rejected the majority position is simply untrue. Instead, the split in decisions continues. The post-*Travelers* cases from this district cited by WTC as allowing postpetition attorney's fees, involve oversecured creditors' claims.

*Tribune Media*, 2015 Bankr. LEXIS, at *12-13.

3

agrees with the majority of courts that unsecured creditors may not include postpetition attorneys' fees in their claims from a bankruptcy estate.'); *In re Loewen Group Int'l, Inc.*, 274 B.R. 427, 444 n.36 (Bankr. D. Del. 2002) (same).  Neither Loomis nor any of the other alleged administrative creditors filing the Motions are oversecured.  Thus, they cannot recover postpetition interest, attorneys' fees, or costs.

6. Second, the estates may have counterclaims against Loomis given its behavior during the cases, including violations of the automatic stay with respect to its conduct in picking up cash from stores and in connection with its taking the safes from closing stores. Debtors' counsel had to repeatedly intervene to prevent these violations and ensure proper pickups.  No administrative claim should be allowed for Loomis until a chapter 7 trustee is in place and has had an opportunity to evaluate the estates' position vis-à-vis Loomis.

B. **Other Motions**

7. As stated above, the Debtors believe that the objection deadline on the other Motions should be adjourned to a date to be determined by the Court until a chapter 7 trustee has been appointed and can review and make a determination for how best to proceed with the Motions.

8. Accordingly, the Debtors expressly reserve all rights on behalf of their estates (and for any chapter 7 trustee that is appointed) to raise any additional objections to the Motions and to supplement this Response on any and all available substantive and non-substantive grounds that bankruptcy and non-bankruptcy law may permit, to conduct discovery into the matters raised by the Motions, and to present evidence at any hearings on the Motions.[4]

---

[4] In addition, to the extent the other Motions request any amounts for interest, attorneys' fees, and costs, the Debtors assert, on behalf of their estates, that such amounts cannot be recovered as part of any allowed unsecured claim against the estates.  *See In re Tribune Media, Co.*, 2015 Bankr. LEXIS 3973; *see also In re Finova Group, Inc.*, 304 B.R. at 638; *In re Global Indus. Techs.*, 327 B.R. at 239; *In re Loewen Group Int'l, Inc.*, 274 B.R. at 444 n.36.

WHEREFORE, the Debtors respectfully request that the Court (i) deny the Loomis request for request for interest, attorneys' fees, and costs in its Motion, (ii) adjourn the objection deadline with respect to the other Motions to a date to be determined to allow a chapter 7 trustee, if one is appointed, to review and respond to the Motions, and (ii) grant such other and further relief as is just and proper.

Dated: January 25, 2019
       Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Richard M. Pachulski (admitted *pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
      pkeane@pszjlaw.com

-and-

KATTEN MUCHIN ROSENMAN LLP
William B. Freeman (admitted *pro hac vice*)
Karen B. Dine (admitted *pro hac vice*)
Jerry L. Hall (admitted *pro hac vice*)
575 Madison Avenue
New York, NY 10022
Telephone: (202) 940-8800
Facsimile: (202) 940-8776
Email: bill.freeman@kattenlaw.com
      karen.dine@kattenlaw.com
      jerry.hall@kattenlaw.com

*Attorneys for Debtors and Debtors in Possession*