**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>J&M SALES INC., *et al.*,[1]<br><br>Debtors | Chapter 7<br><br>Case No. 18-11801 (LSS)<br><br>Jointly Administered<br><br>Re: Docket Nos. 1247 & 1261 |

**REPLY IN FURTHER SUPPORT OF MOTION OF ARMOUTH INTERNATIONAL INC. FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1 AUTHORIZING DISCOVERY OF THE DEBTORS**

Armouth International Inc. ("Armouth"), a creditor of the above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby replies (the "Reply") in support of its motion (Dkt No. 1247) (the "Motion")[2] seeking certain limited discovery from the Debtors pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 and in response to the *Debtors' Response to Motion of Armouth International Inc. for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Authorizing Discovery of the Debtors* (Dkt No. 1261) (the "Objection"). As its Reply in further support of the Motion, Armouth respectfully states as follows:

1.   What Armouth is requesting from the Debtors is limited in scope and relatively simple for the post-conversion Debtors to provide: (i) one deposition of one deponent, their former chief restructuring officer, who is familiar with the Debtors' prepetition dealings with Armouth and other creditors and (ii) the same document production that has already been

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

provided by the Debtors to the Committee.  The Court should allow Armouth to proceed with this initial limited discovery for at least the following reasons.

2.      *First*, this discovery is necessary to determine whether Armouth holds direct causes of action against the Debtors or other persons or entities, claims that are separate and apart from the general causes of action the trustee may prosecute on behalf of the estates.  The Debtors argue that the Court should adjourn the motion until the newly-appointed chapter 7 trustee (the "Trustee") has the opportunity to evaluate what investigations may be necessary for its own litigation.  Obj. ¶¶ 4-6, 12.  This argument is misguided.  While the Trustee has standing to bring general claims that belong to the bankruptcy estate, it is black letter law in this Circuit and others that a trustee cannot pursue the individual claims of the estate's creditors against third parties.  *See, e.g.*, *Marion v. TDI Inc.*, 591 F.3d 137, 148 n.15 (3d Cir. 2010) (citing *Caplin v. Marine Midland Trust Co.*, 406 U.S. 416, 421-34 (1972)) ("[A] bankruptcy trustee lacks authority to bring a claim directly on behalf of the debtor's creditors"); *In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014) ("In order for a cause of action to be considered property of the estate, the claim must be a general one, with no particularized injury arising from it.  On the other hand, if the claim is specific to the creditor, it is a personal one and is a legal or equitable interest **only of the creditor**.") (emphasis added); *In re J.H. Inv. Servs., Inc.*, 413 Fed. App'x 142, 148 (11th Cir. 2011) ("the trustee generally lacks standing to bring claims that belong solely to the estate's creditors, the outcome of which would not affect the bankruptcy estate or the rights of all other creditors").

3.      Here, Armouth seeks to depose Mr. Kroll because he appears to be knowledgeable about facts and circumstances that support Armouth's personal, direct claims against the Debtors and other persons or entities.  His examination will be focused on, among

other things, the Debtors' prepetition inventory position prior to the Petition Date with respect to Armouth products and their dealings with Armouth leading up to the filing. In contrast, the Trustee's investigation into the estates' potential causes of action will be more generalized, focusing on *all* of the Debtors' prepetition activity and negotiations on trade. It follows that the Trustee's investigation should not impede or delay the investigation by a major creditor, such as Armouth, who may hold direct claims against the Debtors that are distinct and in addition to those that may be prosecuted by the Trustee.

4. *Second*, both the requested deposition of Mr. Kroll and production of the previously-produced documents would be relatively easy for the Debtors to provide in the short term.

5. With respect to the deposition of Mr. Kroll, the Debtors do not and cannot provide a reasonable basis for not making him available other than the fact that he is already preparing for an examination by the Trustee. Obj. ¶ 9. This statement only strengthens Armouth's need for a deposition now rather than later. The Debtors admit that Mr. Kroll will be providing information to the Trustee during the transition period and also preparing for the 341 meeting. *Id.* If this is true, it is reasonable for Mr. Kroll to be deposed now on a subset of topics related to Armouth when he is actively engaged in the wind-down of the Debtors rather than months from now when he may become unavailable and important information may be forgotten. When considering that Mr. Kroll is already being prepared for a deposition on similar topics now, any complaint by the Debtors about the "expense and effort" to prepare him is moot. *Id.* Further, as a former officer of the debtors in possession, who have been supplanted by the Trustee, he is no

longer actively engaged in the Debtors' restructuring efforts and therefore his deposition would not interfere with the Trustee's administration of the Debtors' chapter 7 estates.[3]

6. With respect to the requests for production, Armouth's request is limited to the same documents that were already produced to the Committee in these cases. Armouth's request should not compel the start of a new document review process by the Debtors and their chapter 11 professionals; instead, it is asking for the same production that was already completed and reviewed by professionals for a different purpose, i.e. estate causes of action and not personal causes of action. Accordingly, very little effort is necessary for the now-converted Debtors to simply transmit the same production to Armouth.

7. *Third*, despite the Debtors' misinformed belief to the contrary, Armouth never had access to the documents provided to the Committee nor does it have knowledge about what those documents say. While Armouth was a member of the Committee, the information it received from counsel to the Committee came only through weekly meetings, summary of documents, and ad hoc discussions. Armouth did not review any source documents. Moreover, the information Armouth received from Committee counsel regarding those documents was limited in scope to the general dissemination provided to all Committee members.[4] Therefore, any memo that is forthcoming from the Committee, *see* Objection ¶ 12, would similarly speak about claims and causes of action generally without providing the detailed facts and

---

[3] Armouth is sympathetic to the Trustee's mandate in taking on the administration of the Debtors' estates and the investigations he will be undertaking in the months to come. Accordingly, Armouth is not opposed to coordinating its deposition of Mr. Kroll with the Trustee so long as it is not unreasonably delayed. To the extent the Court grants the Motion, Armouth will initiate discussions with the Trustee to come to a mutually agreeable schedule that does not burden either Armouth or the Trustee.

[4] To be clear, if Armouth did review the documents (which it did not) any use of the information included in the documents, like any information received in this capacity, would be limited to the scope provided in the confidentiality agreement signed by Armouth and could only be utilized for Committee business, neither of which could aid Armouth in establishing its personal claims against the Debtors and others.

4

circumstances related to Armouth's personal claims against the Debtors and other persons or entities which Armouth has the right to explore.

8. One primary purpose of Rule 2004 is to "determine whether wrongdoing has occurred." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (quoting *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). Armouth's Motion seeks to do just that in a limited manner that will not interfere with the administration of the estates. Accordingly, the Court should grant the Motion and allow Armouth to proceed with vindicating its personal rights against the Debtors and other persons or entities that controlled the Debtors.

**WHEREFORE**, Armouth respectfully requests that this Court enter the Proposed Order, substantially in the form attached to the Motion as Exhibit A, compelling the Debtors to produce responses, documents, communication, and other materials responsive to the requests attached to the Motion and authorizing the issuance of the subpoena, and granting such other relief as may be just and proper.

| | |
|---|---|
| Dated: February 6, 2019<br>Wilmington, Delaware | Respectfully submitted,<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br> */s/ Joseph C. Barsalona II*  <br>Derek C. Abbott (No. 3376)<br>Joseph C. Barsalona II (No. 6102)<br>1201 N. Market St., 16th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 658-9200<br>Facsimile:  (302) 658-3989<br>Email:     dabbott@mnat.com<br>            jbarsalona@mnat.com<br><br>-and-<br><br>Erika L. Morabito<br>Brittany J. Nelson<br>FOLEY & LARDNER LLP<br>Washington Harbour<br>3000 K Street, N.W., Suite 600<br>Washington, D.C. 20007-5109<br>Telephone: (202) 295-4791<br>Facsimile:  (202) 672-5399<br>Email:     emorabito@foley.com<br>            bnelson@foley.com<br><br>*Counsel of Armouth International Inc.* |