**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 7 |
| | : Case No. 18-11801 (LSS) |
| J & M SALES INC., *et al.*,[1] | : (Jointly Administered) |
| | : |
| Debtors. | : |
| | : **Bar Date: June 3, 2019** |
| | : **Hearing Date: No Hearing Date Set.** |
| | : |

**MOTION OF BLUE GALAXY, INC. FOR ALLOWANCE
OF ADMINISTRATIVE EXPENSE CLAIM
<u>ARISING FROM POST-PETITION DELIVERY OF GOODS</u>**

Blue Galaxy, Inc. ("Blue Galaxy"), by and through its undersigned counsel, and by this motion (the "Motion"), seeks entry of an Order, pursuant to §§ 105(a) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), substantially in the form attached hereto as *Exhibit "A"*, that grants Blue Galaxy an administrative expense claim in the amount of $286,705.00. Blue Galaxy respectfully represents and alleges as follows:

**BACKGROUND**

1. On August 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and Orders for Relief were entered. On January 28, 2019, the Court entered an order converting the Debtors' cases to chapter 7, effective as of February 4, 2019.

2. Blue Galaxy is a manufacturer of apparel goods located in Vernon, California.

3. On or about August 8, 2018, Blue Galaxy was asked to sign and did sign a

---

[1] Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 South Figueroa Street, Gardena, CA 90248.

Critical Vendor Agreement and, in reliance thereon, agreed to participate in the Debtor's Critical Vendor Payment Program. Pursuant to the Critical Vendor Agreement, attached as *Exhibit B*, Blue Galaxy agreed to ship post-petition goods to Debtors on 120-day terms.

4. In accordance with the Critical Vendor Agreement, Blue Galaxy shipped certain apparel goods (the "Goods") to the Debtors post-petition, all of which were *delivered* to the Debtors *after* the Petition Date, as follows:

| Invoice Date | Invoice No. | Invoice Amount |
|---|---|---|
| 08/18/2018 | 34784 | $124,284.00 |
|  |  | Shortage deduction -   [4,709.00] |
| 09/04/2018 | 34802 | $47,502.00 |
| 09/14/2018 | 34833 | $48,000.00 |
| 09/14/2018 | 34842 | $12,582.00 |
| 09/14/2018 | 34843 | $2,535.00 |
| 09/14/2018 | 34844 | $5,528.00 |
| 09/21/2018 | 34850 | $24,035.00 |
| 09/21/2018 | 34851 | $13,620.00 |
| 09/21/2018 | 34852 | $10,160.00 |
| 09/21/2018 | 34853 | $3,168.00 |
| Total (J&M) |  | $ 286,705.00[2] |

5. None of the amounts invoiced by Blue Galaxy for the Goods have been

---

[2] Copies of the invoices, shipment documents, delivery confirmations, and other relevant documents are attached hereto as *Exhibit "C"*.

2

paid, nor have any of the Goods been returned to Blue Galaxy, as of the date hereof. Debtors claimed a shortage in the Goods sent and such shortage deduction is reflected in the list of invoices set forth above. The amounts owed to Blue Galaxy are not subject to any other setoff or counterclaim.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§ 105(a) and 503(b) of the Bankruptcy Code.

## RELIEF REQUESTED

7. By this Motion, Blue Galaxy respectfully requests the allowance of an administrative claim, pursuant to 11 U.S.C. §§ 105(a) and 503(b), in the amount of $286,705.00 in connection with its post-Petition Date delivery of the Goods to the Debtors

8. Section 503(b)(1)(A) of the Bankruptcy Code provides, in relevant part, that the "actual, necessary costs and expenses of preserving the estate..." shall be allowed administrative expense claims against the estate. Obligations arising in connection with goods delivered to a debtor post-petition, even when such goods were ordered and shipped pre-petition, are entitled to treatment as administrative expense claims. See*, e.g., In re Harry & David Holdings Inc.*, Case No. 11-10884 (MFW) (Bankr. D. Del. Mar. 29, 2011) (granting obligations for post-petition deliveries of goods administrative expense status and authorizing payment thereof); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (KG) (Bankr. D. Del. Jan. 20, 2011 (same); *In re The Fairchild Corp.*, Case No. 09-10899 (CSS) (Bankr. D. Del. Mar. 20, 2009 (same).

9.       There should be no dispute that Blue Galaxy delivered the Goods to the Debtors in the ordinary course of business after the Petition Date.  Upon information and belief, the Debtors accepted delivery of the Goods for the purposes of reselling them in furtherance of the Debtors' attempts to continue their businesses so as to consummate a chapter 11 plan of reorganization or to sell their businesses as a going concern.  As such, Blue Galaxy's post-petition delivery of the Goods undoubtedly benefitted the Debtors' estates.  Accordingly, Blue Galaxy is entitled to an allowed administrative expense claim in the amount of $286,705.00.

## **RESERVATION OF RIGHTS**

10.       Blue Galaxy hereby expressly reserves the right to amend or supplement this application at any time, in any respect and for any reason, including but not limited to, amendments for the purposes of: (a) fixing, increasing, or amending the amounts claimed; and (b) adding or amending documents and other information and further describing the claim.

11.       This application is submitted without prejudice to Blue Galaxy's filing of additional requests for allowance and/or proofs of claim for any additional claims against the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, interest, late charges, attorneys' fees, costs and expenses, and any and all other charges and obligations reserved under the applicable agreements, instruments and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable at this time.[3]

---

[3] On November 9, 2018, Blue Galaxy filed a proof of claim for prepetition obligations of the Debtors for other goods sold and delivered prior to the Petition Date totaling $383,189.05. The filing was made through Prime Clerk and did not appear on the docket. Accordingly, Blue Galaxy refiled the proof of claim on March 29, 2019 in the same amount and it has been designated as Claim number 1441-1. The filing of this Motion is without prejudice thereto.

12. Blue Galaxy's submission of this application is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other rights, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Blue Galaxy has or may have against the Debtor or any other person, or persons, and Blue Galaxy expressly reserves all such rights.

13. In making this application, Blue Galaxy does not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to said application. This application is not intended to be and shall not be construed as: (a) an election of remedies; (b) a waiver of any past, present or future defaults; or (c) a waiver of limitation of any rights, remedies, claims or interests of Blue Galaxy.

**WHEREFORE**, Blue Galaxy respectfully requests that the Court grant the relief sought herein together with such other and further relief as may be just and proper.

Dated:  May 1, 2019
      Wilmington, Delaware

CROSS & SIMON, LLC

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, DE  19801
Telephone:  (302) 777-4200
Facsimile:  (302) 777-4224
Email: kmann@crosslaw.com

*Attorneys for Blue Galaxy, Inc.*