# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>J & M SALES, INC., *et al.*[1]<br><br>                          Debtors.<br><br>PEGASUS TRUCKING, LLC, a Delaware limited liability company,<br><br>                          Plaintiff,<br><br>v.<br><br>GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estates of J & M Sales, Inc., and its affiliated debtor entities; GORDON BROTHERS RETAIL PARTNERS, LLC, a Delaware limited liability company; GORDON BROTHERS FINANCE COMPANY, a Delaware corporation; and GORDON BROTHERS FINANCE COMPANY, LLC, a Delaware limited liability company,<br><br>                          Defendants. | Chapter 7<br><br>Case No. 18-11801 (JTD)<br><br>(Jointly Administered)<br><br>Adversary No. _____ |

**COMPLAINT FOR: (1) DECLARATORY RELIEF; (2) BREACH OF CONTRACT; (3) CONVERSION; (4) WRONGFUL WITHHOLDING OF FUNDS AND IMPOSITION OF CONSTRUCTIVE TRUST; (5) MONEY HAD AND RECEIVED;(6) OPEN BOOK ACCOUNT; (7) ACCOUNT STATED; AND (8) AN ACCOUNTING**

For its complaint ("Complaint"), Pegasus Trucking, LLC ("Plaintiff" or "Pegasus"), by and through its undersigned counsel, alleges as follows:

---

[1] The Debtors in the above-captioned cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J & M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).  The location of the Debtors' service address is 15001 South Figueroa Street, Gardena, California 90248.

## STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to the provisions of that certain Transition Services Agreement, dated October 19, 2018 [Bankruptcy Docket Nos. 843, 843-1] (the "TSA"), which provides, among other things, that "the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this [Transition Services] Agreement and to enter a judgment or other form of order relating to any claims or disputes which may arise or result from, or be connected with, this [Transition Services] Agreement, any breach or default hereunder, or the transactions contemplated thereby[.]" TSA, ¶ 15(l). A true and correct copy of the TSA is attached hereto as Exhibit 1.

2. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O). This action is a proceeding arising in and/or related to the bankruptcy case of *In re J & M Sales, Inc. et al.*, Bk. Case No. 18-11801 (JTD), jointly-administered with the bankruptcy cases of the other debtor entities identified in footnote 1 above (collectively, the "Bankruptcy Cases"), which are cases under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and which are pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court" or "Court"). Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

3. Venue in this Court is proper under 28 U.S.C. § 1409(a).

## PARTIES

4. Plaintiff is a limited liability company organized and existing pursuant to the laws

of the State of Delaware.

5. Defendant George L. Miller is the duly appointed, qualified, and acting chapter 7 trustee in the Bankruptcy Cases (the "Trustee").

6. Defendant Gordon Brothers Retail Partners, LLC ("GBRP"), is a limited liability company organized and existing pursuant to the laws of the State of Delaware. GRBP is, or at all relevant times was, a retail consulting firm with experience assisting companies in maximizing the value of retail inventory both in and out of bankruptcy cases. Plaintiff is informed and believes, and based thereon alleges, that GRBP, together with its contractual joint venture partners Hilco Merchant Resources, LLC, and SB360 Capital Partners, LLC, acted as agent to the Debtors (defined below) for purposes of selling certain of the Debtors' assets.

7. Defendant Gordon Brothers Finance Company ("GBFC") is a corporation organized and existing pursuant to the laws of the State of Delaware.

8. Defendant Gordon Brothers Finance Company, LLC ("GBFC LLC," and collectively with GBRP and GBFC, "Gordon Brothers"), is a limited liability company organized and existing pursuant to the laws of the State of Delaware. Plaintiff is informed and believes, and based thereon alleges, that GBFC LLC is a wholly-owned subsidiary of GBFC.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9. On August 6, 2018, the above-captioned debtors (the "Debtors") commenced the Bankruptcy Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10. On October 17, 2018, the Court entered its order approving the Debtors' going-concern sale of over 85 of their store locations to Pegasus [Bankruptcy Docket No. 670] (the "Sale"). The Sale closed on or about October 19, 2018.

11. In connection with the Sale, the Debtors and Pegasus entered into the TSA, which was filed with the Court on November 19, 2018 [Bankruptcy Docket Nos. 843, 843-1]. Pursuant to the TSA, Pegasus utilized, among other things, the Debtors' then-existing debit and credit card processing systems for a fixed period of time after the Sale.

12. Paragraph 2(b)(i) to the TSA provides that "Sellers [Debtors] will permit Buyer [Pegasus] to use Seller's credit card processing services . . . ."

13. Paragraph 2(b)(ii) to the TSA provides:

> [W]ithin forty-eight (48) hours after (i) funds from credit card sales are deposited into the GBFC [Gordon Brothers Finance Company] lockbox and (ii) GBFC, Seller and Buyer receive the daily reconciliation report relating to such funds, which report is reasonably acceptable to GBFC and Sellers and at a minimum, reflects total credit card transactions by date and store location, Seller shall remit to Buyer such credit card proceeds as resulted from sales in a Specified Store assigned to and operated by Buyer pursuant to the Purchase Agreement, it being acknowledged that such proceeds are Buyer's property and not Sellers'[.]

14. Paragraph 2(b)(iii) to the TSA provides:

> [W]ithin forty-eight (48) hours after (i) cash is deposited into one or more Loomis "smart safe" located at a Specified Store and creditor to the GBFC lockbox and (ii) GBFC, Seller and Buyer receive a report relating to such case, which report is reasonably acceptable to GBFC and Sellers and at a minimum, reflects total "smart safe" deposits by store location, and provides a reconciliation of such funds deposited into such "smart safe(s)," Sellers shall remit such proceeds to Buyers, it being acknowledged that such proceeds are Buyer's property and not Sellers'[.]

15. Based on the foregoing arrangements, as a general overview, the credit card processors (the "Processors") were to process credit and debit card transactions generated from stores operated by the Debtors as well as Pegasus, and thereafter turnover collected funds to the Debtors, less certain processing fees and charges. The Debtors were to then remit the net collections relating to the Pegasus stores to Pegasus.

16. Plaintiff is further informed and believes, and based thereon alleges, that Gordon Brothers acted as agent for or representative of one or more of the Debtors at the time of entry into the TSA and in collecting revenues generated from credit and debit card transactions following the Sale and pursuant to the TSA.

17. Based on daily reconciliation reports and other related records, Pegasus believes that the Debtors (or, since conversion of the case, the chapter 7 trustee) and/or Gordon Brothers are holding in the aggregate no less than $390,000 that belong to and are the exclusive property of Pegasus (the "Pegasus Funds").

18. These funds are comprised for the following:

   a.  $250,000 in revenues generated from credit and debit card transactions relating to stores purchased by or assigned to Pegasus through the Sale that have been admittedly withheld from Pegasus; and

   b.  approximately $140,000 of credit and debit card transaction receipts that the Debtors improperly deducted from remissions to Pegasus, which the Processors separately deducted from their remissions to the Debtors, thereby resulting in a double charge to Pegasus. More specifically, at the time the Processors released credit and debit card collections to the Debtors, they deducted certain amounts referred to as the "Daily Discount," yet the Debtors then subsequently deducted the same fees a second time upon remitting net collections to Pegasus.

19. On January 28, 2019, the Court entered an Order converting the Bankruptcy Cases to chapter 7, effective as of February 4, 2019 [Bankruptcy Docket No. 1240].

20. On February 4, 2019, defendant George L. Miller was appointed to serve as chapter 7 trustee in the Bankruptcy Cases [Bankruptcy Docket No. 1262].

21. Plaintiff is informed and believes, and based thereon alleges, that, to the extent the

Debtors were holding any of the Pegasus Funds as of the date of the conversion of the Bankruptcy Cases and related appointment of the Trustee, that such funds were transferred, transmitted, or otherwise turned over to the Trustee and, in such event, those funds currently are in the possession, custody, or control of the Trustee.

22. Paragraph 15(h) to TSA provides:

> This Agreement shall be controlled, construed and enforced in accordance with the laws of the State of California applicable to agreements made and to be performed in that State.

23. Paragraph 15(i) to the TSA provides:

> If any Party to this Agreement institutes legal action with respect to the subject matter of this Agreement, the prevailing party in such legal action shall be entitled to recover all costs of suits, including reasonable attorneys' fees and other expenses incurred in connection with the action.

## COUNT I

### (For Declaratory Relief)

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 above, inclusive, as though set forth in full.

25. Plaintiff is informed and believes, and based thereon alleges, that an actual controversy exists between Plaintiff, on the one hand, and the Trustee and Gordon Brothers (together, "Defendants"), on the other hand, relating to the amount of the Pegasus Funds and any other revenues generated through cash and/or credit and debit card processing transactions collected on behalf of Pegasus by one or more of the Debtors or Gordon Brothers pursuant to the TSA, and Pegasus's ownership interest in such funds.

26. Plaintiff contends that, based on daily reconciliation reports and other related records, the Pegasus Funds amount to no less than $390,000, all of which belong to and are the exclusive property of Pegasus. Plaintiff is informed and believes, and based thereon alleges, that

Defendants dispute such contentions.

27. As a result of the foregoing controversies and disputes, a judicial declaration of one or more of the following is necessary and appropriate: (a) that Defendants, and each of them, owed a confidential or fiduciary duty to Plaintiff in connection with their collection of the funds comprising the Pegasus Funds on behalf of Plaintiff and obligation to remit such funds to Plaintiff; (b) that the Pegasus Funds belong to and are the exclusive property of Pegasus, free and clear of any other claims, rights, or encumbrances of the Debtors, the Trustee, Gordon Brothers, or any other party; (c) that the Debtors (or since conversion of the Bankruptcy Cases, the Trustee) and/or Gordon Brothers are holding, separate or together, in the aggregate no less than $390,000 in Pegasus Funds; and (d) that Pegasus is entitled to the immediate turnover of the Pegasus Funds in their entirety.

28. Plaintiff is entitled to the judicial declarations specified in the immediately preceding paragraph.

## COUNT II

### (For Breach of Contract)

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 above, inclusive, as though set forth in full.

30. The TSA is a valid and enforceable post-petition contract between Pegasus, on the one hand, and the Debtors identified therein, on the other hand.

31. Plaintiff is informed and believes, and based thereon alleges, that upon conversion of the Bankruptcy Cases, the obligations and duties of the Debtors under the TSA transferred to and/or were assumed by the bankruptcy estates of the Debtors (represented by the Trustee).

32. Plaintiff is further informed and believes, and based thereon alleges, that Gordon

Brothers, in its capacity as agent for or representative of the Debtors at the time of entry into the TSA and in collecting the revenues generated from credit and debit card transactions following the Sale and pursuant to the TSA, was bound by the Debtors' obligations and duties under the TSA to remit collections to or for the benefit of Pegasus.

33. Plaintiff is informed and believes, and based thereon alleges, that it performed all conditions, covenants, and obligations required on its part under the TSA, except as such have been excused by Defendants' conduct and breaches described herein.

34. Plaintiff is informed and believes, and based thereon alleges, that, in failing to remit the Pegasus Funds to Pegasus, Defendants breached the TSA.

35. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' breach of the TSA, Plaintiff has suffered damages in an amount of no less than $390,000.

36. Plaintiff is entitled to an order and/or judgment for damages in an amount of no less than $390,000, plus interest thereon from the date of judgment until paid.

## COUNT III

**(For Conversion)**

37. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36 above, inclusive, as though set forth in full.

38. Plaintiff is informed and believes, and based thereon alleges, that the Pegasus Funds belong to, and are the exclusive property of, Pegasus.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants' failure to remit the Pegasus Funds to Pegasus constitutes their wrongful retention of, and exercise of control over, the Pegasus Funds and otherwise constitutes conversion of the Pegasus

Funds.

40. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' wrongful retention of, and exercise of control over, the Pegasus Funds, Plaintiff has suffered damages in an amount of no less than $390,000.

41. Plaintiff is entitled to an order and/or judgment for damages in an amount of no less than $390,000, plus interest thereon from the date of judgment until paid, and/or for the imposition of a trust over the Pegasus Funds for the benefit of Plaintiff.

## COUNT IV

**(For Wrongful Withholding of Funds And Imposition of Constructive Trust)**

42. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 41 above, inclusive, as though set forth in full.

43. Defendants, by virtue of their obligation to collect funds on behalf of Plaintiff, and their obligation to remit such funds to Plaintiff, owed a fiduciary duty to Plaintiff, and their failure to remit the Pegasus Funds to Plaintiff represents a breach of trust.

44. Plaintiff is informed and believes, and based thereon alleges, that, irrespective of any fiduciary duty or trust obligations Defendants are deemed to have owed to Plaintiff in respect of collection and remission of any funds to Plaintiff: (a) Defendants, and each of them, collected the funds that comprise the Pegasus Funds on behalf of, and for the benefit of, Plaintiff; (b) the Pegasus Funds belong to, and are the exclusive property of, Pegasus; (c) Plaintiff is entitled to receipt of the entirety of the Pegasus Funds; and (d) Defendants' failure to remit the Pegasus Funds to Pegasus constitutes a wrongful detention of, and exercise of control over, the Pegasus Funds.

45. Plaintiff is entitled to an order and/or judgment imposing a constructive trust over

the Pegasus Funds for the benefit of Plaintiff.

## COUNT V

### (For Money Had And Received)

46. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 above, inclusive, as though set forth in full.

47. Plaintiff is informed and believes, and based thereon alleges, that one or more Defendants received and retained the Pegasus Funds, and that Plaintiff is entitled to all such funds.

48. Plaintiff is informed and believes, and based thereon alleges, that none of Defendants has remitted to Plaintiff the Pegasus Funds and, as a result, is indebted to Plaintiff for money had and received by way of the credit and debit card collections, which include the Pegasus Funds.

49. Interest on the amount of the Pegasus Funds has accrued, and continues to accrue, at the applicable rate from the date of Defendants' receipt of the Pegasus Funds.

50. Plaintiff is entitled to an order and/or judgment that Defendants are indebted to Plaintiff for money had and received in the amount of the Pegasus Funds, together with interest at the applicable rate from the date of Defendants' receipt of the Pegasus Funds.

## COUNT VI

### (For Open Book Account)

51. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 above, inclusive, as though set forth in full.

52. Plaintiff is informed and believes, and based thereon alleges, that, pursuant to the TSA or other understanding or arrangement between the Debtors and/or Gordon Brothers, on the

one hand, and Plaintiff, on the other hand, the Debtors (and since conversion of the Bankruptcy Case, the Trustee) and/or Gordon Brothers received the Pegasus Funds in one or more credit or debit card transactions, which represented an open account, and that each of the Debtors, Gordon Brothers, and Plaintiff understood that such transaction or transactions would be the subject of an account (the "Open Account").

53.     Plaintiff is informed and believes, and based thereon alleges, that the Debtors and/or Gordon Brothers maintained a record of such transaction or transactions between the Debtors and/or Gordon Brothers and Plaintiff, and that the Debtors, Gordon Brothers, and/or Plaintiff made entries in such record of such transaction or transactions in the regular course of their businesses reflecting the debits and/or credits relating to the Open Account (the "Open Account Record").

54.     Plaintiff is informed and believes, and based thereon alleges, that the Debtors, Gordon Brothers, and/or Plaintiff kept the Open Account Record in a reasonably permanent form and manner.

55.     Plaintiff is informed and believes, and based thereon alleges, that, pursuant to the Open Account and the Open Account Record, Defendants are indebted to Pegasus in the amount of the Pegasus Funds and that such amount is due and owing to Pegasus.

56.     Interest on the amount of the Pegasus Funds has accrued, and continues to accrue, at the applicable rate from the date of Defendants' receipt of the Pegasus Funds.

57.     Plaintiff is entitled to an order and/or judgment that Defendants are indebted to Plaintiff pursuant to the Open Account in the amount of the Pegasus Funds, together with interest at the applicable rate from the date of Defendants' receipt of the Pegasus Funds.

## COUNT VII

### (For Account Stated)

58. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 57 above, inclusive, as though set forth in full.

59. Plaintiff is informed and believes, and based thereon alleges, that Defendants and Plaintiff agree that the amount of the Pegasus Funds is the correct sum owing from Defendants to Plaintiff.

60. Plaintiff is informed and believes, and based thereon alleges, that the Debtors (and by virtue of conversion of the Bankruptcy Case, the Trustee) and Gordon Brothers expressly promised to remit to Pegasus the entire sum of the Pegasus Funds by a date that already has passed.

61. Interest on the amount of the Pegasus Funds has accrued, and continues to accrue, at the applicable rate from the date of Defendants' receipt of the Pegasus Funds.

62. Plaintiff is entitled to an order and/or judgment that Defendants are indebted to Plaintiff pursuant to an account stated in the amount of the Pegasus Funds, together with interest at the applicable rate from the date of Defendants' receipt of the Pegasus Funds.

## COUNT VIII

### (For an Accounting)

63. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 62 above, inclusive, as though set forth in full.

64. Plaintiff is informed and believes, and based thereon alleges, that Defendants have failed and continue to fail to remit to Pegasus the Pegasus Funds based on credit and debit card transactions.

65.     Plaintiff is informed and believes, and based thereon alleges, that the information necessary for Plaintiff to determine the exact amount of Pegasus Funds owing to it by Defendants is in the exclusive possession, custody and control of Defendants.

66.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed, and continue to fail, to provide Plaintiff an accounting such that Plaintiff could determine the amount of Pegasus Funds that belong, and must be remitted, to Plaintiff ("Accounting").

67.     Plaintiff is informed and believes, and based thereon alleges, that Plaintiff has made repeated demands to the Debtors and Defendants for an Accounting.  By this Complaint, Plaintiff further demands such Accounting.  Despite such demands, Defendants have failed and refused, and continue to fail and refuse, to render such Accounting Plaintiff.

68.     Plaintiff is entitled to an order and/or judgment compelling Defendants to provide Plaintiff with an Accounting.

**WHEREFORE**, Plaintiff respectfully prays for the following:

**ON THE FIRST COUNT:**

1.     an order and/or judgment declaring one or more of the following: (a) that the Pegasus Funds belong to and are the exclusive property of Pegasus, free and clear of any other claims, rights, or encumbrances of the Debtors, the Trustee, Gordon Brothers, or any other party; (b) that the Debtors (or since conversion of the Bankruptcy Cases, the Trustee) and/or Gordon Brothers are holding, separate or together, in the aggregate no less than $390,000 in Pegasus Funds; and (c) that Pegasus is entitled to the immediate turnover of the Pegasus Funds in their entirety;

**ON THE SECOND COUNT:**

2.     an order and/or judgment for damages in the amount of no less than $390,000,

plus interest thereon from the date Defendants were obligated to remit such funds to Pegasus until paid;

**ON THE THIRD COUNT:**

3. an order and/or judgment for damages in the amount of no less than $390,000, plus interest thereon from the date Defendants were obligated to remit such funds to Pegasus until paid, and/or for the imposition of a trust over the Pegasus Funds for the benefit of Plaintiff;

**ON THE FOURTH COUNT:**

4. an order and/or judgment imposing a constructive trust over the Pegasus Funds for the benefit of Plaintiff;

**ON THE FIFTH COUNT:**

5. an order and/or judgment that Defendants are indebted to Plaintiff for money had and received in the amount of the Pegasus Funds, together with interest at the applicable rate from the date of Defendants' receipt of the Pegasus Funds;

**ON THE SIXTH COUNT:**

6. an order and/or judgment that Defendants are indebted to Plaintiff pursuant to the Open Account in the amount of the Pegasus Funds, together with interest at the applicable rate from the date of Defendants' receipt of the Pegasus Funds;

**ON THE SEVENTH COUNT:**

7. an order and/or judgment that Defendants are indebted to Plaintiff pursuant to an account stated in the amount of the Pegasus Funds, together with interest at the applicable rate from the date of Defendants' receipt of the Pegasus Funds;

**ON THE EIGHTH COUNT:**

8. an order and/or judgment compelling Defendants to provide Plaintiff with an

Accounting;

**ON ALL COUNTS:**

9. costs of suit incurred herein, including, but not limited to, attorney's fees; and

10. such other relief as is proper.

Dated: June 25, 2019  
Wilmington, Delaware

Respectfully submitted,

By: */s/ Aaron H. Stulman*
Christopher M. Samis (DE No. 4909)
Aaron H. Stulman (DE No. 5807)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801-6108
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
astulman@potteranderson.com

*-and-*

Alan G. Tippie (CA No. 89587)
Asa S. Hami (CA No. 210728)
**SULMEYER**KUPETZ, A.P.C.
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1406
Telephone: (213) 626-2311
Facsimile: (213) 629-4520
Email: atippie@sulmeyerlaw.com
ahami@sulmeyerlaw.com

*Counsel for Pegasus Trucking, LLC*