IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>J & M Sales Inc., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11801 (LSS)<br><br>(Jointly Administered) |

**MOTION OF MARICOPA COUNTY TREASURER FOR PAYMENT OF SECURED PERSONAL PROPERTY TAXES FROM SALE PROCEEDS**

Maricopa County Treasurer ("MCT"), a secured tax lien creditor, by and through its undersigned counsel, hereby moves this Court for an order directing payment of MCT's Claim #248 representing secured personal property taxes for tax year 2018 in the amount of $37,132.50, plus any accrued interest through the date of payment, owed to the Maricopa County Treasurer from sale proceeds or such other amounts paid to the Debtors in accordance with the Interim and Final Order (I) Authorizing the Debtors to Assume Consulting Agreement; and Final Order (II) Authorizing and Approving the Conduct of Store Closing Sales, with such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, and (III) Granting Related Relief (DE 460 and 760) and the Order Approving Sale of Certain Purchased Assets and Granting Related Relief, and pursuant to 11 U.S.C. § 105. This motion is supported by the following Memorandum of Points and Authorities.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY: */s/ Peter Muthig*
    PETER MUTHIG
    Deputy County Attorney
    *Attorney for Maricopa County Treasurer*

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. MCT's Claim:

On August 30, 2018, Maricopa County filed its Proof of Claim, #248 (the "MCT Claim #248"), in the amount of $40,130.98 representing 2018 personal property taxes. Interest accrues on the taxes included in MCT Claim #248 at the statutory rate of 16% per annum until paid in full. *See* 11 U.S.C. § 511 and A.R.S. § 42-18053. The tax liens attached on January 1, 2018. A.R.S. § 42-17153. There has been no objection to MCT Claim #248. The taxes due as of August 1, 2019 are listed below. Additional interest accrues on the 1st of each subsequent month until paid in full.

| Property Address | Store No. | Parcel | Tax Year | Tax Due |
|---|---|---|---|---|
| 4321 W. Bethany Home Road, Glendale, AZ | 331 | 949-81-481 | 2018 | $570.24 |
| 4105 N. 51st Avenue, Suite 139, Phoenix, AZ | 329 | 992-20-641 | 2018 | $647.99 |
| 308 E. University Drive, Mesa, AZ | 330 | 992-20-650 | 2018 | $4,595.67 |
| 26 E. Baseline Road, Suite 110, Phoenix, AZ | 332 | 992-20-678 | 2018 | $8,782.31 |
| 8837 N. 19th Avenue, Phoenix, AZ | 330 | 993-22-622 | 2018 | $4,295.82 |
| 2020 N. 75th Avenue, Suite 45, Phoenix, AZ | 189 | 993-62-332 | 2018 | $7,548.00 |
| 4003 E. Indian School Road, Phoenix, AZ | 415 | 993-65-970 | 2018 | $4,836.96 |
| 1036 E. Southern Avenue, Suite 104, Mesa, AZ | 187 | 993-65-989 | 2018 | $3,749.99 |
| 5239 W. Indian School Road, Phoenix, AZ | 606 | 915-09-859 | 2018 | $903.68 |
| 1021 N. Arizona Avenue, Chandler, AZ | 600 | 931-84-224 | 2018 | $278.65 |
| 3334 W. Van Buren Street, Phoenix, AZ | 605 | 934-05-405 | 2018 | $923.19 |
|  |  |  |  | $37,132.50 |

### 2. The Personal Property Taxes Are Required To Be Paid From Sale Proceeds:

### The Interim Order

On September 20, 2019, the Court entered an Interim Order (I) Authorizing the Debtors to Assume Consulting Agreement; and Final Order (II) Authorizing and Approving the Conduct of Store Closing Sales, with such Sales to be Free and Clear of all Liens, Claims, and Encumbrances, and (III) Granting Related Relief (DE 460) (the

"Interim Order"). The Interim Order provided the following:

> Notwithstanding any provisions of the Interim DIP Order; or any final orders pertaining to post-petition financing, use of cash collateral, or the sale of the debtors' assets, or any agreements validated by any such orders, the liens currently held by Maricopa County, Arizona (**"Maricopa"**) shall neither be primed by nor subordinated to any liens granted thereby. Furthermore, from the proceeds of the sale of any of the debtors' assets located in the County of Maricopa, the amount of $10,581.88 shall be set aside by the debtors in a segregated account as adequate protection for the secured claims of Maricopa prior to the distribution of any proceeds to any other creditor; *provided, however,* that the preceding sentence shall in no way affect the Debtors' payment of the Agent's fees as set forth in the Agreement. The liens of Maricopa shall attach to these proceeds to the same extent and with the same priority as the liens they now hold against the property of the debtors. These funds shall be on the order of adequate protection and shall constitute neither the allowance of the claims of Maricopa, nor a cap on the amounts they may be entitled to receive. Furthermore, the claims and liens of Maricopa shall remain subject to any objections any party would otherwise be entitled to raise as to the priority, validity or extent of such liens. These funds may be distributed upon agreement between Maricopa and the Debtors, or by subsequent order of the Court, duly noticed to Maricopa.

The amount listed in the Interim Order did not set a cap on the amounts that MCT is entitled to receive. The Debtors subsequently closed all remaining stores in Maricopa County and/or sold all of the personal property subject to the tax liens. The Final Order authorizing the Debtors to Assume Consulting Agreement was entered on November 2, 2018 (DE 760).

### The Pegasus Trucking Sale Order

On October 17, 2018, the Court entered an Order Approving Sale of Certain Purchased Assets and Granting Related Relief (DE 670) (the "Sale Order"). The Sale Order provided for the sale of the remaining personal property subject to the tax liens. The Sale Order provided that liens would attach to the sale proceeds with the same validity, priority, force and effect as the same had with respect to the assets at issue, subject to any and all defenses, claims and/or counterclaims or setoffs that may exist

(Sale Order, p. 18, ¶15). Further, the Asset Purchase Agreement provided that statutory liens for taxes not yet delinquent were permitted liens. At the time of entry of the Sale Order, the 2018 taxes were not yet delinquent.

### A.R.S. §§ 42-19106 and 42-17153

Arizona law grants Maricopa County a valid lien on personal property that is "prior and superior to any other liens of every kind and description regardless of when another lien attached." A.R.S. § 42-19106[1]. Therefore Maricopa County held and holds a first priority lien on the sale proceeds and the taxes should be paid first to satisfy the taxes due.

### A.R.S. § 42-18059 and 42-19107(A)

Arizona law provides "If the tax has not been paid on property sold at judicial sale, or sold by an executor, administrator, guardian or trustee, the person making the sale shall pay the taxes, penalties and costs from the proceeds of the sale." A.R.S. § 42-18059. Therefore, the taxes should have been paid upon sale of the personal property.

Arizona law further provides that "It is unlawful for the owner, a lienholder, a conditional vendor or any other person to knowingly sell or transfer personal property or remove it from its location until the taxes on the property are paid." A.R.S. § 42-19107(A). A violation of this statute is a Class 1 Misdemeanor. The MCT Claim was filed over two months prior to the Sale Order being entered so the Debtors knew of the tax liens and the taxes should have been paid upon sale or transfer of the property.

The county is entitled to have its tax liens on the property paid from the proceeds of the sale of the property. *Brans v. City of Dallas, Texas*, 217 F.2d 640, 641 (5th

---

[1] See also A.R.S. § 42-17153.

4

Cir.1954).

WHEREFORE, Maricopa County respectfully requests that the Court enter an order directing payment of MCT's Claim #248 representing the 2018 personal property taxes due in the amount of $37,132.50, plus accrued and accruing post-petition interest through the date of payment, from the sale proceeds.

Dated: August 1, 2019.

        WILLIAM G. MONTGOMERY
        MARICOPA COUNTY ATTORNEY

        /s/ Peter Muthig
        PETER MUTHIG (AZ State Bar #018526)
        Deputy County Attorney
        CIVIL SERVICES DIVISION
        Security Center Building
        222 North Central Avenue, Suite 1100
        Phoenix, Arizona  85004-2206
        Telephone (602) 506-1923
        Fax: (602) 506-8567
        *Attorney for Maricopa County Treasurer*