UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                          : Chapter 7
                                                :
                                                : Case No. 18-11801 (LSS)
J & M Sales, Inc., *et al.*,[1]                 :
                                                : (Jointly Administered)
    Debtors.                                    :
                                                : **Re: Dkt. No. 1604**
------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ASK LLP
AS SPECIAL COUNSEL TO PURSUE AVOIDANCE ACTIONS**

Upon the *Application of the Chapter 7 Trustee for an Order Authorizing the Retention and Employment of ASK LLP as Special Counsel to Pursue Avoidance Action* (the "Application");[2] and upon consideration of the Steinfeld Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that due and sufficient notice of the Application has been given under the particular circumstances and that no other or further notice of the Application need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found and determined that the relief sought in the Application is in the best interest of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and

---

[1] Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

12537688 v1

factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Trustee is authorized to employ and retain ASK as special counsel pursuant to the terms set forth in the Application and the Engagement Letter.

3. Because of the disclosure of the Contingency Fee Schedule approved in connection with the Application and the manner of payment of those fees, ASK shall apply for compensation for its professional services rendered and reimbursement of expenses incurred in connection with the Chapter 7 Cases by filing a short form interim statement that includes the amount of fees paid and a detailed itemization of expenses incurred, including any filing fees advanced by ASK, interim fee applications, and a final fee application, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

4. All fees paid to ASK pursuant to the Contingency Fee Schedule approved in connection with the Application shall be subject to disgorgement to the extent not approved by the Court pursuant to ASK's final fee application.

5. In connection with the chapter 7 Cases, ASK shall be compensated for professional services rendered, and reimbursed for expenses incurred in accordance with Bankruptcy Code sections 330 and 331, the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, and with any other applicable procedures and orders of this Court. ASK also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional

disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by ASK in the Chapter 7 Cases.

6. Notwithstanding anything in the Application or Engagement Letter to the contrary, ASK shall (i) to the extent that ASK uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass-through the cost of such Contractors to the Trustee at the same rate that ASK pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for ASK; and (iv) file with this Court such disclosures as required by Bankruptcy Rule 2014.

7. Notwithstanding anything in the Engagement Letter to the contrary, the gross proceeds of the avoidance actions are property of the Debtors' estates.

8. The Trustee is authorized and empowered to take all actions necessary or appropriate to implement the relief granted herein.

9. Notice of the Application shall be deemed good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. ASK is authorized and empowered to take all actions necessary to comply with all duties set forth in the Application and this Order.

11. In the event of an inconsistency between the Application, the Engagement Letter, and this Order, this Order shall govern.

12. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the Application or the implementation of this Order.

| | |
|---|---|
| **Dated: August 12th, 2019**<br>**Wilmington, Delaware** | **JOHN T. DORSEY**<br>**UNITED STATES BANKRUPTCY JUDGE** |

12537688 v1