## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| J & M SALES INC., *et al.* | Case No. 18-11801 (JTD) |
| Debtors.[1] | (Jointly Administered) |

| | |
|---|---|
| AFFILIATED FM INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 19-50109 (JTD) |
| GEORGE MILLER, NOT INDIVIDUALLY BUT SOLELY AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF J & M SALES, SERVPRO OF SANTA MARIA, FALLAS BORROWER IV, LLC, AND MICHAEL FALLAS, | **Obj. Deadline: February 11, 2020, at 4:00 p.m. (ET)** **Hearing Date: February 18, 2020, at 10:00 a.m. (ET)** |
| Defendants. | |

## CHAPTER 7 TRUSTEE'S MOTION FOR ORDER
## APPROVING SETTLEMENT AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND
## SERVPRO OF SANTA MARIA PURSUANT TO BANKRUPTCY RULE 9019

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the estates of the above-referenced debtors (collectively, the "Debtors"), by and through his undersigned counsel, hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 704(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

Bankruptcy Procedure (the "Bankruptcy Rules"), approving the *Settlement Agreement and Release* (the "Settlement Agreement"),[2] attached as **Exhibit 1** to the Proposed Order between the Trustee and Servpro of Santa Maria ("Servpro" and, together with the Trustee, the "Parties"), providing for a settlement between the two Parties related to the disposition of certain interpleaded insurance proceeds as is used herein. In support of the Motion, the Trustee respectfully states:

## PRELIMINARY STATEMENT

1.    The Parties and Affiliated FM (as defined herein) have been engaged in litigation concerned the disposition of the Proceeds (as defined herein). The Settlement Agreement has been thoroughly negotiated and is the result of the Trustee's exercise of his business judgment.

2.    Specifically, the Settlement Agreement provides that the Proceeds shall be distributed between the Parties as set forth herein and that the Parties will exchange mutual releases as described herein.

3.    For the reasons set forth herein, the Trustee believes that the Settlement Agreement is well within his business judgment, is in the best interest of all creditors and parties in interest, and should be approved by the Court.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent

---

[2]    Capitalized terms shall have the meanings ascribed to them in the Settlement Agreement unless otherwise expressly defined herein.

consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory and legal predicates for the relief sought herein are sections 105(a) and 704(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

6.      On August 6, 2018 (the "Petition Date"), the Debtors commenced their bankruptcy proceedings (the "Bankruptcy Cases") by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

7.      Pursuant to an Order (the "Conversion Order") entered on January 28, 2019 [D.I. 1240], the Court converted the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code, effective as of February 4, 2019 (the "Conversion Date").

8.      The Trustee is the duly-appointed chapter 7 trustee of the Debtors' estates (the "Estates").

9.      Prior to the Petition Date, Affiliated FM Insurance Company ("Affiliated FM") issued an insurance policy (Policy No. SX863) to debtor National Stores, Inc. ("National Stores"), for the period September 1, 2017 to September 1, 2018 (the "Policy"), which provided insurance for certain risks of direct physical loss or damage to insured property, as further specified and subject to the terms, conditions, provisions, and limitations of the Policy.

**The California Claim**

10.     On July 31, 2018, National Stores reported a fire loss as the Fallas Discount Stores - Store 413 located at 201 Town Center West, Santa Maria, CA (the "California Property"), which was assigned Loss ID 393656 (the "California Loss").

11.    The Debtors asserted fire, smoke, and water damages to the interior improvements of the referenced store, including with respect to suspended ceiling tiles, drywall, flooring, and coping; fixtures, shelves, and racks; and retail sales goods.

12.    The claim was assigned Claim ID 481686 (the "California Claim").

13.    Prior to the Conversion Date, Affiliated FM and the Debtors reached an agreement that, in connection with the ongoing adjustment of the California Claim, Affiliated FM would make an advance payment to the Debtors in the amount of $700,000 on account of the California Claim (the "Advance Payment").

14.    Affiliated FM and the Debtors thereafter entered into a stipulation pursuant to which, among other things, Affiliated FM agreed to make the Advance Payment "to the Debtors, or their order" (the "Stipulation").

15.    On January 28, 2019, upon the Debtors' motion, the Court entered the *Order Granting Debtors' Motion to Approve Stipulation with Affiliated FM Insurance Company Pursuant to 11 U.S.C. §§ 105(a) and 363(a) and Bankruptcy Rule 9019* [D.I. 1242] approving the Stipulation.

16.    Subsequent to his appointment, the Trustee requested that the Advance Payment be directed to him on behalf of the Debtors' Estates.

17.    Affiliated FM contended that it could not make the Advance Payment to the Trustee in light of certain alleged competing claims to the Proceeds (as defined herein) asserted by Servpro, Fallas Borrower IV ("FB IV"), and Michael Fallas ("Fallas" and, together with FB IV, the "Fallas Entities").

**The Adversary Proceeding**

18.    On February 28, 2019, Affiliated FM commenced an adversary proceeding in this Court, assigned Adv. Pro. No. 19-5019-JTD (the "Interpleader Action") by filing its *Complaint Interpleading Insurance Proceeds* [A.D.I. 1] (the "Interpleader Complaint") seeking to interplead the Advance Payment as well as an additional payment of $991,269.23 related to the California Claim, for a total of $1,691,269.23 (the "Proceeds").

19.    On June 28, 2019, Servpro answered the Interpleader Complaint and filed a crossclaim against the Trustee and the Fallas Entities [A.D.I. 28], asserting an entitlement to $1,035,937.23 of the Proceeds related to alleged work performed at the California Property (the "Servpro Claim").

20.    On June 17, 2019, the Court entered an Order authorizing Affiliated FM to deposit the Proceeds with the Trustee to hold in escrow pending adjudication of the Interpleader Complaint [A.D.I. 31].

21.    In accordance with the aforementioned Order, Affiliated FM deposited the Proceeds with the Trustee, which Proceeds are being held by the Trustee in a separately-segregated escrow account.

22.    On July 9, 2019, the Fallas Entities answered the Interpleader Complaint and filed a crossclaim against the Trustee and Servpro [A.D.I. 36], asserting an entitlement to $203,481.00 of the Proceeds related to alleged additional repairs needed at the California Property (the "Fallas Claim").

23.    On October 7, 2019, upon the Trustee's motion [A.D.I. 42], the Court dismissed the Fallas Claim with prejudice [D.I. 56].

24.     On November 21, 2019, the Trustee answered the Interpleader Complaint and filed a crossclaim against Servpro [A.D.I. 60] asserting an entitlement to the entirety of the Proceeds based on the terms of the Stipulation (the "Estate Claim").

25.     The Parties have reached an agreement on the final settlement of all claims asserted or that could have been asserted in the Interpleader Action, including the resolution of the Servpro Claim and the Estate Claim.

26.     The Parties, without intending to admit any wrongdoing and/or liability, nevertheless desire to resolve the aforementioned Interpleader Action in an effort to avoid further protracted litigation and expenses.

**The Settlement Agreement**

27.     The salient terms of the Settlement Agreement are summarized as follows:

a.     Within five (5) business days after the Court's entry of a final, non-appealable order approving the Settlement Agreement, the Trustee shall distribute the Proceeds, pursuant to any wire, ACH, or mailing instructions provided by the Parties as follows:

(i)     $915,000.00 to Servpro; and

(ii)    $776,269.23 to the Debtors' Estates.

b.     The Parties agree to a general release of all of the Parties' obligations or claims between or among each other based upon, arising from, or related to the Interpleader Action, the California Claim, and the Estate Claim. The Parties' respective releases expressly exclude the initiation and pursuit of any claims related to the enforcement of the terms and conditions of the Settlement Agreement.

c.     The Parties agree to the dismissal of their respective crossclaims against the other upon approval of the Settlement Agreement by the Court and distribution of the Proceeds in accordance therewith.

## RELIEF REQUESTED

28.     By this Motion, the Trustee requests entry of an order, pursuant to sections 105(a) and 704(a) of the Bankruptcy Code and Bankruptcy Rule 9019: (a) approving the Settlement Agreement attached as **Exhibit 1** to the Proposed Order; and (ii) authorizing the Trustee to take any and all actions necessary to effectuate the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

29.     Section 704(a)(1) of the Bankruptcy Code directs the Trustee to "collect and reduce to money the property of the estate…"  11 U.S.C. § 704(a)(1).  In furtherance of satisfying that obligation, the Trustee seeks approval of the Settlement Agreement.  The Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) provides that "[t]he court may issue any order…that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

30.     The Trustee is obligated to maximize the value of the Estates and make his decisions in the best interest of all of the creditors of the Estates.  *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996).  The Trustee believes, in his business judgment, that the Settlement Agreement is in the best interest of the Estates and all of the creditors.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision.  *Id.* at 395.

31.    The United States Court of Appeals for the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'"  *Id.* at 393. (citation omitted).

32.    The approval of compromises and settlements is committed to the sound discretion of the bankruptcy court.  *See In re World Health Atls., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986) (cited with approval in *Martin*).  Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate."  *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998).

33.    Bankruptcy trustees are cloaked with the protection of the "business judgment" rule regarding decisions they make in carrying out their fiduciary duties.  "When considering the relevant factors courts are admonished to avoid second-guessing the Trustee in the exercise of his or her business judgment, and instead endeavor to ascertain whether the terms of the proposed settlement fall below the lowest range of reasonableness."  *In re Covenant Partners, L.P.*, 555 B.R. 490, 493 (Bankr. E.D. Pa. 2016) (*citing Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803); *see also Cosoff v. Rodman (In re W.T. Granto Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *World Health Atls.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) ("'[T]he court does not have to be convinced that the settlement is the best possible compromise.'…Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (citations omitted).

34.    In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromised proposal."  *Id.* at 393.  In

striking this balance, courts should consider four (4) factors: "i) the probability of success in the litigation; ii) the likely difficulties in collection; iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and iv) the paramount interest of the creditors." *Id.* (citation omitted).

35.    Each of these factors weighs in favor of granting the Motion.

36.    Although each of the Parties believe their respective positions are asserted in good faith, they also recognize that there are no guarantees in litigation.  Without settlement, this dispute will require extensive litigation to resolve.

37.    The factor relating to difficulties in collection does not apply here as the Proceeds will be distributed from an escrow account held by the Trustee.

38.    The Parties agree that a contested resolution of the Parties' disagreements would be both extremely expensive and time consuming.  The Trustee recognizes that Servpro asserted crossclaims against the Trustee and has raised defenses to the Trustee's crossclaims against Servpro, and that such counterclaims would be subject to expensive discovery and dispositive motions.   The Trustee believes that pursuing litigation will result in significant expenses to the Estates.

39.    Finally, the fourth factor focuses on the fairness of the proposed agreement to those creditors uninvolved in the Settlement Agreement's execution, rather than just the creditors in general.  *In re Nortel Networks, Inc.*, 522 B.R. 491, 512-13 (Bankr. D. Del. 2014).  In the Trustee's business judgment, this settlement represents the best results for all creditors.  The settlement results in an increase in assets available for distribution without expenditure of further assets on litigation costs with the risk of receiving less recovery from the Proceeds.  It is in the

best interests of all of the Estates' creditors to settle this dispute in accordance with the Settlement Agreement.

40.     In light of the uncertainty and delay that would ensue with further litigation, the Trustee believes that a settlement pursuant to the Settlement Agreement serves the paramount interests of the Estates and their creditors.

41.     Based upon the foregoing, the Trustee respectfully submits that the Court should approve the Settlement Agreement sections 105(a) and 704(a) of the Bankruptcy Code and Bankruptcy Rule 9019, as being in the best interests of the Estates, their creditors, and other parties in interest, and authorize the Trustee to take any and all actions necessary to implement the Settlement Agreement.

## <u>NOTICE</u>

42.     The Trustee is providing notice of this Motion to: (i) the United States Trustee; (ii) counsel to Affiliated FM and Servpro; and (iii) parties requesting notice pursuant to Bankruptcy Rule 2002.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) approving the Settlement Agreement attached as **Exhibit 1** to the Proposed Order; (ii) authorizing the Trustee to take any and all actions necessary to effectuate the Settlement Agreement; and (iii) granting such further relief as may be just and proper.

Dated: January 28, 2020
      Wilmington, Delaware

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

_____/s/ Kevin M. Capuzzi_____
Jennifer R. Hoover (No. 5111)
Kevin M. Capuzzi (No. 5462)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com

*Counsel for George L. Miller,*
*Chapter 7 Trustee*