# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>J & M SALES INC., *et al.*<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 18-11801 (JTD)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in His Capacity as Chapter 7 Trustee for the Jointly Administered Bankruptcy Estates of J & M Sales Inc., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FALLAS, Individually And As Trustee Of The Michael Fallas Living Trust Dated 1/19/05, *et al.*,<br><br>Defendants. | Adv. Pro. No. 20-50775 (JTD) |

### PLAINTIFF'S NOTICE OF SETTLEMENT OF AVOIDANCE CLAIMS PURSUANT TO SETTLEMENT PROCEDURES ORDER

George L. Miller, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of J & M Sales, Inc., *et al.* (the "Debtors"), by and through his attorneys, hereby files this Notice of Settlement (the "Notice") pursuant to the *Order Establishing Procedures for Settlement with Defendants in This Adversary Proceeding Pursuant to Bankruptcy Rule 9019(b)* (Adv. D.I. 65) (the "Settlement Procedures Order") entered November 19, 2020, and avers as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

1. On July 30, 2020, the Trustee commenced the above-captioned adversary proceeding, in which the Trustee asserted eleven causes of action against over one hundred and fifty (150) defendants. *See* Adv. D.I. 1 (the "Complaint" or "Compl."). One hundred and seventeen (117) of those defendants – the Conway Sellers (Compl. ¶¶ 63-99), Conway Creditors (Compl. ¶¶ 101-174), Factor Defendants (Compl. ¶¶ 176-180), and Key Bank (Compl. ¶ 182) are only subject to avoidance and recovery of alleged fraudulent transfers as set forth in Claims One and Four (together the "Non-Insider Avoidable Transfer Defendants").

2. The Non-Insider Avoidable Transfer Defendants include the following: Rosenthal & Rosenthal, Inc. ("Rosenthal"), named as a Factor Defendant; and Julius Young Hosiery Inc. ("Julius Young"), iApparel, LLC ("iApparel"), Knitwork Productions II, LLC d/b/a American Attitudes ("Knitwork"), and Simon International Trading Corp. ("Simon"), named as Conway Creditor Defendants.

3. Pursuant to the Settlement Procedures Order, avoidance claims against Non-Insider Avoidable Transfer Defendants for gross transfers of an amount between $250,000 to $500,000 are subject to the following notice procedures:

> The Trustee will be free to consummate settlements in this class in his business judgment by filing a Notice of Settlement with the Court, without further hearing, unless an objection is filed to the Notice of Settlement. The Notice of Settlement may include multiple settlements in one notice, and will provide an objection deadline of ten (10) days from the date of filing the Notice of Settlement. The notice of electronic filing of Notice of Settlement issued through the Court's Electronic Filing System shall constitute adequate and sufficient service of the Notice of Settlement. If an objection is filed, the objecting party and the Trustee shall confer and, should the objection not be resolved, set the objection for hearing at the next regularly-scheduled omnibus hearing.

Settlement Procedures Order, ¶ b.

4. On November 3, 2022, following assorted motion practice and various court orders, the Trustee filed the Second Amended Complaint, which is the current operative complaint in this adversary proceeding. See Adv. D.I. 407 (the "SAC").

5. The SAC alleged that avoidable transfers totaling $396,141.94 were made to Rosenthal (the "Rosenthal Transfers"), which were paid on behalf of Conway Creditors Julius Young, iApparel, Knitwork, and Simon. See SAC, Ex. A at pp. 49-50. Plaintiff asserted claims to avoid and recover the Rosenthal Transfers against Rosenthal (for all Rosenthal Transfers) and against Julius Young, iApparel, Knitwork, and Simon (for the Rosenthal Transfers paid on their behalf).[2]

6. Plaintiff has negotiated the settlement of the Rosenthal Transfer Claims. The proposed settlement provides for $125,000.00 to be paid by Rosenthal in settlement of the Rosenthal Transfer Claims (the "Proposed Settlement").

7. The Proposed Settlement globally resolves Plaintiff's claims against Rosenthal, Julius Young, iApparel, Knitwork, and Simon.

8. Given the total amount of gross transfers which Plaintiff sought to recover from Rosenthal, his claims against Rosenthal are subject to the Notice of Settlement procedures set forth in the Settlement Procedures Order.[3]

9. Plaintiff believes the Proposed Settlement is in the best interest of the creditors, taking into account the efficacy of defenses raised pertaining to the Rosenthal Transfers.

---

[2] These claims are referred to collectively herein as the "Rosenthal Transfer Claims."
[3] Plaintiff sought recovery of gross transfers in an amount less than $250,000 each from Julius Young, iApparel, Knitwork, and Simon. See SAC, Ex. A at pp. 27, 32, 34, 56. As such, the consummation of settlements involving these defendants does not require further leave of court or additional notice. See Settlement Procedures Order, ¶ a. Given the nature of the settlement and the claims against Rosenthal, however, the Proposed Settlement cannot be consummated without the filing of the instant Notice and the resolution of any objections, should any be filed.

Additionally, given the known cost of further pursuing the matter, Plaintiff has determined that the net result to creditors would be greater through the Proposed Settlement than through further litigation.

10. Notice of the Proposed Settlement is hereby provided as required in the Settlement Procedures Order.

11. Absent any objections on or before May 19, 2023, the Proposed Settlement shall be deemed approved without any further action of Plaintiff or the Court.

Dated: May 9, 2023                              **GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (No. 4259)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Phone: (302) 425-5800
Fax: (302) 425-5814
rgellert@gsbblaw.com

-and-

**COREN & RESS, P.C.**
Steven M. Coren, Esq. (pro hac vice)
Benjamin M. Mather, Esq. (pro hac vice)
Janice D. Felix, Esq. (pro hac vice)
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103
Telephone: (215) 735-8700
Facsimile: (215) 735-5170
scoren@kcr-law.com
bmather@kcr-law.com
jfelix@kcr-law.com

*Counsel for Plaintiff*
*George L. Miller, Chapter 7 Trustee*