# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>J & M SALES INC., *et al.*<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 18-11801 (CTG)<br><br>Jointly Administered<br><br>**Obj. Deadline: December 1, 2025 at 4:00 p.m. ET**<br>**Hearing Date: December 8, 2025 at 2:00 p.m. ET** |

### COVER SHEET TO THE FOURTEENTH INTERIM FEE APPLICATION OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR CHAPTER 7 TRUSTEE

| | |
|---|---|
| Name of Applicant: | Benesch, Friedlander, Coplan & Aronoff LLP |
| Authorized to Provide Professional Services to: | George L. Miller, Chapter 7 Trustee |
| Date of Retention: | April 12, 2019, *nunc pro tunc* to February 7, 2019 |
| Period for which Compensation and Reimbursement of Expenses is Sought | Fourteenth Interim Application for the period of November 1, 2024, through October 31, 2025 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Period from November 1, 2024, through October 31, 2025 (the "Fee Period") | $173,717.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period | $365.67 |

This is a ____ monthly __X__ interim ____ final application.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed | Period Covered | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees [100%] | Expenses [100%] |
| First Interim<br>July 30, 2019<br>D.I. 1614 | 2/7/2019-<br>6/30/2019 | $297,361.00 | $3,896.33 | $297,361.00 | $3,896.33 |
| Second Interim<br>November 26, 2019<br>D.I. 1756 | 7/1/2019-<br>10/31/2019 | $388,175.40 | $9,304.53 | $388,175.40 | $9,304.53 |
| Third Interim<br>April 9, 2020<br>D.I. 2272 | 11/1/2019-<br>3/31/2020 | $174,603.50 | $1,980.15 | $174,603.50 | $1,980.15 |
| Fourth Interim<br>August 31, 2020<br>D.I. 2353 | 4/1/2020-<br>7/31/2020 | $103,026.00 | $23,750.51 | $103,026.00 | $23,750.51 |
| Fifth Interim<br>February 3, 2021<br>D.I. 2422 | 8/1/2020-<br>12/31/2020 | $148,992.00 | $24,599.49 | $148,992.00 | $24,599.49 |
| Sixth Interim<br>May 26, 2021<br>D.I. 2472 | 1/1/2021-<br>4/30/2021 | $89,983.50 | $10,263.44 | $89,983.50 | $10,263.44 |
| Seventh Interim<br>October 19, 2021<br>D.I. 2514 | 05/01/2021-<br>09/30/2021 | $152,494.50 | $11,335.80 | $152,494.50 | $11,335.80 |
| Eighth Interim<br>May 31, 2022<br>D.I. 2618 | 10/01/2021-<br>04/30/2022 | $114,544.50 | $19,413.54 | $114,544.50 | $19,413.54 |
| Ninth Interim<br>November 14, 2022<br>D.I. 2660 | 05/01/2022-<br>10/31/2022 | $45,518.50 | $17,023.69 | $45,518.50 | $17,023.69 |
| Tenth Interim<br>May 15, 2023<br>D.I. 2703 | 11/01/2022-<br>04/30/2023 | $25,484.50 | $11,197.07 | $25,484.50 | $11,197.07 |

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| **Date Filed** | **Period Covered** | **Fees** | **Expenses** | **Fees [100%]** | **Expenses [100%]** |
| Eleventh Interim November 8, 2023 D.I. 2733 | 05/01/2023-10/31/2023 | $15,523.50 | $272.65 | $15,523.50 | $272.65 |
| Twelfth Interim July 9, 2024 D.I. 2777 | 11/01/2023-06/30/2024 | $21,018.00 | $12,728.07 | $21,018.00 | $12,728.07 |
| Thirteenth Interim November 22, 2024 D.I. 2798 | 7/1/2024-10/31/2024 | $11,900.50 | $2,074.38 | $11,900.50 | $2,074.38 |
| Total | 02/07/2019-10/31/2024 | $1,588,625.40 | $147,839.65 | $1,588,625.40 | $147,839.65 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>J & M SALES INC., *et al.*<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 18-11801 (CTG)<br><br>Jointly Administered<br><br>**Obj. Deadline: December 1, 2025 at 4:00 p.m. ET**<br>**Hearing Date: December 8, 2025 at 2:00 p.m. ET** |

**FOURTEENTH INTERIM FEE APPLICATION OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR CHAPTER 7 TRUSTEE**

Pursuant to Sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the law firm of Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch") files this *Fourteenth Interim Fee Application for Compensation and Reimbursement of Expenses* (the "Application") as counsel to the Chapter 7 Trustee (the "Trustee"). By this Application, Benesch, as counsel to the Trustee, seeks allowance for: (i) compensation in the amount of $173,717.50, for the reasonable and necessary legal services Benesch rendered to the Trustee from November 1, 2024, through October 31, 2025 (the "Fee Period"); and (ii) reimbursement for the actual and necessary expenses that Benesch incurred in the amount of $365.67, during the Fee Period.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: J & M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924).

## BACKGROUND

1. On August 6, 2018 (the "Petition Date"), debtors J & M Sales Inc., National Stores, Inc., J&M Sales of Texas, LLC, FP Stores, Inc., Southern Island Stores, LLC, Southern Island Retail Stores LLC, Caribbean Island Stores, LLC, Pazzo FNB Corp., Fallas Stores Holdings, Inc., and Pazzo Management LLC (collectively, the "Debtors") commenced these proceedings (the "Bankruptcy Cases") by each filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Pursuant to an Order entered on January 28, 2019 [D.I. 1240], the Court converted the Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code, effective as of February 4, 2019.

3. On February 4, 2019, the U.S. Trustee filed the *Notice to Interim Trustee/Trustee of Selection in an Asset Case*, thereby appointing George L. Miller as the chapter 7 trustee in these cases for the Debtors' estates (collectively, the "Estates") [D.I. 1262].

4. On February 21, 2019, Benesch filed the *Application of George L. Miller, Chapter 7 Trustee for Entry of an Order Authorizing Retention and Employment of Benesch, Friedlander, Coplan & Aronoff LLP as General Bankruptcy Counsel Nunc Pro Tunc to February 7, 2019 Pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014* (the "Retention Application"). [D.I. 1323].

5. An Order was entered on April 12, 2019, approving the Retention Application *nunc pro tunc* to February 7, 2019. [D.I. 1410].

**IDENTITY OF PROFESSIONALS**

6.      In support of the Application, below is a schedule providing certain information regarding the Benesch attorneys and paraprofessionals who rendered professional services in these Bankruptcy Cases on behalf of the Trustee. Attorneys and paraprofessionals of Benesch have expended a total of 222.7 hours in connection with these Bankruptcy Cases during the Fee Period.

**COMPENSATION BY TIMEKEEPER DURING THE FEE PERIOD**

| Name of Professional | Position with the Applicant and Number of Years in that Position | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Kevin M. Capuzzi | Partner since 2019. Member of the DE Bar since 2010. Member of the NJ Bar since 2015. | Litigation and Bankruptcy. | $865.00 | 10.1 | $8,736.50 |
| Jennifer R. Hoover | Partner since 2012. Member of the DE Bar since 2007. Member of the PA and NJ Bars since 2001. | Litigation and Bankruptcy. | $975.00 | 51.7 | $50,407.50 |
| John C. Gentile | Partner since 2025. Member of the DE Bar since 2015. Member of the PA Bar since 2016. Member of the NY Bar since 2024. | Litigation and Bankruptcy. | $810.00 | 5.7 | $4,617.00 |
| Daniel N. Brogan | Partner since 2023. Member of the DE and NJ Bar since 2012. Member of the PA Bar since 2016. | Litigation and Bankruptcy. | $755.00 | 24.6 | $18,573.00 |
| Sven T. Nylen | Partner since 2019. Member of the IL Bar since 2002. | Litigation and Bankruptcy. | $975.00 | 63 | $61,425.00 |
| Mary V. Gilmore | Associate since 2024. Member of the IL Bar since 2022. | Litigation and Bankruptcy. | $560.00 | 9.1 | $5,096.00 |
| LouAnne Molinaro | Paralegal since 2017. | Litigation and Bankruptcy. | $425.00 | 58.5 | $24,862.50 |
| **Grand Total** | | | | 222.7 | 173,717.50 |
| **Blended Rate** | | | **$780.05** | | |

**FEE STATEMENTS**

7. Benesch has advised, and continues to advise, the Trustee with respect to legal matters in connection with the administration of the Estates since the conversion of these Bankruptcy Cases to Chapter 7.  In connection with the foregoing, Benesch has expended substantial time and effort during the Fee Period.  Benesch has prepared and/or assisted in the preparation of various motions, applications, orders, and other pleadings, as well as litigating the numerous preference actions on behalf of the Estates.  Benesch routinely communicates with creditors of the estates and other interested parties in connection with the continued administration of these Estates.  Among other contested matters, Benesch has also acted as lead counsel for the Trustee on a number of preference actions, and acts as co-counsel with ASK LLP on numerous other preference actions. In addition, Benesch has continued to work to wind down this estate through the review and objection to administrative claims and related matters and preparation for case closing, including the review and disposal of the Debtors' records.

8. The detailed fee statements for Benesch are submitted to the Court for consideration for which Benesch has performed all necessary professional services as described and narrated in detail in **Exhibit A**.  As referenced in **Exhibit A**, Benesch incurred $173,717.50 in fees during the Fee Period.  As referenced in **Exhibit B**, Benesch incurred $365.67 in expenses during the Fee Period.

9. These fee statements contain daily time logs describing the time spent by each Benesch attorney and paraprofessional for this period.  To the best of Benesch's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and the Guidelines adopted by the Office of the United States Trustee.

## COMPENSATION BY PROJECT CATEGORY DURING THE FEE PERIOD

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 59.2 | $46,445.00 |
| Firm Retention/Fees | 6.3 | $4,091.00 |
| Other Professional Retention/Fees | 0.2 | $195.00 |
| Use/Adequate Protection/Relief from Stay | 0.4 | $346.00 |
| Asset Disposition/ Sale | 2.7 | $2,038.50 |
| General Claims Matters | 152.2 | $119,538.50 |
| Litigation | 0.2 | $195.00 |
| Preference Actions | 1.5 | $868.50 |
| **Total** | **222.7** | **$173,717.50** |

## SUMMARY OF SERVICES RENDERED

10. The services rendered by Benesch during the Fee Period can be grouped into the categories set forth below. These categories are generally described below, with a more detailed identification of the actual services provided during the Fee Period set forth on **Exhibit A** hereto. These statements contain daily time logs describing the time spent by each attorney and paraprofessional for this period. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

    a.    **Case Administration**

    **Fees:  $46,445.00;    Total Hours: 59.2**

This category includes time expended by Benesch on all matters related to filing and serving of various pleadings, motions, and documents, maintenance of calendars and deadlines, preparation of hearing binders, preparation, filing, and service of agenda related items including Notices of Agenda(s) and COC/CNO binders, maintaining mailing and service lists, drafting status reports, communications with the Court and Court staff, communications regarding general case matters, and substantial actions taken on general case administration matters since the conversion of these Bankruptcy Cases.

    b.    **Firm Retention/Fees**

    **Fees:  $4,091.00;    Total Hours:  6.3**

This category includes time expended by Benesch in connection with Benesch's thirteenth interim fee application in these Bankruptcy Cases. Benesch spent time in this category, among other

things, (i) preparing, filing, and effectuating service of its thirteenth interim fee application, (ii) monitoring the docket for objections to the Benesch thirteenth interim fee application, (iii) preparing the CNO regarding Benesch's thirteenth interim fee application, and (iv) communicating internally and with other interested parties regarding the foregoing.

      c.      **Other Professional Retention/Fees**

      **Fees: $195.00;**      **Total Hours: 0.2**

This category includes time expended by Benesch in connection reviewing the third and final interim fee application of Coren & Ress, P.C. and communicating internally and with other interested parties regarding the foregoing.

      d.      **Use/Adequate Protection/Relief from Stay**

      **Fees: $346.00;**      **Total Hours: 0.4**

This category includes time expended by Benesch with respect to various motions for relief from stay filed in the above-captioned cases. Benesch spent time in this category, among other things, evaluating the various motions for relief from stay and communicating with the Trustee and opposing counsel regarding the foregoing.

      e.      **Asset Disposition/ Sale**

      **Fees: $2,038.50;**      **Total Hours: 2.7**

This category includes time expended by Benesch, among other things, (i) drafting, revising, filing, and effectuating service of the *Motion of Chapter 7 Trustee for Entry of Order Authorizing Abandonment and Destruction of Debtors' Records* [D.I. 2806] (the "Abandonment Motion"); (ii) drafting, revising, and filing a CNO with regard to the Abandonment Motion; and (iii) communicating internally and with other interested parties regarding the foregoing.

      f.      **General Claims Matters**

      **Fees: $119,538.50;**    **Total Hours: 152.2**

This category includes time expended by Benesch with respect to claims against the Debtors. Benesch spent time in this category, among other things, (i) communicating with numerous creditors regarding claims filed against the Debtors; (ii) reviewing, analyzing, and reconciling claims filed against the Debtors; (iii) drafting, revising, finalizing, and filing *Chapter 7 Trustees Objection to (A) Request for Payment of Administrative Expense Claim Filed [Claim No. 1636] and (B) Proof of Claim [Claim No. 1512] by Priority Payment Systems, LLC and Swipe Payment Solutions Inc.* [D.I. 2815] (the "PPS Claim Objection"); (iv) drafting, finalizing, and filing CNO with regard to the PPS Claim Objection; (v) drafting, revising, finalizing, and filing *Chapter 7 Trustees First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rule 3007, and Local Rule 3007-1* [D.I. 2834] (the "First Omnibus Claims Objection"); (vi) drafting, revising, finalizing, and filing *Chapter 7 Trustees Second Omnibus (Non-Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b)*

*and 503(b), Bankruptcy Rule 3007, and Local Rule 3007-1* [D.I. 2835] (the "Second Omnibus Claims Objection," and together with the First Omnibus Claims Objection, the "Omnibus Claims Objections"); (vii) monitoring the docket for objections to the objections to the Omnibus Claims Objections; (viii) communicating with various creditors and the United States Trustee regarding various informal objections to the Omnibus Claims Objections; (ix) drafting, revising, finalizing, and filing COCs with regard to the Omnibus Claims Objections; and (x) communicating internally, with the Trustee, and with other interested parties regarding the foregoing.

      g.    **Litigation**

          **Fees:  $195.00;        Total Hours: 0.2**

This category includes time expended by Benesch with respect to litigation against the Debtors. Benesch spent time in this category, among other things, communicating with plaintiffs in certain litigation filed against the Debtors regarding discovery obligations.

      h.    **Preference Actions**

          **Fees:  $195.00;        Total Hours: 1.5**

This category includes time expended by Benesch in connection with the remaining preference actions pending by the estates. Benesch spent time in this category, among other things, drafting, revising, finalizing, and filing notices of dismissal of certain adversary proceedings.

## EXPENSES INCURRED DURING THE FEE PERIOD

11.    A summary of actual and necessary expenses incurred by Benesch for the Fee Period is attached hereto as **Exhibit B**. All of these disbursements comprise the requested sum for Benesch's out-of-pocket expenses using Benesch's in-house actual cost.

| Expense Category | Service Provider | Total Expense |
|---|---|---|
| Outside Professional Services | Innovative Discovery LLC | $365.67 |
| **Total** | | **$365.67** |

WHEREFORE, Benesch respectfully requests that the Court enter an order, in the form attached hereto as **Exhibit C**, providing that, for the period of November 1, 2024, through October 31, 2025, an allowance be made to Benesch as counsel to the Trustee in the sum of $173,717.50, as compensation for necessary professional services rendered, and the sum of $365.67, for reimbursement of actual and necessary costs and expenses, for a total of $173,717.50 and that such sums be authorized for payment to Benesch, and for such other and further relief as this Court may deem just and proper.

Dated:  November 14, 2024
        Wilmington, Delaware

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

 /s/ *Jennifer R. Hoover*
Jennifer R. Hoover (No. 5111)
Kevin M. Capuzzi (No. 5462)
John C. Gentile (No. 6159)
1313 N. Market St., Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com

*Counsel for George L. Miller*, *Chapter 7 Trustee*